Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

United States law enforcement killed at least 1,176 people in 2022, making it the deadliest year on record for police violence since 2013 when experts first started tracking the killings nationwide. Sam Levin, The Guardian, *'It never stops': killings by US police reach record high in 2022* (Jan. 6, 2023), available at: <https://www.theguardian.com/us-news/2023/jan/06/us-police-killings-record-number-2022>. This case arises from one of those numerous killings, involving the death of SHERRANO STINGLEY, a mentally-ill man who was suffocated and rendered braindead within minutes of being contacted and pinned to the ground by three Sheriff's Deputies employed by the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and Sheriff

SCOTT JONES. Despite the recent high-profile murder of George Floyd in a similar manner, inexplicably, the three deputies choked and smothered the life from SHERRANO STINGLEY, an obviously-distressed, compliant, and non-threatening Black man, as he gasped for air with the three deputies on top of him. SHERRANO STINGLEY's final moments of consciousness consisted of crying out for his daughter, DYMIN STINGLEY, before entering a coma from which he did not awake. SHERRANO STINGLEY's death—like the hundreds of unreasonable and unnecessary law enforcement-involved deaths occurring every year—is devastating for his family and community and another warning of the threat presented by the undisciplined, untrained, and unaccountable law enforcement utilized in this Country.

## JURISDICTION & VENUE

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4.      On December 21, 2022, the ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN submitted a government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq*. (Claim No. L2300075.)

5.      By February 6, 2023, the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT failed or refused to act on the government claim within 45 days after the government claim was presented, pursuant to California Government Code section 912.4.

2

## PARTIES

6.      Plaintiff ESTATE OF SHERRANO STINGLEY appears by and through real-parties-in-interest Plaintiff DYMIN STINGLEY, the biological daughter of SHERRANO STINGLEY, and Plaintiff S.S., the biological son of SHERRANO STINGLEY, who bring this action pursuant to California Code of Civil Procedure section 377.30. Plaintiffs DYMIN STINGLEY and S.S. bring this action as the successors-in-interest on behalf of SHERRANO STINGLEY. Plaintiffs DYMIN STINGLEY and S.S.'s declarations regarding their status as the successors-in-interest to SHERRANO STINGLEY are attached, pursuant to California Code of Civil Procedure section 377.32.

7.      Plaintiff DYMIN STINGLEY is a resident of the State of California, County of Sacramento. Plaintiff DYMIN STINGLEY is the biological daughter of SHERRANO STINGLEY. Plaintiff DYMIN STINGLEY brings this action in a representative capacity, as a successor-in-interest on behalf of SHERRANO STINGLEY; and in an individual capacity, on behalf of herself.

8.      Plaintiff S.S. is a resident of the State of California, County of Sacramento. Plaintiff S.S. is the biological son of SHERRANO STINGLEY. Plaintiff S.S. brings this action in a representative capacity, as a successor-in-interest on behalf of SHERRANO STINGLEY; and in an individual capacity, on behalf of himself.

9.      Plaintiff ANNETTE HILBURN is a resident of the State of California, County of Contra Costa. Plaintiff ANNETTE HILBURN is the biological mother of SHERRANO STINGLEY. Plaintiff ANNETTE HILBURN brings this action in an individual capacity, on behalf of herself.

10.      Defendant COUNTY OF SACRAMENTO is located in the State of California. Defendant COUNTY OF SACRAMENTO is a "public entity," pursuant to California Government Code section 811.2.

11.      Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is located in the State of California, County of Sacramento. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity," pursuant to California Government Code section 811.2.

12.      Defendant SCOTT JONES was, at all times material herein, a law enforcement officer and the Sheriff for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant SCOTT

3

JONES is sued in an individual capacity.

13.     Defendants DOE 1 to 10 are and/or were agents or employees of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, or SCOTT JONES, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 10 are sued by fictitious names and their true and correct identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

14.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

15.     SHERRANO STINGLEY was a 48-year-old Black man and a disabled person who struggled with mental health issues during the course of his life, including diagnosed mental health conditions for which he was prescribed medications.

16.     SHERRANO STINGLEY periodically experienced mental health episodes and issues related to his mental disability.

17.     SHERRANO STINGLEY's mental disability substantially limited major life activities, including the ability to care for himself, concentrate, think, and communicate. For example, SHERRANO STINGLEY's mental disability sometimes caused him to become paranoid, easily confused, defensive, agitated, stressed, fearful, and anxious. SHERRANO STINGLEY sometimes experienced difficulty processing relayed information and verbalizing his own thoughts, feelings, and intentions. SHERRANO STINGLEY was known to act irrationally when exhibiting symptoms of his mental disability.

18.     On December 6, 2022, around 5:15 a.m., SHERRANO STINGLEY was experiencing symptoms of his mental disability, including confusion and paranoia.

19.     SHERRANO STINGLEY was present near the residence of his daughter, DYMIN STINGLEY, located at 7214 Willowwest Court, Sacramento, CA 95828.

20.     SHERRANO STINGLEY was wandering the neighborhood, sometimes without his shoes.

21.     SHERRANO STINGLEY attempted to enter a vehicle which he mistakenly believed to belong to his daughter. SHERRANO STINGLEY had permission to take refuge inside of his daughter's

4

1   vehicle, where he would calm himself when experiencing mental health episodes.

2        22.     SHERRANO STINGLEY also attempted to enter the front door of a residence near his

3   daughter's residence, located in the 7500 block of Whisperwillow Drive, Sacramento, CA 95828.

4        23.     SHERRANO STINGLEY mistakenly believed the residence he was attempting to enter

5   belonged to his daughter when, in fact, his daughter's residence was nearby.

6        24.     Around 5:30 a.m., a person inside of the residence which SHERRANO STINGLEY

7   mistakenly believed belonged to his daughter called 9-1-1 and reported the presence of a suspicious

8   person.

9        25.     Around 5:45 a.m., Defendants DOE 1, DOE 2, and DOE 3, currently-unknown Sheriff's

10   Deputies employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY

11   SHERIFF'S DEPARTMENT, responded to the scene.

12        26.     Defendant DOE 1 was armed with a pistol and a heavy flashlight.

13        27.     Defendant DOE 1 approached the residence on foot, walking up the driveway towards the

14   residence's front door.

15        28.     SHERRANO STINGLEY exited an enclosed gated patio area located near the residence's

16   front door.

17        29.     SHERRANO STINGLEY approached Defendant DOE 1 on the driveway area in front of

18   the residence.

19        30.

20        31.     Defendant DOE 1 asked SHERRANO STINGLEY, "What are you doing?"

21        32.     SHERRANO STINGLEY began to move away from Defendant DOE 1.

22        33.     Defendant DOE 1 pointed his pistol at SHERRANO STINGLEY and commanded, "Show

23   me your hands! Show me your fucking hands!"

24        34.     SHERRANO STINGLEY stopped moving, turned to face Defendant DOE 1, and

25   complied with the command by raising both hands in the air.

26        35.     SHERRANO STINGLEY was unarmed and his pants fell to his ankles, when he raised

27   both of his hands in the air.

28        36.     Defendant DOE 1 approached SHERRANO STINGLEY, grabbed hold of SHERRANO

1   STINGLEY's raised right hand, and forced SHERRANO STINGLEY to his knees.

2       37.   Defendant DOE 1 commanded SHERRANO STINGLEY, "Get on the ground!"

3       38.   SHERRANO STINGLEY complied with the command by sitting down on the ground.

4       39.   Defendant DOE 1 pointed his pistol at SHERRANO STINGLEY's head from inches

5   away.

6       40.   Defendant DOE 1 commanded SHERRANO STINGLEY, "Get on the ground!," even as

7   SHERRANO STINGLEY was already sitting on the ground.

8       41.   SHERRANO STINGLEY stated, "I'm on the ground. I'm on the ground, man. I'm on the

9   ground, man."

10      42.   SHERRANO STINGLEY continued to raise both of his empty hands in the air,

11  demonstrating that he was non-threatening.

12      43.   Defendant DOE 1 grabbed hold of the hoodie sweater which SHERRANO STINGLEY

13  was wearing and pulled the hood over SHERRANO STINGLEY's head and face.

14      44.   SHERRANO STINGLEY became more fearful when Defendant DOE 1 pulled the hood

15  of his sweater over his head and face, blinding him.

16      45.   SHERRANO STINGLEY wrapped his arms around the right leg of Defendant DOE 1.

17      46.   Defendant DOE 1 commanded, "Let me go! Let me go! Let me…"

18      47.   Defendant DOE 1 struck SHERRANO STINGLEY on his head with the butt-end of a

19  heavy flashlight.

20      48.   SHERRANO STINGLEY grunted in pain after being struck with Defendant DOE 1's

21  flashlight and continued to hold onto Defendant DOE 1's leg.

22      49.   Defendant DOE 2 called out, "Turn around!"

23      50.   Defendants DOE 2 and DOE 3 ran to Defendant DOE 1's side.

24      51.   Defendant DOE 2 commanded, "Turn around."

25      52.   Defendant DOE 3 was armed with a taser and commanded, "Turn around, or I'll tase you!

26  Turn around, or you're going to get tased, bro!"

27      53.   Defendants DOE 1, DOE 2, and DOE 3 grabbed hold of SHERRANO STINGLEY.

28      54.   SHERRANO STINGLEY complied with Defendant DOE 2's commands by releasing

hold of Defendant DOE 1's leg, turning around, and lying face-first on the ground.

55.     SHERRANO STINGLEY was lying face-first on the ground.

56.     SHERRANO STINGLEY grunted when Defendants DOE 1 and DOE 2 climbed on top of him.

57.     SHERRANO STINGLEY held his hands on the back of his neck, in a surrendering position.

58.     Defendant DOE 2 commanded, "Get your hands out. Get your hands out. Let go of me. Let go of me, right now."

59.     Defendant DOE 3 pointed a taser at SHERRANO STINGLEY and stated, "Dude, I will tase you right now, bro."

60.     SHERRANO STINGLEY's conduct was non-threatening.

61.     Defendants DOE 1, DOE 2, and DOE 3 knew of should have known that SHERRANO STINGLEY was disabled or experiencing a mental health crisis, and required a reasonable accommodation for disability.

62.     SHERRANO STINGLEY rolled onto his back.

63.     SHERRANO STINGLEY's pants were halfway down his legs, restraining his legs.

64.     SHERRANO STINGLEY continued grunting, demonstrating that he was distressed.

65.     Defendant DOE 2 stated, "Let go of me, right now. Let go of me, right now. Dude, let go of me, right now. Chill out, bro. Okay, guys, work together. Get one arm."

66.     Defendant DOE 1 stated, "I've got legs."

67.     Defendant DOE 3 stated, "You're not going anywhere, dude. Let go of me, okay? You're not going anywhere."

68.     Defendant DOE 2 stated, "Turn his legs around. Everybody to your left—to your right, to your right, to your right."

69.     Defendants DOE 1, DOE 2, and DOE 3 rolled SHERRANO STINGLEY from a position of lying on his back to his stomach, face-down on the ground.

70.     SHERRANO STINGLEY grunted and gasped, as Defendants DOE 1, DOE 2, and DOE 3 rolled him over.

71. SHERRANO STINGLEY's pants remained halfway down his legs, restraining and restricting his movement.

72. Defendant DOE 2 commanded, "Let go!"

73. Defendant DOE 3 commanded, "Let go, right now."

74. Defendant DOE 2 commanded, "Let go!"

75. Defendant DOE 3 commanded, "Let go of my cuff. Let go."

76. Defendant DOE 2 commanded, "Hang on, let's get contact."

77. Defendant DOE 3 deployed a taser against SHERRANO STINGLEY, as he was lying face-down on the ground, with Defendants DOE 1, DOE 2, and DOE 3 on top of him.

78. SHERRANO STINGLEY was grunting and gasping for air.

79. SHERRANO STINGLEY was not resisting, as Defendants DOE 1, DOE 2, and DOE 3 held him to the ground.

80. Defendant DOE 2 asked, "Can you figure-four him, please?"

81. Defendant DOE 1 wrapped SHERRANO STINGLEY's legs in a figure-four configuration and pressed bodyweight against SHERRANO STINGLEY's wrapped legs, holding them in place.

82. Defendant DOE 3 stated, "I'm good. I'm good."

83. Defendant DOE 2 mounted SHERRANO STINGLEY, pressing knees and applying bodyweight on his back.

84. Defendant DOE 3 held SHERRANO STINGLEY's neck and head to the ground.

85. SHERRANO STINGLEY continued grunting and gasping for air, as Defendants DOE 1, DOE 2, and DOE 3 held him to the ground.

86. Defendant DOE 2 stated, "I'm just trying to get… Control his arm. Get hold of the other arm."

87. Defendant DOE 3 responded, "Yeah."

88. Defendant DOE 2 briefly dismounted SHERRANO STINGLEY's back and stated, "Dude, if you don't fucking stop! Give me your hands!"

89. Defendant DOE 2 then jumped back on top of SHERRANO STINGLEY, driving knees and bodyweight into his back.

8

90. Defendant DOE 2 yelled, "Stop resisting!"

91. SHERRANO STINGLEY's shirt was pulled halfway up his torso, covering his face which was being pressed into the ground by Defendant DOE 3.

92. SHERRANO STINGLEY gasped, "I'm not resisting!" but his gasp was muffled by the shirt pulled over his head and the pressure of his head being pinned to the ground by Defendant DOE 3.

93. Defendant DOE 3 pushed SHERRANO STINGLEY's head into the ground with such pressure that the teeth on the right side of his jaw became loose.

94. Defendant DOE 1 stated, "Stop."

95. Defendant DOE 3 stated, "Stop resisting."

96. Defendant DOE 2 swung a closed fist, striking SHERRANO STINGLEY in the back of his head.

97. SHERRANO STINGLEY gasped, after being struck in the back of the head.

98. Defendant DOE 2 stated, "Sorry."

99. Defendant DOE 3 stated, "You're good. You're good."

100. Defendant DOE 2 pulled SHERRANO STINGLEY's arms behind his back.

101. Defendant DOE 2 stated, "Let go of my hand. Stop! Alright, I've got one hand. Hang on."

102. SHERRANO STINGLEY continued gasping for air, struggling to breathe.

103. Defendants DOE 1, DOE 2, and DOE 3 ignored SHERRANO STINGLEY's gasping and signs of his distress, as he struggled to breathe.

104. Defendant DOE 2 stated, "Do not give up that other hand. Get your cuffs on there."

105. Defendant DOE 2 applied a set of handcuffs to SHERRANO STINGLEY's left arm, restraining his arm behind his back.

106. Defendant DOE 1 stated, "You got it?"

107. Defendant DOE 2 stated, "You good?"

108. Defendant DOE 1 stated, "You have it."

109. Defendant DOE 1 commanded, "Put your hand behind your back, dude! Stop!"

110. Defendant DOE 2 stated, "Ready?"

111. Defendant DOE 3 responded, "Yeah."

9

112.   Defendant DOE 2 stated, "Do not bury that hand."

113.   Defendant DOE 1 stated, "Still fighting."

114.   SHERRANO STINGLEY gasped, "Dymin!," the name of his daughter who lived nearby.

115.   Defendant DOE 2 stated, "Let go of my… Hold this cuff. Hold the cuff."

116.   Additional patrol vehicles and personnel arrived at the scene, with sirens activated, including Defendants DOE 4 to 10.

117.   Defendant DOE 1 called out, "Right here!"

118.   Defendant DOE 3 stated, "In between the cars."

119.   Defendant DOE 2 applied a second set of handcuffs to SHERRANO STINGLEY's right arm, restraining both his arms behind his back, and locking the two sets of handcuffs together.

120.   Defendant DOE 1 called out, "We've got him cuffed. We've got him cuffed."

121.   SHERRANO STINGLEY had been held to the ground with pressure applied to his back, neck, and head by Defendants DOE 1, DOE 2, and DOE 3, for approximately two minutes.

122.   SHERRANO STINGLEY did not resist and his breathing and gasps for air had become shorter in duration and weaker.

123.   Defendants DOE 1, DOE 2, and DOE 3 did not deescalate or decrease the amount of force and pressure applied to SHERRANO STINGLEY, relative to his decreased struggle and weakened breathing.

124.   Defendant DOE 2 yelled, "Let go of my shirt! Let go of my shirt! Hey guys, we've got him cuffed! We've got him cuffed! Relax. Let go of my shirt!"

125.   Defendant DOE 3 stated, "Dude, let go."

126.   Defendant DOE 2 stated, "Let go of my shirt. Here we go. Ready?"

127.   Defendant DOE 1 stated, "No, no. I'm not going to let off this."

128.   Defendant DOE 2 stated, "He's going to keep fighting."

129.   Defendant DOE 1 stated, "I got him. I'm not letting off."

130.   SHERRANO STINGLEY was unconscious and had stopped breathing, with Defendants DOE 1, DOE 2, and DOE 3 on top of him, while holding him to the ground, yelling at him, and ignoring his difficulty and struggle to breathe.

10

131.     Defendant DOE 4 approached and asked, "What -- what do you guys got? What do you guys got?"

132.     Defendants DOE 1, DOE 2, and DOE 3 became aware that SHERRANO STINGLEY was no longer gasping and struggling to breathe.

133.     Defendant DOE 2 responded, "We don't even know what we have. He just…"

134.     Defendant DOE 1 stated, "So, we don't know what we have yet."

135.     Defendant DOE 4 responded, "No, no. That's fine. What do you guys need grabbed? What do you guys need grabbed?"

136.     Defendant DOE 2 yelled, "Hey, dude! Relax. You are in cuffs. I need you to stand up. Got it? Why are you freaking out?"

137.     Defendant DOE 1 stated, "But he's just freaking out, right now. I don't want to let up."

138.     Defendant DOE 2 stated, "What is your name?"

139.     Defendant DOE 3 stated, "Dude, what is your name?"

140.     SHERRANO STINGLEY remained unconscious and non-responsive.

141.     Defendants DOE 1, DOE 2, and DOE 3's questions put to SHERRANO STINGLEY and expressed concern that he was "freaking out" were pretextual and performative, where Defendants DOE 1, DOE 2, and DOE 3 knew that SHERRANO STINGLEY was unconscious and non-responsive.

142.     Defendant DOE 2 stated, "We have not searched anything. We have not been able to. His pants pretty much fell down. He's going to fight. Come on dude, we need to be able to search you."

143.     Defendants DOE 5, DOE 6, DOE 7, DOE 8, DOE 9, and DOE 10 arrived on scene and Defendants DOE 1, DOE 2, and DOE 3 dismounted and released their holds on SHERRANO STINGLEY.

144.     SHERRANO STINGLEY's limp and unconscious body was lifted off the ground.

145.     Defendant DOE 2 stated, "Hey! Wake up!"

146.     Defendant DOE 5 radioed, "Code 3. Fire."

147.     Defendant DOE 2 felt SHERRANO STINGLEY for a pulse and stated, "I can't tell. Place him in a recovery position."

148.     Defendant DOE 1 stated, "Off to his side."

11

149.     SHERRANO STINGLEY's unconscious body was placed back on the ground, until fire department personnel arrived and transported him to the hospital.

150.     Defendants DOE 1 to 10 did not provide appropriate or necessary medical attention to SHERRANO STINGLEY, even though they knew or should have known that SHERRANO STINGLEY required immediate medical attention, as they waited for fire department personnel to arrive on scene.

151.     Defendants DOE 1, DOE 2, and DOE 3 failed to utilize appropriate de-escalation and use-of-force techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT policies, procedures, and general orders. For example, Defendants DOE 1, DOE 2, and DOE 3's actions were inconsistent with POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 37 ("People with Disabilities"); Sacramento County Sheriff's Department General Order 2-11 ("Use of Force"); Sacramento County Sheriff's Department Operations Order 7-11 ("Mentally Disturbed Person"); and the Sacramento County Sheriff's Department Field Training Guide.

152.     SHERRANO STINGLEY was rendered comatose and braindead and required life-sustaining equipment to keep his body alive, following the incident.

153.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES required their personnel to create a press release and narrative of the officer-involved death incident which portrayed SHERRANO STINGLEY negatively and involved personnel favorably, and which suggested that the unjustified use of deadly force was justified.

154.     On December 8, 2022, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES published a press release and video related to the incident, <https://www.youtube.com/watch?v=pbCoAwE6W_E>.

155.     The video included prefacing video footage without context and which depicted law enforcement personnel talking with SHERRANO STINGLEY's daughter which was unrelated to the underlying officer-involved assault on SHERRANO STINGLEY.

156.     The body-worn camera footage provided on the video was incomplete and limited to one perspective, that of Defendant DOE 1, despite the presence of multiple other deputies activating their

body-worn cameras during the incident.

157.   The video was accompanied by a press release containing false, incomplete, and irrelevant information. For example:

(a)     The press release falsely described the incident, including that SHERRANO STINGLEY "attempted to bring [Defendant DOE 1] to the ground"; "began to fight all three deputies"; "forcefully and actively resisted"; and "experienced a serious medical emergency while exerting himself during the fight."

(b)     The video purported to provide text captions of SHERRANO STINGLEY and Defendants DOE 1, DOE 2, and DOE 3's statements made during the incident but was missing statements made by SHERRANO STINGLEY as he struggled to breathe with the deputies on top of him, including "I'm not resisting!" and "Dymin!"

(c)     The press release provided information which was irrelevant and unknown to Defendants DOE 1, DOE 2, and DOE 3, at the time they attacked SHERRANO STINGLEY, including: (1) "The suspect in this incident, who has no formal address, was arrested on multiple felony and misdemeanor counts of Attempted Burglary, Resisting Executive Officers, Prowling on Property of Another and Battery of a Peace Officer. Furthermore, he is noted as a Prolific Offender and is on Formal – Searchable Probation until 2024 for Civilian Battery and Vandalism."; and (2) "doctors determined the suspect had cocaine, meth, Tetrahydrocannabinol (THC) and prescription methamphetamine in his system…"

158.   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knew that information contained in the video and press release was false, incomplete, and irrelevant, based on the information available at the time of the press release on December 8, 2022.

159.   On December 16, 2022, SHERRANO STINGLEY died as a result of his injuries.

## POLICY AND CUSTOM ALLEGATIONS

160.   Defendant SCOTT JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, including as it relates to the training, supervision, and discipline of personnel under his

13

command. Sacramento County Sheriff's Department, General Order: "Sheriff's Executive Staff,"
available at: <https://www.sacsheriff.com/pages/transparency.php>. Defendant SCOTT JONES served as
Sheriff from December 2010 to December 2022.

161.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, and SCOTT JONES's policies and training relating to "Arrest and Control (PSP)"
authorize use of a "Confined Space Control Hold Technique," including instructing "Officer moves into
a kneeling prone position on the suspect's back" while the subject "lie[s] in a prone position."
<https://www.sacsheriff.com/pages/transparency.php>.

162.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately
indifferent to the creation and maintenance of an informal policy or custom of inaction and poor training,
including:

(a)    Permitting multiple officers to apply pressure on a subject in order to apply
handcuffs, without regard to the subject's mental state or fitness;

(b)    Failing sufficiently to adopt policies and procedures which prevent or minimize
the risk of positional asphyxia; and

(c)    Failing sufficiently to train officers against the dangers of positional asphyxia for
subjects placed in a prone position.

163.    On November 21, 2019, a 26-year-old subject was arrested by Defendant
SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including deputies Terrence
McDonald, Andrew Neil, David Derouen, Noah Luger, and Matthew Tam. (Report No. 19-416979,
available at: <https://www.sacsheriff.com/pages/sb1421_releases.php>.) Therein, the subject was acting
"erratically," including jumping onto a fire truck and yelling, "help me, I need air." Responding deputies
instructed the subject to lie on the ground, on his stomach, and he complied. The deputies handcuffed the
subject's arms behind his back. The subject continued to move while handcuffed on the ground,
including twisting his upper body from side-to-side. Deputy McDonald "placed [his] right knee in the
middle of the male subject['s] shoulder blades" and told the subject, "My knee is stronger than you, you
cannot get up." Deputy Neil "put [his] knee on [the subject's] lower back directly above his buttocks and

applied [his] body weight," which was "in excess of 250 pounds…" Deputy Derouen applied "upward pressure" to the subject's wrists "to prevent him from lifting his upper body off the ground…" Deputy Luger "put [his] body weight on [the subject's] lower legs…" Deputy Tam "applied a figure four control hold to [the subject's] legs" and then "straightened [the subject's] legs and crossed his legs at his ankles" and "placed [his] legs across the top of [the subject's] legs…" Once the subject's ankles were "secured" with "maximum restraints," Deputy Luger "plac[ed] [a] Taser underneath [the subject's] left shoulder blade" and "delivered a 5 second cycle 'Drive Stun' to [the subject's] back underneath his shoulder blades" and "delivered another 5 second cycle to the same location on [the subject's] back." The subject was "yelling incoherently and rapidly breathing." The subject lost consciousness with the deputies on top of him. "The medical personal noticed the male subject was unresponsive." The deputies dismounted the subject and "removed the handcuffs for medical personal to rendered aid. The male subject regained his consciousness and started breathing on his own." Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed to retrain, discipline, or impose any adverse consequences against the deputies, in response to their use of excessive force against a handcuffed and prone subject who struggled to breathe and lost consciousness. Instead, Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT deemed the deputies' conduct to be within policy.

164.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knew or should have known that a substantial number of contacts had occurred between their personnel and persons wherein force has been applied involved mentally ill and/or substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders, commands, brusk and direct language, and escalating force. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES regularly received calls for assistance with persons undergoing mental health crises and, as a result, officers under their command are on the front lines in dealing with persons with mental health problems, such as SHERRANO STINGLEY.

165.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed to promulgate specific policies and customs and to train

1    officers under their command in the application of necessary policies, including those prescribed by the

2    California POST, Learning Domain 37 ("People with Disabilities"). Defendants COUNTY OF

3    SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed

4    adequately to train officers under their command in critical areas, including, for example:

5           (a)    how and when to call for the assistance of officers or professionals with

6    specialized training in dealing with mental illness, when possible;

7           (b)    how to approach persons suffering from mental disability or substance

8    impairment;

9           (c)    how to speak to persons suffering from a mental disability or substance

10   impairment;

11          (d)    how to interact with persons suffering from mental disability or substance

12   impairment (including using appropriate body language and tone of voice);

13          (e)    how to respect the personal space of persons suffering from mental disability or

14   substance impairment;

15          (f)    how reasonably to accommodate the disabilities of persons suffering from mental

16   disability or substance impairment; and

17          (g)    how to de-escalate, without use of force, incidents involving persons suffering

18   from mental disability or substance impairment.

19          166.   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

20   DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately

21   indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of

22   unreasonable and excessive force, including:

23          (a)    Application of excessive and unreasonable use-of-force against non-threatening

24   persons;

25          (b)    Providing inadequate training with respect to the use-of-force;

26          (c)    Employing and retaining and inadequately supervising, training, controlling,

27   assigning, and disciplining personnel with dangerous propensities for abusing authority;

28          (d)    Maintaining inadequate procedures for reporting, supervising, investigating,

16

reviewing, disciplining, and controlling misconduct by personnel;

(e)     Failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct—*e.g.*, "slaps on the wrist."

(f)     Announcing that unjustified uses of force are "within policy," including incidents that were later determined in court or implied through settlement to be non-compliant with policy or unlawful;

(g)     Refusing to discipline, terminate, or retrain personnel, where uses-of-force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(h)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(i)     Maintaining a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses of force.

167.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in excessive and unreasonable use-of-force, without meaningful consequence, discipline, or corrective action, in addition to the circumstances in this case, including:

(a)     On May 8, 2017, Mikel McIntyre, an unarmed and mentally-ill Black man, was shot and killed by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including deputies Jeffrey Wright, Ken Becker, and Gabriel Rodriguez. A civil rights lawsuit was filed. *N.M. v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-01830-WBS-KJN. The case was settled pre-trial for $1,725,000. The Sacramento County Inspector General's Office issued an officer-involved shooting review of the incident. <https://inspectorgeneral.saccounty.net/Documents/McIntyre_OIS_Report.pdf>. Therein, the inspector

17

1  general found that the deputies fired an "excessive, unnecessary" number of rounds during the shooting.

2  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

3  and SCOTT JONES retaliated against the inspector general by locking him out of agency offices and jail

4  facilities, in response to the critical report.

5           (b)     On October 21, 2017, Mayco Rodrique was arrested and booked into the

6  Sacramento County Main Jail by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's

7  personnel, including Jarrod Hopeck and Jeffrey Wilson. Deputy Hopeck intentionally twisted and broke

8  Rodrique's arm, during the jail intake process. Rodrique was confined to a "sobering" cell and denied

9  him access to medical staff for 20 minutes, while deputy Hopeck taunted him through a window on the

10 door. The incidents were captured on the jail's cameras. A citizen complaint was filed. Defendant

11 SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "exonerated" deputy Hopeck. (Report No. 17-

12 303197, available at: <https://www.sacsheriff.com/pages/sb1421_releases.php>.) A civil rights lawsuit

13 was filed. *Rodrique v. County of Sacramento*, U.S. District Court, Eastern District of California, Case

14 No. 2:17-cv-02698-WBS-EFB. The case was settled pre-trial for $97,500. Rodrique obtained numerous

15 citizen complaints and dispositions from Defendant SACRAMENTO COUNTY SHERIFF'S

16 DEPARTMENT during discovery in the case.

17 <https://www.sacbee.com/opinion/article238722483.html>. The citizen complaint files revealed

18 Defendant SCOTT JONES was "concealing the violent abuse of inmates by deputies in his jail and

19 allowing the guilty deputies to remain in uniform." For example, Defendant SCOTT JONES overruled a

20 recommendation to discipline a subordinate who was captured on camera using excessive use-of-force;

21 and "exonerated" numerous meritorious citizen complaints against personnel.

22 <https://www.sacbee.com/news/investigations/article238544198.html>.

23         (c)     Paul "Scotte" Pfeifer was a sheriff's deputy employed by Defendants COUNTY

24 OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES.

25 Deputy Pfeifer employed excessive force against persons he encountered on multiple occasions by

26 striking them with a department-issued flashlight. Deputy Pfeifer's assaults were documented and

27 captured on recordings on multiple occasions. Deputy Pfeifer's assaults resulted in multiple lawsuits,

28 each of which Defendant COUNTY OF SACRAMENTO settled for substantial amounts of money paid

to the injured plaintiffs. *Treshchuk v. McGinness*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-00691-MCE-EFB (Deputy Pfeifer struck the plaintiff in her legs multiple times with a flashlight, case settled for $20,000); *Reyes v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2015-00184139-CU-CR-GDS & U.S. District Court, Eastern District of California, Case No. 2:15-cv-02213-JAM-DB (Deputy Pfeifer recorded assaulting the plaintiff in the middle of street, including striking him multiple times with a flashlight, case settled for $200,000); *Donohue v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:15-cv-01488-CKD (Deputy Pfeifer recorded assaulting the plaintiff while he was sitting in the driver's seat of a vehicle, case settled for $150,000); <https://www.sacbee.com/news/investigations/the-public-eye/article107619287.html>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed adequately to supervise, re-train, or discipline deputy Pfeifer following each of the incidents of misconduct and he was retained as an employee.

(d)      Several jury verdicts have been entered against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or their personnel, where excessive and unreasonable force was proven at trial. For example: *Estate of Rose v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-01339-TLN-EFB (jury verdict against two sheriff's deputies who used excessive force when they shot and killed a mentally-ill man inside of his home); *Reese v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-00559-WBS-DB (jury verdict against sheriff's deputy who used excessive force when he shot a man inside of his home upon opening a door in response to the deputy's command); *Jones v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-01349-WBS-GGH (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy or custom of subjecting inmates to excessive force against the County of Sacramento); *Tubbs v. Sacramento County Jail*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00280-LKK-GGH (jury verdict for excessive force and integral participation against four sheriff's deputies);

19

1    *Johnson v. Sacramento County*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-

2    00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).

3           (e)      Numerous settlements have been paid by Defendant COUNTY OF

4    SACRAMENTO, resulting from misconduct by Defendants COUNTY OF SACRAMENTO,

5    SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and/or their personnel,

6    including to settle litigation where excessive and unreasonable force was alleged and may have been

7    proven, if tried. For example: *Flemmings v. County of Sacramento*, U.S. District Court, Eastern District

8    of California, Case No. 2:20-cv-00500-WBS-AC (settlement of action alleging that sheriff's deputies

9    unlawfully pulled-over the plaintiff's vehicle, pulled him from the vehicle, and slammed and pinned him

10   face-first onto the roadway); *Soto v. County of Sacramento*, E.D. Cal. Case No. 2:19-cv-00910-TLN-DB

11   (settlement of action alleging a sheriff's deputy ignored an injured inmate's requests for medical

12   assistance, hog-tied his arms and legs, and left him to die on the floor of a holding cell); *Mitchell v.

13   County of Sacramento*, E.D. Cal. Case No. 2:18-cv-03252-WBS-EFB (settlement of action alleging a

14   sheriff's deputy slammed the plaintiff's head against a wall causing a concussion, breaking a tooth, and

15   splitting her lip); *Dunn v. County of Sacramento*, U.S. District Court, Eastern District of California, Case

16   No. 2:18-cv-02425-JAM-CKD (settlement of action alleging that two sheriff's deputies unlawfully

17   pulled-over the plaintiff's vehicle, pulled her from the vehicle, struck her in the face several times with

18   fists and a flashlight, and broken her arm); *Arispe v. County of Sacramento*, U.S. District Court, Eastern

19   District of California, Case No. 2:18-cv-02017-JAM-AC (settlement of action alleging that a sheriff's

20   deputy "immediately opened fire" when responding to a mental health emergency call, killing the

21   mentally-ill subject); *Reynolds v. County of Sacramento*, U.S. District Court, Eastern District of

22   California, Case No. 2:18-cv-01150-TLN-KJN (settlement of action alleging that several sheriff's

23   deputies falsely arrested and "paraded" the handcuffed plaintiffs before releasing them without charges);

24   *Rivera v. Cater*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-00056-WBS-EFB

25   (settlement of action where two sheriff's deputies shot numerous times and killed a non-threatening,

26   mentally-ill man suspected of burglary); *Abbott v. County of Sacramento*, U.S. District Court, Eastern

27   District of California, Case No. 2:17-cv-02698-WBS-EFB (settlement of action alleging that a sheriff's

28   deputy broke the plaintiff's foot and sprained his wrist during jail booking); *Augustine v. County of*

*Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02605-WBS-AC

(settlement of action alleging that sheriff's deputies shot and killed a non-threatening 17-year-old boy

suffering from an episode of mental-illness); *Ennis v. County of Sacramento*, U.S. District Court, Eastern

District of California, Case No. 2:17-cv-02052-KJM-EFB (settlement of action alleging that a sheriff's

deputy broke the plaintiff's left wrist, after the plaintiff had specifically warned the sheriff's deputy that

her wrist had been previously injured); *Williams v. County of Sacramento*, U.S. District Court, Eastern

District of California, Case No. 2:17-cv-01726-JAM-EFB (settlement of action alleging that two sheriff's

deputies falsely arrested and employed excessive force against the plaintiffs); *Cain v. City of

Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-00848-JAM-DB

(settlement of action alleging that a sheriff's deputies held the injured plaintiff face-down on the ground

while forcibly stripping and verbally abusing him); *McCormack v. County of Sacramento*, U.S. District

Court, Eastern District of California, Case No. 2:16-cv-01303-WBS-AC (settlement of action alleging

that a sheriff's deputy slammed the plaintiff's head into a wall); *DeVard v. County of Sacramento*, U.S.

District Court, Eastern District of California, Case No. 2:16-cv-00159-JAM-CKD (settlement of action

alleging that a sheriff's deputy was captured on a surveillance camera punching the plaintiff in his face

and slammed him into a patrol vehicle); *Shannon v. County of Sacramento*, E.D. Cal. Case No. 2:15-cv-

00967-KJM-DB (settlement of action alleging excessive use of force by two sheriff's deputies who shot

and killed a man carrying airsoft replica weapons); *Aviña-Luna v. County of Sacramento*, U.S. District

Court, Eastern District of California, Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging

that a sheriff's deputy broke the plaintiff's right arm while applying arm-hold); *Salinas v. County of

Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2013-00152323

(settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying arm-

hold); *Lundell v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No.

2:12-cv-02832-MCE-AC (settlement of action alleging that a sheriff's deputy broke the plaintiff's right

arm while applying handcuffs); *Harmon v. County of Sacramento*, U.S. District Court, Eastern District of

California, Case No. 2:12-cv-02758-TLN-AC (settlement of action alleging that sheriff's deputies shot a

non-threatening man with a taser then fired 18 gunshots causing his death); *Gonsalves v. County of

Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-02506-WBS-DAD

21

(settlement of action alleging that a sheriff's detective went to the plaintiff's home and "sucker-punched" him, "without any provocation or warning"); *Abdallah v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-00625-MCE-KJN (settlement of action alleging that five sheriff's deputies beat the plaintiff into unconsciousness, causing a lacerated liver, multiple cracked ribs, a broken nose, and facial lacerations); *Duran v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's deputy broke the plaintiff's left arm while applying arm-hold); *Jaquez v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:10-cv-01040-MCE-DAD (settlement of action alleging that sheriff's deputies beat the plaintiff, causing a fractured right elbow and leaving a boot-imprint on his face).

168.    Defendant SCOTT JONES has demonstrated a policy or custom of inadequately training, supervising, and disciplining his personnel. <https://d3n8a8pro7vhmx.cloudfront.net/inciteinsight/pages/9/attachments/original/1477460704/Scott_Jones_Research_Report.pdf?1477460704> (Defendant SCOTT JONES's "Research Book" detailing history of misconduct); <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/> (Defendant SCOTT JONES "logged the most jail deaths the same year he stopped telling the media about them"); <https://www.thedailybeast.com/scott-jones-mini-trump-sheriff-and-accused-sexual-harasser-behind-netflix-series-jailbirds> (Defendant SCOTT JONES's alleged involvement with sexual-harassment accusations, a Southern Poverty Law Center-monitored "hate group," and several lawsuits by human rights groups); <https://www.sacbee.com/opinion/article238722483.html> (Defendant SCOTT JONES's lack of transparency related to complaints against his department and officers and failure to reprimand personnel for violations of policy and law); *Faison v. Jones*, U.S. District Court, Eastern District of California, Case No. 2:19-cv-00182-TLN-KJN (Defendant SCOTT JONES subject to prohibitory injunction for violating First Amendment rights of leaders of the Black Lives Matter Sacramento organization).

169.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES violated Senate Bill 1421, a state law requiring disclosure of documents about misconduct or significant force by personnel. *See* Cal. Pen. Code § 832.7. Media

organizations were forced to sue Defendants COUNTY OF SACRAMENTO, SACRAMENTO

COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES, in order to compel compliance with state

law. <https://ktla.com/news/local-news/sacramento-l-a-times-sue-sacramento-county-sheriffs-

department-over-release-of-deputy-misconduct-records/>. As a result, Defendant SACRAMENTO

COUNTY SHERIFF'S DEPARTMENT was ordered to "pay more than $100,000 in legal fees to The

Sacramento Bee and the Los Angeles Times in its court fight to hold onto deputies' discipline records…"

<https://amp.sacbee.com/article235968547.html>.

170.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

DEPARTMENT, and SCOTT JONES unreasonably delay investigation and administrative findings in

officer-involved incidents of personnel, including in some cases for several years. For example,

Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's backlog of investigations is

greater than one and one-half years. An incident of alleged misconduct occurring on April 27, 2016,

remains pending and "In Progress." <https://www.sacsheriff.com/pages/sb1421_releases.php>.

Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

and SCOTT JONES's failure timely to investigate and render findings in officer-involved incidents

constitutes a violation of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's own

policies and procedures, renders any determination of officer culpability ineffective due to the period of

time between when the incident occurred and when discipline or corrective action can be taken, and

perpetuates a culture of impunity and unaccountability.

171.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

DEPARTMENT, and SCOTT JONES were or should have been on notice regarding the need to

discontinue, modify, or implement new and different versions of the deficient policies or customs

because the inadequacies were so obvious and likely to result in violations of rights of persons coming

into contact with their subordinates.

172.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

DEPARTMENT, and SCOTT JONES were aware of numerous incidents of their personnel's excessive

and unreasonable uses-of-force, including those incidents identified above, but repeatedly refused or

failed to take appropriate corrective action, including discipline, re-training, and/or implementation of

23

COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

changes to policies or procedures.

173.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES expressly and impliedly condoned their personnel's excessive and unreasonable uses-of-force, including by turning-a-blind-eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity and "get away with anything."

174.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policies and customs, including the insufficient training, supervision, or control of their personnel, was a moving force behind and contributed to the use of unreasonable and excessive force against SHERRANO STINGLEY.

## FIRST CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

175.     Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3.

176.     The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

177.     Defendants DOE 1, DOE 2, and DOE 3 used unreasonable and excessive force against SHERRANO STINGLEY, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

178.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction resulting in harm to SHERRANO STINGLEY, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

24

179.    Defendants SCOTT JONES, DOE 1, DOE 2, and DOE 3's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

180.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants SCOTT JONES, DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**SECOND CLAIM**

**Denial of Medical Care**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

181.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants DOE 1 to 10.

182.    The allegations of the preceding paragraphs 1 to 158 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

183.    Defendants DOE 1 to 10 failed to provide SHERRANO STINGLEY with reasonable medical care, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

184.    Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

185.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder

appears.

## THIRD CLAIM

### Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

186.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

187.    The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

188.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT receive federal financial assistance. SHERRANO STINGLEY had a mental impairment that substantially limited one or more major life activities, at all times material herein.

189.    Defendants DOE 1, DOE 2, and DOE 3 failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonably accommodated was available, including, among other actions, by approaching SHERRANO STINGLEY in a non-confrontational manner, without displaying or threatening the use of force; by speaking to SHERRANO STINGLEY in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; by interacting with SHERRANO STINGLEY in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

190.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation

26

was available, including through the promulgation and implementation of appropriate policies and customs which prepared officers under their command how to approach such persons; how to speak to such persons; how to interact with such persons, including using appropriate body language and tone of voice; how to respect the personal space of such persons; and/or how to deescalate, without use of force, incidents involving such persons, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

191.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and nominal damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**FOURTH CLAIM**

**Americans with Disabilities Act**

**(42 U.S.C. § 12101, *et seq*.)**

192.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

193.    The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

194.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. SHERRANO STINGLEY had a mental impairment that substantially limited one or more major life activities, at all times material herein.

195.    Defendants DOE 1, DOE 2, and DOE 3 failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonably accommodated was available, including, among other

27

actions, by approaching SHERRANO STINGLEY in a non-confrontational manner, without displaying or threatening the use of force; by speaking to SHERRANO STINGLEY in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; by interacting with SHERRANO STINGLEY in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

196.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs which prepared officers under their command how to approach such persons; how to speak to such persons; how to interact with such persons, including using appropriate body language and tone of voice; how to respect the personal space of such persons; and/or how to deescalate, without use of force, incidents involving such persons, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

197.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and nominal damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

### FIFTH CLAIM

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

198.    Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN assert this Claim against

28

1  Plaintiff ESTATE OF SHERRANO STINGLEY asserts this Claim against Defendants COUNTY OF

2  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE

3  1 to 10.

4      199.    The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the

5  extent relevant and as if fully set forth in this Claim.

6      200.    Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN shared a close

7  relationship and special bond with SHERRANO STINGLEY, which included deep attachments,

8  commitments, and distinctively personal aspects of their lives and was typical of a close familial

9  relationship, prior to the death of SHERRANO STINGLEY.

10     201.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

11 DEPARTMENT, SCOTT JONES, and DOE 1 to 10 caused termination of and interference with

12 Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN's familial relationship with

13 SHERRANO STINGLEY, in the violation of the Fourteenth Amendment to the U.S. Constitution.

14     202.    Defendants SCOTT JONES and DOE 1 to 10's actions and inactions were motivated by

15 evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively

16 done.

17     203.    Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN were injured as a direct

18 and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY

19 SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10's actions and inactions, entitling them

20 to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO

21 COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages

22 against Defendants SCOTT JONES and DOE 1 to 10.

23     WHEREFORE, Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN pray for relief

24 as hereunder appears.

25                          **SIXTH CLAIM**

26              **Unwarranted Interference with Familial Association**

27                  **(U.S. Const. Amend. I; 42 U.S.C. § 1983)**

28     204.    Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN assert this Claim against

29

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Plaintiff ESTATE OF SHERRANO STINGLEY asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

205.   The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

206.   Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN shared a close relationship and special bond with SHERRANO STINGLEY, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of SHERRANO STINGLEY.

207.   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10 caused termination of and interference with Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN's familial relationship with SHERRANO STINGLEY, in the violation of the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

208.   Defendants SCOTT JONES and DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

209.   Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN were injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

WHEREFORE, Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN pray for relief as hereunder appears.

/ / /

/ / /

/ / /

## SEVENTH CLAIM

### Excessive Force

### (Cal. Const. Art. I § 13)

210.     Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3.

211.     The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

212.     Defendants DOE 1, DOE 2, and DOE 3 used unreasonable and excessive force against SHERRANO STINGLEY, in violation of Article I, Section 13 of the California Constitution,

213.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction resulting in harm to SHERRANO STINGLEY, in violation of Article I, Section 13 of the California Constitution,

214.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, DOE 1, DOE 2, and DOE 3.

215.     Defendants SCOTT JONES, DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

216.     SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants SCOTT JONES, DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder

31

appears.

## EIGHTH CLAIM

### Denial of Medical Care

### (Cal. Const. Art. I § 13)

217.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

218.    The allegations of the preceding paragraphs 1 to 158 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

219.    Defendants DOE 1 to 10 failed to provide SHERRANO STINGLEY with reasonable medical care, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

220.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

221.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

222.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

## NINTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

223.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil

32

Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

224.    The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

225.    Defendants DOE 1, DOE 2, and DOE 3 used unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

226.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction resulting in harm to SHERRANO STINGLEY, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Denial of Medical Care

227.    Defendants DOE 1 to 10 failed to provide SHERRANO STINGLEY with reasonable medical care, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

228.    Defendants DOE 1, DOE 2, and DOE 3 failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonably accommodated was available, including, among other actions, by approaching SHERRANO STINGLEY in a non-confrontational manner, without displaying or threatening the use of force; by speaking to SHERRANO STINGLEY in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; by interacting with SHERRANO STINGLEY in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et*

33

*seq.*

229.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs which prepared officers under their command how to approach such persons; how to speak to such persons; how to interact with such persons, including using appropriate body language and tone of voice; how to respect the personal space of such persons; and/or how to deescalate, without use of force, incidents involving such persons, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

<u>Common Allegations</u>

230.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1 to 10.

231.    Defendants SCOTT JONES and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

232.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

## TENTH CLAIM

### Assault / Battery

233.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

234.    The allegations of the preceding paragraphs 1 to 158 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

235.    Defendants DOE 1, DOE 2, and DOE 3 used unreasonable and excessive force against SHERRANO STINGLEY.

236.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1, DOE 2, and DOE 3.

237.    Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

238.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Intentional Infliction of Emotional Distress

239.    Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

240.    The allegations of the preceding paragraphs 1 to 158 are realleged and incorporated, to the

35

extent relevant and as if fully set forth in this Claim.

241. Defendants DOE 1, DOE 2, and DOE 3 engaged in outrageous conduct, with intent or reckless disregard of the probability that SHERRANO STINGLEY would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, by using unreasonable and excessive force against SHERRANO STINGLEY.

242. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1, DOE 2, and DOE 3.

243. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

244. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

## TWELFTH CLAIM

### Negligence

245. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

246. The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

247. Defendants DOE 1, DOE 2, and DOE 3 owed SHERRANO STINGLEY a duty of care and breached that duty, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against SHERRANO STINGLEY; by failing reasonably to

36

accommodate SHERRANO STINGLEY's disability; and by using excessive force against SHERRANO STINGLEY.

248.    Defendants DOE 1 to 10 owed SHERRANO STINGLEY a duty of care and breached that duty, including, among other actions, by failing to provide SHERRANO STINGLEY with reasonable medical care.

249.    Defendant SCOTT JONES had a special relationship with Defendants DOE 1, DOE 2, and DOE 3, and owed SHERRANO STINGLEY a duty of care and breached that duty including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to SHERRANO STINGLEY.

250.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1 to 10.

251.    Defendants SCOTT JONES and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

252.    SHERRANO STINGLEY was injured as a direct and proximate result of Defendants SCOTT JONES and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

### THIRTEENTH CLAIM

**Wrongful Death**

**(Cal. Code Civ. Proc. § 377.60)**

253.    Plaintiffs DYMIN STINGLEY and S.S. assert this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

37

DOE 1 to 10.

254.   The allegations of the preceding paragraphs 1 to 174 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

255.   Defendants DOE 1, DOE 2, and DOE 3 caused SHERRANO STINGLEY's death by wrongful acts and neglect, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against SHERRANO STINGLEY; by failing reasonably to accommodate SHERRANO STINGLEY's disability; and by using of excessive force against SHERRANO STINGLEY.

256.   Defendants DOE 1 to 10 caused SHERRANO STINGLEY's death by wrongful acts and neglect, including, among other actions, by failing to provide SHERRANO STINGLEY with reasonable medical care.

257.   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES caused SHERRANO STINGLEY's death by wrongful acts and neglect, including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to SHERRANO STINGLEY.

258.   Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1 to 10.

259.   Defendants SCOTT JONES and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

260.   SHERRANO STINGLEY died as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10's actions and inactions, entitling Plaintiffs DYMIN STINGLEY and S.S. to receive compensatory damages and expenses against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

38

WHEREFORE, Plaintiffs DYMIN STINGLEY and S.S. pray for relief as hereunder appears.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN seeks Judgment as follows:

1.      For an award of compensatory, general, special, and nominal damages (including survival/loss-of-life damages and wrongful death damages under federal and state law) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, in excess of $20,000,000, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants SCOTT JONES and DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to California Civil Code section 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to title 42, United States Code section 1988; title 29, United States Code section 794; title 42, United States Code section 12205; California Civil Code section 52.1; California Code of Civil Procedure section 1021.5; and any other statute as may be applicable;

6.      For interest; and

/ / /

/ / /

/ / /

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: February 9, 2023                           Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF SHERRANO STINGLEY,
    DYMIN STINGLEY, S.S.,
    and ANNETTE HILBURN

40

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN.

Dated: February 9, 2023

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

41