**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Suli A. Mastorakos, SBN 330383
smastorakos@porterscott.com
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and
SCOTT JONES
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGELY, S.S., and ANNETTE HILBURN, | CASE NO.  2:23-cv-00255-TLN-AC |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT** |
| v. | |
| COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, | Date:          May 4, 2023<br>Time:          2:00 p.m.<br>Courtroom:   2, 15th floor<br>Judge:         Hon. Troy L. Nunley |
| Defendants. | Complaint Filed:  02/09/2023 |

# Table of Contents

I.   INTRODUCTION ..................................................................................................1

II.  ALLEGATIONS IN PLAINTIFFS' COMPLAINT ...........................................2

    A.   GENERAL ALLEGATIONS. .................................................................2

    B.   ALLEGATIONS AGAINST JONES. ......................................................3

    C.   *MONELL*-TYPE ALLEGATIONS ASSERTED AGAINST ALL
       DEFENDANTS. ........................................................................................3

III. MOTION TO DISMISS ........................................................................................5

    A.   LEGAL STANDARD ...............................................................................5

    B.   PLAINTIFFS' COMPLAINT FAILS TO PLEAD FACTS
       SUFFICIENT TO STATE A CLAIM AGAINST FORMER
       SHERIFF SCOTT JONES .......................................................................5

       1.   Plaintiffs Conflate "Individual Capacity" and "Official
           Capacity" Claims. ........................................................................5

       2.   Plaintiffs' Claims Asserted Against Jones Fail Because
           the Allegations Lack the Presumption of Truth And/or
           Are Subsumed/Redundant to the Claims Asserted Against
           the County/Sheriff's Department. .................................................6

    C.   PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS
       SUFFICIENT TO STATE A MONELL-TYPE CLAIM
       AGAINST THE COUNTY/SHERIFF'S DEPARTMENT ...................7

       1.   Plaintiffs' Allegations Do Not Identify a Deficient Policy
           or Custom Sufficient to Establish *Monell* Liability. ...................8

       2.   The Complaint Alleges No Facts Showing That Using
           Unreasonable Force is Standard Operating Procedure in
           the County of Sacramento. ..........................................................10

    D.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM
       UPON WHICH RELIEF CAN BE GRANTED AS TO
       PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF
       FOR VIOLATION OF § 794 OF THE REHABILITATION
       ACT AND THE AMERICANS WITH DISABILITIES ACT
       ("ADA").....................................................................................................11

       1.   Plaintiffs Cannot Establish That Defendants Failed to
           Accommodate Any Alleged Disability, Nor Intentionally
           Discriminated Against Decedent Based on An Alleged
           Disability......................................................................................12

ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

E. PLAINTIFFS' SEVENTH AND EIGHTH CAUSES OF ACTION ASSERTED UNDER ARTICLE I, SECTION 13 OF THE CALIFORNIA CONSTITUTION MUST BE DISMISSED BECAUSE ARTICLE I, SECTION 13 DOES NOT CONFER A PRIVATE CAUSE OF ACTION FOR DAMAGES ..........................................................13

  1. The *Katzberg* Factors. ..........................................................14

  2. *Katzberg* Does Not Support a Direct Cause of Action for Damages Under California Constitution Article I, Section 13..........................................................14

IV. MOTION TO STRIKE ..........................................................15

 A. THE COURT SHOULD STRIKE THE PARAGRAPHS "INTRODUCTION", 163, 167(A)–(E), AND 168–70 OF THE COMPLAINT ..........................................................15

V. CONCLUSION..........................................................17

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

# Table of Authorities

Page(s)

Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 5, 7, 9, 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................... 5

*Collings v. Longview Fibre Co.*,
    63 F.3d 828 ...................................................................................................................... 12

*Connick v. Thompson*,
    563 US 51 (2011) ........................................................................................................ 10, 16

*Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*,
    533 F.3d 780 (9th Cir. 2008) ........................................................................................... 6, 7

*Davis v. City of Ellensburg*,
    869 F.3d 1230 (9th Cir. 1989) ........................................................................................... 11

*Duvall v. County of Kitsap*,
    260 F.3d 1124 (9th Cir. 2001) ........................................................................................... 11

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) ........................................................................................... 15

*Gillette v. Delmore*,
    979 F.2d 1342 (9th Cir. 1992) .......................................................................................... 8, 9

*Harris v. Cnty. of Orange*,
    682 F.3d 1126 (9th Cir. 2012) .......................................................................................... 5, 7

*Hearns v. San Bernardino Police Dept.*,
    530 F.3d 1124 (9th Cir. 2008) ........................................................................................... 16

*Katzberg*,
    29 Cal. 4th ........................................................................................................................ 14

*Kentucky v. Graham*,
    473 U.S. 159 (1985) ............................................................................................................ 6

*LeDuc v. Kentucky Central Life Ins. Co.*,
    814 F.Supp. 820 (N.D. Cal. 1992) ..................................................................................... 15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

*Leon v. City of Merced*,
   2015 WL 135904 (E.D. Cal. 2015)..............................................................................14

*Libby*,
   2021 WL 1966355 ................................................................................................9, 14

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996)..................................................................................16

*Monell v. Dept of Soc. Servs.*,
   436 U.S. 658 (1978)...............................................................................................7, 8

*Nishimoto v. County of San Diego*,
   NO. 3:16-cv-01974-BEN-JAM, 2016 WL 8737349 at pg.  (S.D. Cal. Nov. 4, 2016) ........................10

*Papisan v. Allain*,
   478 U.S. 265 (1986)................................................................................................5, 7

*Pareto v. FDIC*,
   139 F.3d 696 (9th Cir. 1998) ...................................................................................5, 7

*Parkison v. Butte Cty. Sheriff's Dep't*,
   No. 2:09-CV-2257-MCE-DAD, 2013 WL 1007042 (E.D. Cal. Mar. 13, 2013)................................17

*Rosenbaum v. City of San Jose*,
   No. 20-CV-04777-LHK, 2021 WL 6092205 (N.D. Cal. Dec. 23, 2021) ...........................11

S–06–1438, 2007 WL 707531 ..............................................................................................16

*Sanchez v. County of Sacramento*,
   Case No. 2:19-cv-01545-MCE-AC, 2021 WL 4066262 (E.D. Cal. Sept. 7, 2021)..............................6

*Sheehan v. City & Cty. of San Francisco*,
   743 F.3d 1211 (9th Cir. 2014) .........................................................................12, 13

*Simmons v. Navajo County, Ariz.*,
   609 F.3d 1011 (9th Cir. 2010) ................................................................................12

*Sliger v. Prospect Mortg., LLC*,
   789 F.Supp.2d 1212 (E.D. Cal. 2011)....................................................................16

*Trevino v. Gates*,
   99 F.3d 911 (9th Cir. 1996) ..........................................................................8, 10, 11

*Venegas v. Sniff*,
   No. 5:18-CV-02293-JLS (SHK), 2020 WL 2574947 (C.D. Cal. Apr. 9, 2020)....................................6

*Vos v. City of Newport Beach*,
   892 F.3d 1024 (9th Cir. 2018) .........................................................................12, 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO
DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

*Young v. City of Visalia*,
  687 F. Supp. 2d 1141 (E.D. Cal. 2009)..................................................................... 8, 9, 10, 11

*Zukle v. Regents of Univ. of Cal.*,
  166 F.3d 1041 (9th Cir. 1999) ......................................................................................... 12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

# I.  **INTRODUCTION**

This action arises out of the arrest and subsequent death of SHERRANO STINGLEY (hereinafter, "Decedent") following a few-minute encounter with Sacramento County Sheriff's Deputies on December 6, 2021. Out of this brief encounter, Plaintiffs' Complaint asserts 13 causes of action, collectively, against Defendants COUNTY OF SACRAMENTO (hereinafter, "County"), Sacramento County Sheriff's Department (hereinafter, "Sheriff's Department"), and former Sheriff SCOTT JONES (hereinafter, "Jones") (collectively, "Defendants"). Plaintiffs assert broad and conclusory allegations against Defendants, generally alleging there was a policy and/or custom of inaction and poor training. In support thereof, Plaintiffs' Complaint references numerous lawsuits, settlements, news articles, and jury verdicts – some dating back to 2006 – involving unrelated and dissimilar matters.  Defendants now move to dismiss Jones as a party and certain other claims for relief.

As to Jones, Plaintiffs sue him in his "individual" capacity.  It is apparent this is done to try and avoid dismissal, as the allegations against him are really *Monell*-type claims.   Plaintiffs conflate principles of individual and official capacity claims, impermissibly seeking to impose liability based on allegations of "official policymaking" acts that are redundant to the claims asserted against the County/Sheriff's Department.  Plaintiffs claims against Jones also fail because the allegations asserted in support thereof do not rise to the level of "plausibility," as they are conclusory and not entitled to the presumption of truth.

Plaintiffs assert *Monell* claims.  Those must be dismissed because the Complaint fails to plead allegations to plausibly suggest there is a policy or custom that was the moving force behind the constitutional violations Plaintiffs allege.  The Complaint also fails to identify the training practices at issue, how those practices were deficient, how those practices caused Decedent's harm, and how the deficiency amounts to deliberate indifference.  Such does not plausibly suggest entitlement to relief, nor does it constitute compliance with the applicable pleading standard for *Monell* claims.

Next, as to Plaintiffs' third and fourth claims for relief for violation of the Rehabilitation Act and American with Disabilities Act, respectively, those claims must be dismissed because Plaintiffs fail to show that Defendants failed to accommodate any alleged disability of the Decedent, nor intentionally discriminated against Decedent based on an alleged disability.  The Complaint is devoid of any facts, as

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

none exist, demonstrating that the deputies had the time and opportunity to assess the situation and potentially employ any accommodations to Decedent.

With respect to Plaintiffs' seventh and eighth state law claims for (1) Excessive Force and (2) Denial of Medical Care, respectively, asserted under Article I, Section 13 of the California Constitution, those claims must be dismissed because Article I, Section 13 does not confer a private cause of action for damages. Further, Plaintiffs have meaningful and numerous alternative remedies – not just to vindicate their rights through injunction or writ relief – but specifically *for damages*.

Finally, Defendants move to strike Plaintiffs' allegations pertaining to the referenced lawsuits, settlements, news articles, and jury verdicts that are so plainly irrelevant on their face, they are clearly included for salacious and improper purposes. These allegations are contained in paragraphs 163, 167(a)–(e), and 168–70. Defendants also move to strike the inflammatory and irrelevant allegations contained in the unnumbered introductory paragraph of the Complaint, referencing a general news article about the number of police "killings" in 2022, as well as comparing the "George Floyd" matter to the instant action.

## II.  ALLEGATIONS IN PLAINTIFFS' COMPLAINT

**A.     GENERAL ALLEGATIONS.**

Plaintiffs allege that on the morning of December 6, 2021, Decedent was experiencing symptoms of a mental disability and was wandering the neighborhood near the area of his daughter's residence in Sacramento, California. (ECF No. 1 at ¶¶ 18-20.) It is alleged Decedent was a disabled person who struggled with mental health (*Id.* at ¶¶ 15-17.) Decedent tried to enter another person's vehicle and residence, mistakenly believing them to belong to his daughter. (*Id.* at ¶¶ 21-23.) The occupant of the residence called 9-1-1. (*Id.* at ¶ 24.) Sacramento County Sheriff's Deputies responded to the residence. (*Id.* at ¶ 25.) When they arrived, they encountered Decedent in the driveway of the residence after he had left the enclosed patio area of the residence. (*Id.* at ¶¶ 25, 27-29.) Deputies tried to interact with Decedent, but he walked away. (*Id.* at ¶¶ 31-32.) Deputies then issued commands for Decedent to raise his arms and get on the ground. (*Id.* at ¶ 33, 37.) It is alleged Decedent sat on the ground. (*Id.* at ¶ 38.) It is further alleged a deputy pulled Decedent's hoodie sweater over Decedent's head. (*Id.* at ¶ 43.)

In response, Decedent grabbed a hold of the deputy's leg. (*Id.* at ¶ 45.) The deputy struck

Decedent with his flashlight, but Decedent would not release the deputy's leg.  (*Id.* at ¶¶ 47-48.)  It is alleged additional commands were given to Decedent to turn around.  (*Id.* at ¶¶ 49, 51.)  The deputy warned Decedent he would be tased if he did not comply. (*Id.* at ¶ 52.)  Decedent rolled onto his back. (*Id.* at ¶ 62.)  The deputy warned Decedent to let go of him.  (*Id.* at ¶¶ 65, 72-75.)  Decedent was rolled onto his stomach, and the deputies attempted to place Decedent in handcuffs. (*Id.* at ¶¶ 65, 68-69, 80-83, 86-89.)  It is alleged Decedent was tased.  (*Id.* at ¶ 77.)  It is also alleged the deputies told Decedent to stop resisting, but that Decedent was not resisting.  (*Id.* at ¶¶ 90, 92, 92-95.)  The deputy struck Decedent on the back of his head.  (*Id.* at ¶ 96.)  Decedent was now holding onto the deputy's hand and continuing to resist.  (*Id.* at ¶¶ 101, 109.)  The deputies were able to handcuff Decedent.  (*Id.* at ¶¶ 115, 119-120.)

Plaintiffs allege Decedent had been held to the ground with pressure applied to his back, neck, and head for approximately two minutes.  (*Id.* at ¶ 121.)  It is further alleged Decedent lost consciousness during the event and was transported to the hospital by fire department personnel which had been called to the scene by law enforcement for a "Code 3 – Fire."  (*Id.* at ¶¶ 130, 140, 146, 149.) Decedent passed away on December 16, 2022.  (*Id.* at ¶159.)

**B.     ALLEGATIONS AGAINST JONES.**

Jones is purportedly being sued in his individual capacity.  (ECF No. 1 at ¶ 12.)  Plaintiffs allege that Jones "was formal policy-making authority for the Defendants County of Sacramento and the Sacramento County Sheriff's Department."  (*Id.* at ¶ 160.)  The specific claims being made against Jones are also asserted against the County/Sheriff's Department.  As the allegations against Jones are also made against the County/Sheriff's Department, they are discussed below in Section C regarding the *Monell*-type allegations.

**C.     *MONELL*-TYPE ALLEGATIONS ASSERTED AGAINST ALL DEFENDANTS.**

It is alleged that Defendants "knowingly participated in, acquiesced to and/or deliberately indifferent to the creation and maintenance of an informal policy or custom of inaction and poor training…" (*Id.* at ¶ 162).  The Complaint referenced an incident on November 21, 2019, in which a suspect struggled to breathe and lost consciousness. (*Id.* at ¶ 163.)  Plaintiffs allege "defendants failed to retrain, discipline, or impose any adverse consequence against the deputies…" (*Id.*)  It is alleged

Defendants "failed to promulgate a specific policies and customs and to train officers under their command in the application of necessary policies including those described by California POST Learning Domain 37 ([]People with Disabilities[])…" (*Id.* at ¶ 165.)

It is further alleged Defendants "knowingly participated in, acquiesce to, and/or were deliberately indifferent to creation and maintenance of a culture permitting or encouraging personnel use of unreasonable and excessive force..." (*Id.* at ¶ 166.) Plaintiffs also allege that Defendants "knowingly participated in, acquiesce to, and/or deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in excessive and unreasonable use of force, without meaningful consequence, discipline, or corrective action." (*Id.* at ¶ 167.) This paragraph, including sub-parts, identifies numerous lawsuits, settlements, news articles, and jury verdicts. (*Id.* at ¶ 167(a) – (e).)

Plaintiffs further allege that Jones "has demonstrated a policy or custom on inadequate training, supervising and disciplining his personnel." (*Id.* at ¶ 168.) The paragraph identifies various articles and references a lawsuit where Jones was subject to a prohibitory injunction for violation for violating the First Amendment. (*Id.*)

Plaintiffs also allege that Defendants violated Senate Bill 1421 requiring disclosure of documents about misconduct or significant force by personnel. (*Id.* at ¶ 169.) It is further alleged that Defendants "unreasonably delay investigation and administrative findings in officer-involved incidents of personnel, including in some cases for several years." (*Id.* at ¶ 170.) The Complaint alleges that Defendants were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because of the inadequacies were so obvious and likely to result in violation of rights of persons coming into contact with their subordinates." (*Id.* at ¶ 171.)

Finally, Plaintiffs allege Defendants "were aware of numerous incidents of their personnel's excessive and unreasonable uses of force including those identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, retraining, and implementation of changes to policies and procedures." (*Id.* at ¶ 172.)

Based on the above allegations, Plaintiffs assert a variety of *Monell*-type claims for relief: First

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

claim – Excessive force (*Id.* at ¶ 178); Third claim – Rehabilitation Act (*Id.* at ¶ 190); Fourth claim – American with Disabilities Act (*Id.* at ¶ 196); Seventh Claim – Excessive force under California law (*Id.* at ¶ 213); Ninth claim – Tom Bane Act (*Id.* at ¶ 226); Thirteenth claim – Wrongful Death (*Id.* at ¶ 257.)

### III.  <u>MOTION TO DISMISS</u>

### A.  LEGAL STANDARD

A complaint must contain a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting Fed. R. Civ. P. 8(a)(2).) A mere recitation of elements that are consistent with a valid theory of recovery is insufficient. *Id.*, at 557. Indeed, the complaint must include "enough factual matter (taken as true) to suggest" a right to relief. *Id.*, at 556. (parentheses in original).  In other words, the complaint must "raise a right to relief above a speculative level," and must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.*, at 555-57.

Further, while factual statements are accepted as true, mere "conclusory allegations of law and unwarranted inferences" are not. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). However, the Court need not accept as true a legal assertion couched as a factual allegation. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)); *see also, Papisan v. Allain*, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677. Where the facts alleged in the complaint are "merely consistent with" a defendant's liability, and permit the court to infer no more than the mere possibility of misconduct, the complaint has failed to satisfy Rule 8, for it has failed to show that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 678-79.

### B.  PLAINTIFFS' COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM AGAINST FORMER SHERIFF SCOTT JONES

#### 1.   Plaintiffs Conflate "Individual Capacity" and "Official Capacity" Claims.

Plaintiffs have sued Scott Jones in his "individual capacity", as a "final  policy-making authority for the Defendants County of Sacramento and the Sacramento County Sheriff's Department."  (ECF No.

1 at ¶¶ 12, 160.)  However, as identified above, Plaintiffs Complaint alleges "official capacity" *Monell*-type claims against Jones based on his alleged position as a "final policy-making authority." Specifically, Plaintiffs set forth an entire section on "Policy and Custom". (See *Id.* at ¶¶ 160-174.)  In those paragraphs, Plaintiffs allege, as to all Defendants, including Jones, that there was  a policy or custom of inaction and poor/insufficient training.  (*Id.* at ¶¶ 162, 165, 166, 167, 168, 171, 174.)  Classifying Jones as the "final policy-making authority" is insufficient to establish liability against him in his "individual capacity."  *See Sanchez v. County of Sacramento*, Case No. 2:19-cv-01545-MCE-AC, 2021 WL 4066262, at * 6 (E.D. Cal. Sept. 7, 2021) (dismissing supervisory liability claim against Scott Jones where Plaintiffs failed to establish a causal relationship between the authority and the alleged unconstitutional conduct).

What is clear is that Plaintiffs are attempting to avoid dismissal by asserting the claims are only against Jones in his "individual capacity", when as a matter of fact and law they are not.  Thus, Jones must be dismissed because such claims are redundant and duplicative where, as here, the local government entity (i.e., County/Sheriff's Department) is also named in the lawsuit and also has identical allegations asserted against it.  *See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *See also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  There is no reason to diverge from the principle articulated in these cases. *See Venegas v. Sniff*, No. 5:18-CV-02293-JLS (SHK), 2020 WL 2574947, at *17 (C.D. Cal. Apr. 9, 2020) (dismissing official capacity claims against individual defendants, including a sheriff, as "duplicative and redundant"), *report and recommendation adopted*, No. 5:18-CV-02293-JLS (SHK), 2020 WL 2572458 (C.D. Cal. May 21, 2020).  Thus, Jones should be dismissed from the Complaint.

### 2. Plaintiffs' Claims Asserted Against Jones Fail Because the Allegations Lack the Presumption of Truth And/or Are Subsumed/Redundant to the Claims Asserted Against the County/Sheriff's Department.

As noted above, Plaintiffs' claims, including state law claims, asserted against Jones are

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO
DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT

1   purportedly supported by *Monell*-type allegations, including conclusory allegations of "policies and

2   customs of action and inaction." (*See* ECF No. 1 at ¶¶ 211, 213, 224, 226, 229, 246, 249, 254, 257.) As

3   argued above, to the extent Plaintiffs seek to impose liability against Jones vicariously based on a

4   *Monell*-theory of liability, these claims fail as they are redundant and duplicative where, as here, the

5   claim is also asserted against the local government entity. *Ctr. for Bio-Ethical Reform, Inc.*, 533 F.3d at

6   799.

7          Further, Plaintiffs make a variety of other conclusory allegations against Jones that are not tied to

8   the elements of the specific claims for relief sought. Those claims fail because the allegations in support

9   thereof are wholly conclusory and not entitled to the presumption of truth. *Pareto*, 139 F.3d at 699;

10  *Iqbal*, 556 U.S. at 677, 678-79. The allegations that Jones acted with evil intent or callous disregard (*see*

11  ECF Nos. 1 at ¶¶ 179, 202, 208) are conclusory, as they are unsupported by any facts and not tethered to

12  any specific claim. Similarly, Plaintiffs' allegations that there was a "special relationship" between

13  Jones and unnamed Doe Defendants (*Id.* at ¶ 249) is nonsensical and not related to any recognized legal

14  theory. Just as important, such an allegation is purely conclusory, and constitutes a legal assertion

15  couched as a factual allegation. *Harris*, 682 F.3d at 1131; *Papisan*, 478 U.S. at 286.

16         Therefore, the claims asserted against Jones must be dismissed.

17  **C.   PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A
18        MONELL-TYPE CLAIM AGAINST THE COUNTY/SHERIFF'S DEPARTMENT**

19         As referenced above, Plaintiffs assert a variety of *Monell*-type claims for relief in the (1) First

20  claim – Excessive Force (ECF No. 1 at ¶ 178); (2) Third claim – Rehabilitation Act (*Id.* at ¶ 190); (3)

21  Fourth claim – American with Disabilities Act (*Id.* at ¶ 196); (4) Seventh Claim – Excessive force under

22  California law (*Id.* at ¶ 213); (5) Ninth claim – Tom Bane Act (*Id.* at ¶ 226); and (6) Thirteenth claim –

23  Wrongful Death (*Id.* at ¶ 257.) These claims fail.

24         There is no *respondeat superior* liability for municipal entities under Section 1983. *Bd. of Bryan*

25  *County v. Brown*, 520, U.S. 397, 403 (1997). In other words, municipal liability must rest on the actions

26  of the municipality, and not the actions of the employees of the municipality. *Monell v. Dept of Soc.*

27  *Servs.*, 436 U.S. 658, 690 (1978). A local government may be held liable under Section 1983 only for

28  constitutional injuries inflicted by edicts or acts that may be fairly said to represent official County

policy or custom. *Id.*, at 694. To state a *Monell*-type claim, a plaintiff must (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) indicate how the deficiency amounts to deliberate indifference, i.e., explain how the deficiency involved was obvious and the constitutional injury likely to occur. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). The custom must be widespread and so permanent and well-settled as to have the force of law. *Gillette v. Delmore*, 979 F.2d 1342, 1348-49 (9th Cir. 1992). It must constitute "standard operating procedure" for the local government entity. *Young*, 687 F. Supp. 2d at 1147-48. Liability for improper custom cannot be based on sporadic events, but must be founded on practice of sufficient duration, frequency, and consistency that the conduct has become a traditional method for carrying out policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

### 1. Plaintiffs' Allegations Do Not Identify a Deficient Policy or Custom Sufficient to Establish *Monell* Liability.

The Complaint does not identify an obviously deficient policy or custom that caused harm to the Decedent. The Complaint instead pleads only legal conclusions: the County/Sheriff's Department "acquiesced to and/or [was] deliberately indifferent to the creation and maintenance of an informal policy or custom of inaction and poor training…" including "[failing] to retrain, discipline, or impose any adverse consequence… and that such was the moving force behind and contributed to the use of unreasonable and excessive force used against Sherrano Stingley.: (ECF No. 1 at ¶¶ 162-163, 174.) It alleges County/Sheriff's Department "failed to promulgate a specific policies and customs and train officers under their command in the application of necessary policies including those described by California POST Learning Domain 37…" (*Id.* at ¶ 165.) It is further alleged the County/Sheriff's Department "knowingly participated in, acquiesce to, and/or were deliberately indifferent to creation and maintenance of a culture…custom…permitting or encouraging personnel use of unreasonable and excessive force…without meaningful consequence, discipline, or corrective action." (*Id.* at ¶¶ 166-167.) It is also alleged the County/Sheriff's Department "were or should have been on notice regarding the need to discontinue, modify, or implement new…versions of the deficient policies…because of the inadequacies were so obvious and likely to result in violation of rights… (*Id.* at ¶ 171.) Lastly, it is alleged the County/Sheriff's Department were aware of numerous incidents of their personnel's

excessive and unreasonable uses of force including those identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, retraining, and implementation of changes to policies and procedures...and expressly and impliedly condoned their personnel's excessive and unreasonable uses of force …"  (*Id.* at ¶ 172.)

These allegations – offering only "labels and conclusions" devoid of "further factual enhancement" – are unadorned "the-defendant-unlawfully-harmed-me" accusations that are insufficient to state a claim.  *Iqbal*, 556 U.S. 678.  Nearly identical allegations have been found insufficient to state plausible claims.  *See Libby*, 2021 WL 1966355 at *3-*4 (allegation of a "policy or custom of action" in which defendants "knowingly participated in, acquiesced to," and/or were "deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force" deemed insufficient to state a claim).  The allegations asserted in the Complaint do not identify the training, hiring, supervisory, and disciplinary practices at issue, how those practices were deficient, and how those practices caused plaintiff's harm.  *Young*, 687 F. Supp. 2d at 1149.

Additionally, the Complaint fails to identify any challenged policies or customs that are so widespread and permanent as to have the force of law.  *Gillette*, 979 F.2d at 1348-49.  The Complaint alleges no factual content explaining what policies were so obviously deficient that constitutional injury to Decedent was likely.  Rather than identify the challenged policy or policies, the Complaint merely lists numerous other lawsuits, jury verdicts, news articles, and settlements against the County, spanning from 2006 to 2020, that allege excessive force.  (ECF No. 1 at ¶¶ 167-168.)  Fundamentally, these do not plausibly suggest anything unless tied to the facts of this case, which they do not.  Settlements, in and of themselves, mean nothing.  Decisions to settle could be based on innumerable factors having nothing to do with concerns over liability or policy issues.  A verdict also does not plausibly suggest an entitlement to relief unless the verdict specifically finds a problem with policy or practices. Certainly, pending claims have no bearing on anything.

More practically, Plaintiffs' reliance on the lawsuits, settlements, news articles, and jury verdicts (ECF No. 1 at ¶¶ 163, 167(a)–(e), and 168–70) do not show similar circumstances or a pattern or practice, nor does the Complaint explain what common practice(s) – of sufficient duration, frequency, and consistency to constitute a standard operating procedure – that obviously resulted in the injury to

Decedent in this case.  *Trevino*, 99 F.3d at 918; *Young*, 687 F. Supp. 2d at 1147-48.  Plaintiffs have not shown that any of these lawsuits, settlements, news articles, and jury verdicts involve facts even remotely similar to the facts of this case.  As such, dismissal of Plaintiffs' *Monell*-type claims is appropriate.

### 2. The Complaint Alleges No Facts Showing That Using Unreasonable Force is Standard Operating Procedure in the County of Sacramento.

The Complaint does not assert any allegations showing that excessive force is the "standard operating procedure" for the County, as is required for a viable *Monell* claim.  *Young*, 687 F. Supp. 2d at 1147-48.

As alleged in the Complaint, none of the lawsuits, jury verdicts, news articles, and settlements share any factual similarities with Plaintiffs' case.  Some of the listed lawsuits date back to 2006, long before Scott Jones had been elected Sheriff in December 2010.  (*See* ECF No. 1 at ¶ 167(d).)  As noted above, this case, at its core, involves allegations that officers held a "mentally disabled" person to the ground with pressure applied to his back, neck, and head for approximately two minutes, whereby the Decedent lost consciousness, and subsequently passed away days later.  (*Id.* at ¶¶ 121, 130, 140, 149, 159.)  None of the listed lawsuits, jury verdicts, news articles, or settlements cited in the Complaint share any similar facts, which is required for a viable *Monell* claim.  *Young*, 687 F. Supp. 2d at 1147-48.

Further, none are described with sufficient "further factual enhancement" to set forth a plausible claim that the County's "standard operating procedure" is to use unreasonable force.  The Complaint does not describe the "standard operating procedure" common to each of the cases listed.  Without more, a list of other lawsuits, jury verdicts, news articles, and settlements does not establish a policy or custom of using excessive force.  *See Connick v. Thompson* 563 US 51, 62, 63 (2011) (finding respondent failed to establish a pattern of similar constitutional violations where the examples of alleged similar violations were not similar to the actual violations committed against respondent in the instant case); *see also Nishimoto v. County of San Diego,* NO. 3:16-cv-01974-BEN-JAM, 2016 WL 8737349 at pg. 7 (S.D. Cal. Nov. 4, 2016) (finding plaintiff is required to allege a pattern of similar constitutional violations with some specificity.)

Therefore, Plaintiffs' *Monell*-type claims are based **solely** on the force allegedly used during

Plaintiff's arrest on December 6, 2022. (ECF No. 1 at ¶ 18.) However, such is insufficient to establish a viable *Monell* claim, where liability cannot be based on sporadic events, but must be founded on practice of sufficient duration, frequency, and consistency that the conduct has become a traditional method for carrying out policy. *Trevino*, 99 F.3d at 918; *see also Rosenbaum v. City of San Jose*, No. 20-CV-04777-LHK, 2021 WL 6092205, at *20 (N.D. Cal. Dec. 23, 2021) (holding that [a plaintiff] "cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.") (quoting *Davis v. City of Ellensburg*, 869 F.3d 1230, 1233 (9th Cir. 1989); *Benavidez v. County of San Diego,* No. 19-55274, 2021 WL1343530, at *13 (9th Cir. 2021); *Tabayoyon v. City of Vacaville,* No. 19-2022, 2021 WL10723, at *7 (E.D. Cal. Mar. 31, 2020). Plaintiffs' allegations do not identify a deficient policy or custom sufficient to establish liability under *Monell*.

The facts alleged in the Complaint fail to state a plausible claim that using excessive force is so widespread and permanent that it has the force of law within the County Sheriff's Department. Because the Complaint does not identify the challenged practices, how those practices were deficient, and does not identify the obviousness of the risk involved, dismissal is appropriate. *Young*, 687 F. Supp. 2d at 1149-50.

Accordingly, Plaintiffs have failed to state a viable *Monell*-type claim.

## D.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF FOR VIOLATION OF § 794 OF THE REHABILITATION ACT AND THE AMERICANS WITH DISABILITIES ACT ("ADA")

To state a claim under the Rehabilitation Act, a plaintiff must allege he/she "(1) is an individual with a disability; (2) is otherwise qualified to receive the benefit; (3) was denied the benefits of the program solely by reason of his/her disability; and (4) the program receives federal financial assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Likewise, to state a claim under Title II of the ADA, a plaintiff must allege he/she: (1) is an individual with a disability; (2) is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the public entity's services,

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT

programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his/her disability. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010). "There is no significant difference in analysis of the rights and obligations created by the ADA and the [Rehabilitation Act]." *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999). Thus, courts routinely look to Rehabilitation Act case law to interpret the rights and obligations created by the ADA. *See, e.g., Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 n. 3 (9th Cir.1995) ("The legislative history of the ADA indicates that Congress intended judicial interpretation of the Rehabilitation Act be incorporated by reference when interpreting the ADA.").

The Ninth Circuit in *Sheehan v. City & Cty. of San Francisco* held that a plaintiff may bring a claim under Title II of the ADA "where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part on other grounds. ADA claims involving alleged mental illness can be asserted in situations where it is claimed an officer failed to reasonably accommodate plaintiff's disability or failed to "employ[ ] generally accepted police practices for peaceably resolving a confrontation with a person with mental illness." *Id.*; *see also Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018) (finding viable claims under the ADA where "the officers [ ] had the time and the opportunity to assess the situation and potentially employ the accommodations identified by the parents, including de-escalation, communication, or specialized help.")

1. **Plaintiffs Cannot Establish That Defendants Failed to Accommodate Any Alleged Disability, Nor Intentionally Discriminated Against Decedent Based on An Alleged Disability.**

Plaintiffs allege Decedent was a "disabled person who struggled with mental health issues…" (ECF No. 1 at ¶ 15.) Even assuming *arguendo* that the Court finds that Plaintiffs have alleged sufficient facts demonstrating Decedent had a 'qualifying disability' under the meaning of the Act – which Defendants dispute – Plaintiffs nonetheless fail to plead facts showing that the involved deputies failed

to accommodate Decedent's alleged disability.

First, there are no allegations suggesting that the Decedent's mental illness played ***any*** role in his death, where Plaintiffs allege that unnamed deputies "held [Decedent] to the ground with pressure applied to his back, neck, and head…for approximately two minutes." (*Id.* at ¶ 121.)  Second, there are no allegations suggesting the involved deputies knew or should have known of the Decedent's claimed mental health issues during the brief two-minute encounter in which the event unfolded while Decedent was faced down on the ground.

Third, under the facts alleged in the Complaint, Plaintiffs fail to show that the deputies had the time and opportunity to assess the situation and potentially employ any accommodations to Decedent. *See Vos*, 892 F.3d at 1037.  Nor do Plaintiffs describe how, or in what circumstance, an accommodation could have been provided to the Decedent during the brief encounter.  Based on the allegations asserted, the deputies were merely reacting to Decedent's failure to comply with lawful commands and his physical resistance.  Decedent was encountered by the deputies while he was walking away from a residence that had called 9-1-1.  (*Id.* at ¶¶ 24-32.)  The deputies tried to interact with Decedent, but he walked away.  (*Id.* at ¶¶ 31-32.)  During the brief two-minute encounter, the Deputies issued multiple commands to the Decedent to comply with their directives, but he elected to grab a hold of one of the deputy's leg, and later, hand.  (*Id.* at ¶¶ 45, 47-49, 51-52, 62, 65, 68-69, 72-75, 80-83, 86-89, 90, 92-96, 101, 109, 121.)  As soon as Decedent was able to be handcuffed, he was found to be non-responsive. (*Id.* at ¶¶ 115, 119-120, 130, 140.)  Deputies called for "Code 3 – Fire" and the Decedent was transported to hospital by fire department personnel.  (*Id.* at ¶¶ 130, 140, 146, 149.)  Therefore, these allegations do ***not*** demonstrate that the deputies' conduct caused Decedent to suffer a greater injury than other arrestees would have suffered because he was disabled.  *Sheehan*, 743 F.3d at 1232; *Iqbal*, 556 U.S. at 678.

## E.   PLAINTIFFS' SEVENTH AND EIGHTH CAUSES OF ACTION ASSERTED UNDER ARTICLE I, SECTION 13 OF THE CALIFORNIA CONSTITUTION MUST BE DISMISSED BECAUSE ARTICLE I, SECTION 13 DOES NOT CONFER A PRIVATE CAUSE OF ACTION FOR DAMAGES

Plaintiffs' Complaint asserts state law claims against Defendants for (1) Excessive Force (Cal. Const. Art. I § 13); and (2) Denial of Medical Care (Cal. Const. Art. I § 13).  (*See* ECF No. 1 at ¶¶ 210-

222.)  The claims are asserted pursuant to the California Constitution.  (*Id.*)  However, the claims fail because there is no private action for damages under Article I, Section 13 of the California Constitution. Article I, Section 13 of the California Constitution does not confer a private cause of action for damages. *Libby*, 2021 WL 1966355 at \*3-\*4; *Leon v. City of Merced*, 2015 WL 135904 at \*4 (E.D. Cal. 2015).

### 1.   The *Katzberg* Factors.

In determining whether to recognize a direct constitutional claim for damages, courts first inquire whether there is evidence from which to infer an affirmative intent to authorize or withhold a damages remedy, based on the language and history of the constitutional provision, as well as relevant common law history.  If there is no such affirmative intent, the court then considers whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision. If these factors militate against recognizing the constitutional tort, the inquiry ends.  *Katzberg*, 29 Cal. 4th at 317.

### 2.   *Katzberg* Does Not Support a Direct Cause of Action for Damages Under California Constitution Article I, Section 13.

Katzberg does not address Art. I, Section 13 of the California Constitution. *Katzberg* analyzed whether Article I, Section 7 created a damages remedy for violation of a due process liberty interest and found that it did not.  *Katzberg*, 29 Cal. 4th at 329.  *Katzberg* discussed no relevant California history from which to infer an affirmative intent to authorize or withhold a damages remedy for violations of Art. I, Section 13.  Plaintiff's FAC identifies no such history, either.  Under *Katzberg*, in the absence of an affirmative intent to authorize damages under Art. I, Section 13, the court should then consider whether an adequate remedy exists and the extent to which a constitutional tort action would change established tort law.

There are numerous alternative remedies to vindicate the rights enshrined by Art. I, Section 13, including causes of action for damages, not just the declaratory and injunctive relief that were found to be meaningful alternative remedies in *Katzberg*. *Katzberg*, 29 Cal. 4th at 326, 328.  Aggrieved citizens can sue for damages for violations of any right under the California Constitution pursuant to Cal. Civil Code section 52.1 (Bane Act), which was amended just last year to eliminate many law enforcement immunities. *See* 2021 Cal. Legis. Serv. Ch. 409 (S.B. 2).  The fact that the Legislature sought to expand

a plaintiff's ability to secure damage awards for California constitutional violations under the Bane Act but did not create a direct cause of action for damages under the California Constitution, counsels against judicial creation of a cause of action.  Additionally, Plaintiffs may sue for damages for false arrest, assault and battery, negligence, intentional infliction of emotional distress, trespass, trespass to chattel, conversion, and numerous privacy torts (e.g., intrusion, public disclosure of private facts, false light, Cal. Penal Code § 637.2), in addition to the federal remedies of 42 U.S.C. Section 1983 and the Electronic Communications Privacy Act (18 U.S.C. § 2707).  Plaintiffs' own Complaint asserts many of these causes of action.  (*See* ECF No. 1 at ¶¶ 223-252.)  Plaintiffs have meaningful and numerous alternative remedies – not just to vindicate their rights through injunction or writ relief – but specifically *for damages*.  The alternative remedies are so numerous and adequate that one would be hard-pressed to imagine how a plaintiff could ever prevail on a direct constitutional claim while losing on all the others.

Therefore, Plaintiffs' Seventh and Eighth Causes of Action for damages under the California Constitution, Art. I, Section 13 should be dismissed because Art. I, Section 13 does not confer a private cause of action for damages; thus, the causes of action do not exist.

## IV.    MOTION TO STRIKE

### A.    THE COURT SHOULD STRIKE THE PARAGRAPHS "INTRODUCTION", 163, 167(a)–(e), AND 168–70 OF THE COMPLAINT

The Court is authorized under Rule 12(f) to strike "from a pleading…any redundant, immaterial, impertinent, or scandalous matter." "The essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Bureeong v. Uvawas*, 922 F.Supp.1450, 1478 (C.D. Cal. 1996) (internal citations omitted).) A motion to strike should be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). "Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1382 at 706-707 (2d ed. 1990)), rev'd on other grounds, 510 U.S. 517 (1994).)  Allegations that have no possible connection to the controversy and may cause significant prejudice to a party can also be stricken.

1   Further, a motion to strike is appropriate if it will "eliminate serious risks of prejudice to the

2   moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212,

3   1216 (E.D. Cal. 2011); *See also Charles Wright & Arthur Miller, Federal Practice and Procedure*, 1380

4   (2004).   Moreover, "[t]he district court [has] ample remedial authority to relieve a defendant of the

5   burden of responding to a complaint with excessive factual detail. One option would have been to simply

6   strike the surplusage from the [complaint]." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132

7   (9th Cir. 2008); see, *Fallon v. U.S. Gov't*, No. CIV S–06–1438, 2007 WL 707531, at *2 (E.D. Cal. Mar. 6,

8   2007.)

9   Here, in light of the relatively simple facts alleged in this case, the allegations in the introductory

10  paragraph, as well as in paragraphs 163, 167(a)–(e), and 168–70 of the Complaint are patently at odds

11  with the simplicity and brevity contemplated by the Federal Rules, as it is "argumentative, prolix, replete

12  with redundancy, and…irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

13  As to the unnumbered introductory paragraph of the Complaint, referencing a general news article

14  about the number of police "killings" in 2022, as well as comparing the "George Floyd" matter to the

15  instant action, the paragraph is immaterial, inflammatory, and prejudicial.  Plaintiffs have not shown how

16  anything described in the referenced news article or the George Floyd incident bear sufficient

17  resemblance to the fact pattern at issue here to be pertinent, nor show an essential or important

18  relationship between the two bearing on the subject matter of the litigation.  To the contrary, this case

19  involves allegations that officers held a "mentally disabled" person to the ground with pressure applied to

20  his back, neck, and head for approximately two minutes, during which time the Decedent lost

21  consciousness, and subsequently passed away days later.  (*Id.* at ¶¶ 121, 130, 140, 149, 159.)  Thus, the

22  paragraph titled "Introduction" should be stricken.

23  As to paragraphs 163, 167(a)–(e), and 168–70, they should also be stricken.  To support a *Monell*

24  claim, a plaintiff needs to show "[a] pattern of similar constitutional violations." *Connick*, 563 U.S. at 62

25  (holding that four Brady violations were not sufficiently similar to the sort of Brady violation at issue in

26  the case to establish deliberate indifference – i.e., failure to disclose blood evidence, a crime lab report, or

27  physical or scientific evidence of any kind).  However, as to these paragraphs, the incidents alleged and

28  described do not bear sufficient resemblance to the fact pattern at issue here to be pertinent.  *See e.g.*

*Parkison v. Butte Cty. Sheriff's Dep't*, No. 2:09-CV-2257-MCE-DAD, 2013 WL 1007042, at * 12 (E.D. Cal. Mar. 13, 2013), report and recommendation adopted, No. 2:09-CV-02257-MCE, 2013 WL 1345080 (E.D. Cal. Mar. 28, 2013) ("plaintiff cites to other cases that do not involve the use of PepperBall System by law enforcement.  Because the cases do not involve the type of excessive force at issue here, the cases relied upon by plaintiff could not have put the Butte County Sheriff's Department or defendant Jones on notice of any widespread problem or a deficiency in training so as to prevent the alleged violation plaintiff's constitutional rights in this case.")

Not only are the allegations in Paragraphs 163, 167(a)–(e), and 168–70 (involving a variety of shootings, use of tasers, baton strikes,) sufficiently dissimilar to the underlying facts of this case, Plaintiff should not be permitted to include such allegations and expand this lawsuit beyond its simple facts.  In t this case, it is alleged the deputies held a "mentally disabled" Decedent to the ground with pressure applied to his back, neck, and head for approximately two minutes, during which time the Decedent lost consciousness, and subsequently passed away days later. (*Id.* at ¶¶ 121, 130, 140, 149, 159.)  None of the events referenced by Plaintiffs involve such facts.  To allow this case to proceed on a *Monell* theory inclusive of wholly irrelevant matters would cause significant prejudice to Defendants, lead to burdensome and unnecessary discovery, and possibly lead to eventual mini trials about the merits of those cases.  Thus, as Plaintiffs have not shown that any of the referenced lawsuits (some dating back to 2006), settlements, news articles, and jury verdicts referenced in Paragraphs 163, 167(a)–(e), and 168–70 are sufficiently similar to the instant case, those paragraphs, including sub parts, should be stricken.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss/Motion to Strike be granted, without leave to amend.  First, with respect to Jones, the claims against him fail because they are duplicative and redundant to the claims against the County/Sheriff's Department.  The allegations in support thereof are also not entitled to the presumption of truth.  Second, Plaintiffs' Complaint fails to plead allegations to plausibly suggest there is a policy or custom that was the moving force behind the constitutional violations alleged, as is required for *Monell* liability.  Third, as to Plaintiffs' third and fourth claims for relief for violation of the Rehabilitation Act and the Americans with Disabilities Act, respectively, Plaintiffs fail to show that Defendants failed to accommodate any

1  alleged disability of the Decedent, or otherwise intentionally discriminated against Decedent based on an

2  alleged disability.  Finally, Plaintiffs' allegations pertaining to the referenced lawsuits, settlements, news

3  articles, jury verdicts, and references to George Floyd that are so plainly irrelevant on their face, they are

4  clearly included for salacious and improper purposes, and thus must be stricken.

5

6  Dated:  March 28, 2023                                    PORTER SCOTT

7                                                           A PROFESSIONAL CORPORATION

8                                                           By __/s/Carl L. Fessenden_____

9                                                               Carl L. Fessenden

10                                                              Suli A. Mastorakos
                                                              Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT AND SCOTT JONES' MOTION TO
DISMISS/MOTION TO STRIKE PLAINTIFFS' COMPLAINT**