UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ESTATE OF SHERRANO STINGLEY, et al., | No. 2:23-cv-00255-TLN-AC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs' two motions for discovery. ECF Nos. 20 and 22. The parties filed the required joint statements. ECF Nos. 24, 25. The matters were taken under submission on the papers. ECF Nos. 21, 23.

**I.   Introduction**

This case arises from the death of Sherrano Stingley, a 48-year-old disabled Black man who struggled with mental health issues and periodically experienced mental health episodes. ECF No. 1 at 4. According to the complaint, Mr. Stingley was experiencing mental health symptoms, including confusion and paranoia, on December 6, 2022, when he attempted to enter a vehicle and a home he mistakenly believed to belong to his daughter. Id. Police were called and arrived around 5:45 a.m. Id. at 5. An encounter ensued which led to Mr. Stingley being restrained on the ground, with pressure applied to his back and neck by officers. Id. at 10. Mr.

1

1  Stingley became unconscious and stopped breathing.  Id. at 10-11.  When officers could not
2  awaken Mr. Stingley, they called the fire department and waited for them to arrive on scene.  Id.
3  at 12.  Mr. Stingley died on December 16, 2022, because of his injuries.  Id. at 13.  Pending
4  before the undersigned are plaintiffs' two motions to compel discovery.  ECF No. 20 and 22.
5  Plaintiffs filed two motions to compel discovery concerning (1) officer mental health evaluation
6  records, and (2) prone restraint incident reports.  Id.

## II.   Motions & Governing Law

Plaintiffs filed the pending motions to compel on August 18, 2023 and August 22, 2023, and both were set for hearing on the papers on September 13, 2023.  ECF Nos. 20, 21, 22, 23. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a party fails to produce documents ... as requested under Fed. R. Civ. P. 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  The party resisting discovery is "required to carry a heavy burden of showing" why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

## III.   Analysis

A. Motion to Compel Officer Evaluations (ECF No. 20)

Plaintiffs move to compel responses to the following requests for production and defendants raise the following objections.

REQUEST FOR PRODUCTION NO. 21:

> All psychiatric and psychological evaluations of the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022.

2

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "psychiatric and psychological evaluations" and "three officers present." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope, so as to constitute an impermissible fishing expedition. Defendant further objects on the grounds that the request seeks confidential and private information of third parties. The defects in this request preclude Defendant from responding.

REQUEST FOR PRODUCTION NO. 51:

All psychiatric and psychological evaluations of Freddy Martinez.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "psychiatric and psychological evaluations." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope, so as to constitute an impermissible fishing expedition. Defendant further objects on the grounds that the request seeks confidential and private information of third parties. Defendant objects that this request is duplicative of or subsumed by request number 21 of Plaintiff's Request for Production of Documents, Set One. The defects in this request preclude Defendant from responding.

REQUEST FOR PRODUCTION NO. 60:

All psychiatric and psychological evaluations of Rachell Villegas.

RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "psychiatric and psychological evaluations." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope, so as to constitute an impermissible fishing expedition. Defendant further objects on the grounds that the request seeks confidential and private

>information of third parties. Defendant objects that this request is duplicative of or subsumed by request number 21 of Plaintiffs Request for Production of Documents, Set One. The defects in this request preclude Defendant from responding

REQUEST FOR PRODUCTION NO. 69:

>All psychiatric and psychological evaluations of Brittany Linde.

RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

>Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "psychiatric and psychological evaluations." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope, so as to constitute an impermissible fishing expedition. Defendant further objects on the grounds that the request seeks confidential and private information of third parties. Defendant objects that this request is duplicative of or subsumed by request number 21 of Plaintiff's Request for Production of Documents, Set One. The defects in this request preclude Defendant from responding.

ECF No. 24 at 5-7.

The court agrees that defendants' objections are without merit and must be overruled. First, the requests are not vague. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012). The objecting party "must explain the particular ways in which a request is vague," "by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." Thomas v. Cate, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010) (citation omitted). The requests are not vague on their face. To the extent there was any confusion at the outset, both parties now appear to understand that the requests encompass evaluations created during "the hiring process for these deputies." See Merin Decl. Ex. F at 1; Mastorakos Decl., ¶ 4. Having reached a mutual understanding as to the meaning of the requests, vagueness it not a valid objection.

Second, the requests are relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

1  consequence in determining the action." Fed. R. Evid. 401.  "Relevance for purposes of discovery
2  is defined very broadly[.]"  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  Courts
3  in the Ninth Circuit have routinely held that personnel files are discoverable in federal cases,
4  despite claims of privilege.  Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519, n.6
5  (9th Cir. 1987) ("This court has held that personnel files are discoverable in federal question
6  cases, including Title VII actions, despite claims of privilege."); Hampton v. City of San Diego,
7  147 F.R.D. 227, 229 (S.D. Cal. 1993).  Defendants attempt to sidestep this caselaw and argue that
8  the evaluations are not relevant because they are not contained within officer personnel files.
9  ECF No. 24 at 12-13.  This appears to the court to be a distinction without a difference, and the
10 defendants do not make any compelling arguments to the contrary.  Wherever they are housed,
11 the County does not argue that it lacks control of these documents, and has acknowledged that
12 they are part of the hiring process.  ECF No. 24 at 13; Mastorakos Decl., ¶ 5.  Storing these
13 documents separately from personnel files does not exempt them from discovery; they are clearly
14 relevant to the excessive force claims in this case.
15      As to privacy, a stipulated protective order has been entered in this case.  ECF No. 19.
16 The ordinary means of protecting sensitive material in court proceedings are adequate to protect
17 the information at issue here, and the privacy interests of the officers or third parties does not
18 outweigh the need for this discovery.  Defendants' generalized privacy objections do not warrant
19 in camera review.  Finally, defendants' argument that "the deputies were hired by the County
20 clearly establishes that there were no psychiatric and psychological issues" is conclusory and
21 unpersuasive.  Plaintiffs' motion is granted.
22    B.  Motion to Compel Prone Restraint Incidents
23      Plaintiffs move to compel responses to the following request for production; defendants
24 raise the following objections.
25 REQUEST FOR PRODUCTION NO. 36:
26        All DOCUMENTS relating to incidents where Sacramento County
           Sheriff's Department office[r]s applied body-weight on top of a
27         subject in a prone restraint position, from December 2017 to
           present—including: formal and informal complaints, interviews
28         conducted, statements received, correspondence sent or received,

|   |   |
|---|---|
| 1 | audio/video recordings, and reports and memos prepared. |
| 2 | RESPONSE TO REQUEST FOR PRODUCTION NO. 36: |
| 3-12 | Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "relating," "incidents," "applied body-weight," "prone restraint position," "formal and informal complaints." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is overbroad as to scope. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is unduly burdensome as phrased as it would require review of untold number of reports and other documents to determine if it involved an officer applied bodyweight on a subject, as well as every instance where a subject was placed in a prone restraint position, from 2017 to the present. Defendant further objects on the grounds that the request seeks documents protected by the attorney client privilege and/or work product protections. The defects in this request preclude Defendant from responding. |

ECF No. 25 at 7.

Here again, the court is largely unpersuaded by defendants' objections. Defendants argue that the request is vague because it is "unclear [as] to what specific types of records were being requested" and because the request is not "reasonably particularized to a category of documents[.]" ECF No. 25 at 15. To the contrary, the request specifically states the categories of documents that should be searched: formal and informal complaints, interviews conducted, statements received, correspondence sent or received, audio/video recordings, and reports and memos prepared.

As to the argument that the request is unduly burdensome, the defendants mischaracterize the requests to be broader than it is by stating it "would require review of untold number of reports and other documents to determine if it involved an officer applied bodyweight on a subject, as well as every instance where a subject was placed in a prone restraint position, from 2017 to the present." ECF No. 25 at 16. The request actually pertains to instances in which an officer "applied body-weight on top of a subject in a prone restraint position," indicating that the search is limited to circumstances in which a subject was in a prone position *and* bodyweight was applied, not two sets of circumstances in which (1) a subject was in a prone position *or* (2) in

which bodyweight was applied to a subject. Defendants' overbroad reading is specious. As to the assertion that the request would "require personnel to manually review untold amounts of video as well as every report authored since December 2017 to determine whether the event involved an officer applying "bodyweight on top of" a person in a "prone restraint position," it is unexplained why, at least as to written documents, search terms could not be used to expedite the process. Vasquez Dec. ¶ 4. The point, however, is well taken as to video and audio recordings. The court agrees with defendants that review of these may be cumbersome without a more narrowly drafted request.

Defendants' remaining arguments are unpersuasive. The defendants argue that some of the requested documents may be subject to work product protection or attorney client privilege. Id. at 16. This concern is easily alleviated by using a privilege log. Finally, to the extent that defendants argue the pending motion to dismiss should impact the court's view of whether discovery is appropriate or unduly burdensome, the court notes that there has been no motion or order regarding stay of discovery pending determination of the motion to dismiss, and in the absence of a stay, discovery is proceeding.

For all these reasons, the motion to compel (ECF No. 22) is GRANTED except as to the request for video/audio recordings, which is DENIED without prejudice to the issuance of a more narrowly drawn request for production.

C. Attorney's Fees and Costs

Because plaintiffs' motion to compel at ECF No. 20 is granted in its entirety, an award of fees and costs is appropriate pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and E.D. Cal. R. ("Local Rule") 230.[1] When a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court

---

[1] The motion at ECF No. 23, which is granted only in part, does not entitle plaintiffs to fees because, as reflected by their partial victory, the court finds defendants position reasonable and substantially justified. United States v. First Nat'l Bank of Circle, 732 F.2d 1444, 1447 (9th Cir. 1984).

1  must not order this payment if: (i) the movant filed the motion before attempting in good faith to
2  obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,
3  response, or objection was substantially justified; or (iii) other circumstances make an award of
4  expenses unjust." Id.  Defendants make a cursory argument in opposition to fees, stating only
5  that they have not engaged in gamesmanship, that they have a "good faith basis" for their
6  position, and that plaintiffs have "not shown any prejudice" suffered.  None of these reasons are
7  bases to avoid payment of fees; there is no requirement that the moving party show prejudice.
8  The court is not persuaded that the defendants' position was substantially justified, for all the
9  reasons set forth above.
10    The appropriate method for computing fees in this case is the lodestar approach, in which
11 the court multiplies the number of hours reasonably expended on the litigation by a reasonable
12 hourly rate.  Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988).  "The
13 measure to be used 'is not actual expenses and fees but those the court determines to be
14 reasonable.'"  Matter of Yagman, 796 F.2d 1165, 1184–85 (9th Cir.1986).  Plaintiffs submitted a
15 billing statement seeking a total of $5,825 in expenses for time spent preparing the motion and
16 joint statement.  ECF No. 24 at 17; 24-1 at 3-4.  Defendants do not oppose the hours or rates
17 requested.  Thus, finding an award of fees is required, the court orders payment of the requested
18 amount.

### IV.    Conclusion

20   For the reasons explained above, it is hereby ordered as follows:
21       a. Plaintiffs' motion for discovery regarding officer evaluations (ECF No. 20) is
22          GRANTED in full;
23       b. Plaintiffs' motion for discovery as to prone restraint incidents (ECF No. 22) is
24          GRANTED IN PART, but is DENIED without prejudice as to video and audio
25          recordings only;
26 ////
27 ////
28 ////

      c.    Defendants are ORDERED to pay plaintiff $5,825 in attorney's fees within 10 days of the order.

    IT IS SO ORDERED.

DATED: September 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE