**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Suli A. Mastorakos, SBN 330383
smastorakos@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and SCOTT JONES
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGELY, S.S., and ANNETTE HILBURN, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, <br><br> Defendants. | CASE NO. 2:23-cv-00255-TLN-AC <br><br> **DEFENDANTS' REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULING** <br><br> Complaint Filed: 02/09/2023 |

## I. INTRODUCTION

Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES (hereinafter, "Defendants") respectfully request the Court to reconsider the Magistrate Judge's September 27, 2023, Order (ECF No. 31) granting Plaintiffs' motion to compel: **(1)** officer psychological/psychiatric evaluation records (ECF No. 20), and **(2)** all documents relating to incidents where officers applied bodyweight on top of a subject in a prone restraint position, from December 2017 to present. (ECF No. 22), including the award of expenses against the County. The Magistrate Judge's Order is both "clearly erroneous" and "contrary to law." The County's position was taken in good faith and supported by substantial justification, such that the award for expenses in this instance is also contrary to law and/or clearly erroneous.

## II. LAW & ARGUMENT

A party may seek a district court's reconsideration of a magistrate judge's ruling. *See* E.D. Cal. L.R. 303. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); E.D. Cal. L.R. 303(f). "A magistrate judge's factual findings are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." *Martin v. Loadholt*, 2014 U.S. Dist. LEXIS 98154, at *3 (E.D. Cal. July 17, 2014). "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*.

### A. OFFICER MENTAL HEALTH EVALUATION RECORDS

The Magistrate's Judge's Order is both contrary to law and clearly erroneous. Defendants raised many arguments in the parties' Joint Statement (ECF No. 24). Primarily, that the records are not relevant to any claim and, as such, there is no justification for intruding on the privacy rights of the deputies. Here, Plaintiff sought psychiatric/psychological records for certain deputies. Through the meet and confer process it was determined that the only documents that potentially fell within the scope of the requests were those evaluations related to the hiring process. Such records have no connection to any claim asserted by Plaintiff. (ECF No. 24 at pp. 4-5, 12-14.) *See Myles v. County of San Diego*, Case No.: 15cv1985-BEN (BLM), 2016 WL 2343914, at *15 (S.D. Cal. May 4, 2016).

The Magistrate Judge's Order largely ignores Defendants' arguments and focuses primarily on Defendant's objections asserted in its discovery response (mostly vagueness) – which were raised **before** the parties' met and conferred and clarified the request. (See ECF No. 31 at p. 4.) As it pertains to the issue of "relevance," the order addresses only one of Defendants' arguments (pertaining to the records' location outside of the personnel files), and from that concludes – without justification – that the records are "clearly relevant to the excessive force claims..." (ECF No. 24 at pp. 4-5.)

The records have no tendency in reason to prove or disprove any element of any claim asserted by Plaintiff. Psychological/psychiatric evaluations of the deputies during the hiring process are immaterial to anything that occurred during the use of force event at issue. That is, the records sought do not "concern the incident at issue or any prior incidents of excessive force, racial discrimination, false arrest [or] false imprisonment." *Myles*, 2016 WL 2343914, at *15. Neither do the records "contain information related to…the motive of the officers." *Id.* at *9. In *Myles*, the District Court points out that in certain **specific circumstances** psychiatric and psychological evaluations **may** be discoverable. However, those circumstances are when there is an evaluation tied to the event at issue, or past evaluations done while that officer was employed that may point out a history of excessive force. That does not exist here. Thus, the Magistrate's Order is contrary to law.

The Order is also clearly erroneous because it concludes that the privacy rights of the deputies are protected under the parties' protective order on file (ECF No. 19), and therefore, the deputies' privacy interests "does not outweigh the need for this discovery." (ECF No. 31 at p. 5.) That is not so, as the protective order on file in this matter pertains only to the **personnel files** of the deputies per the parties' stipulation (*see* ECF No. 18), **not** the mental health evaluation records at issue, which are not a part of the deputies' personnel files. Thus, the deputies' privacy rights are not covered by any protective order, and therefore, it cannot be said that the deputies' privacy interests is outweighed by any need for the discovery. However, even if the protective order did apply, that is not justification for production of the records. The existence of a protective order does not eviscerate the deputies' legitimate privacy rights.

**B.   PRONE RESTRAINT INCIDENT REPORTS**

Here, the Magistrate's Order is also contrary to law and/or clearly erroneous. Defendants argued,

primarily, that Plaintiff's request for documents, including video, involving an officer applying body weight on a person in a prone position is fatally overbroad and as phrased not material to any issue in this case. There is nothing which would justify the enormous burden and expense required in searching for documents covered by the overbroad request. (ECF No. 25 at pp. 5-6, 15-17.) The hundreds of deputies employed by the Sacramento County Sheriff's Department routinely encounter people under a variety of circumstances (both on patrol and in the jail facilities). When people resist, deputies often must use a variety of methods to control a person, including applying body weight. However, simply applying body weight to assist in the control of a person is not improper, in and of itself[1]. There is nothing unique about this case that would justify looking for every document and video where an officer uses his or her body weight. In other words, the scope of request requires a search for documents that do not evidence any unconstitutional conduct, complaint, injury, or "crucial element" of any claim asserted by Plaintiffs in their Complaint. *See Hereford v. City of Hemet*, No. 5:22-cv-00394-JWH-SHK, 2023 U.S. Dist. LEXIS 163830 (C.D. Cal. Sep. 14, 2023) (granting motion to compel ***excessive force complaints*** that were deemed a "***crucial element***" of the case, and where defendants' failed to sustain their burden that the request was unduly burdensome via vague assertions that "***do little to help the Court understand the actual effort required to respond***") ("*Hereford*"). (Emphasis added.)

Unlike in *Hereford*, Defendants explained with specificity – via the Declaration of Legal Affairs Deputy Diane Vasquez – the overwhelming efforts that would be required in locating the records sought which number approximately ***175,000*** reports (not including video), and that will require no less than ***one year*** to accomplish if efforts are devoted entirely to this task. (*See* ECF No. 27-1.) The Magistrate Judge attempted to support her decision by stating the Defendants failed to explain why "search terms could not be used to expedite the [search] process." (ECF No. 31 at p. 7.) However, it is clear that the judge jumped to an erroneous conclusion, unsupported by any evidence and, in fact, contrary to the submitted evidence. As Defendants explained via the declaration of Deputy Diane Vasquez, the search will require a ***manual*** review of the records to identify responsive documents. (*See* ECF No. 27-1.) Given the scope of the request, there is not a way to conduct a search simply by using computer search terms.

---

[1] Plaintiff's request at issue is ***not*** limited to circumstances where body weight was applied to a person in a prone position where it was claimed the tactic was improper or the event was otherwise the subject of an investigation.

C.     PLAINTIFF'S MOTION FOR EXPENSES

Federal Rules of Civil Procedure, Rule 37(a)(5)(A) provides, in pertinent part, "the court must not order…payment [of the movant's reasonable expenses incurred in making the motion, including attorney's fees] if: (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). "The test for substantial justification is one of reasonableness." *United States v. First Nat'l Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006) (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)).

The Magistrate's Order states that "Defendants make a cursory argument in opposition to fees," and concludes that "[t]he court is not persuaded that the defendants' position was substantially justified…" (ECF No. 31 at p. 8.) However, as outlined above and in the parties' Joint Statements (ECF Nos. 24-25), Defendants' position with respect to the records at issue was well-supported by legal authorities and a Declaration from the County's Legal Affairs Department. Defendants' position was made in good faith and with substantial justification given the important privacy interests at issue, as well as the magnitude of the request with respect to the prone restraint incidents. At a minimum, Defendants submit that an award of expenses under the circumstances is unjust, where "reasonable people ***could*** differ on the matter in dispute…" *See United States EEOC*, 237 F.R.D. at 435. (Emphasis added.)

### III.   CONCLUSION

For the reasons stated, Defendants respectfully request the Court to reverse the Magistrate Judge's Order (ECF No. 31).

Dated:  October 6, 2023                                  PORTER SCOTT
                                                         A PROFESSIONAL CORPORATION

                                                         By   /s/Suli A. Mastorakos
                                                             Carl L. Fessenden
                                                             Suli A. Mastorakos
                                                             Attorneys for Defendants