Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, <br><br> Defendants. | Case No. 2:23-cv-00255-TLN-AC <br><br> **DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' STATEMENT RE: DISCOVERY DISAGREEMENT** <br><br> [Hearing Vacated; ECF No. 36] |

I, Mark E. Merin, do declare and say:

1.      I am an attorney licensed to practice in the State of California and admitted to appear in the U.S. District Court for the Eastern District of California. My office represents Plaintiffs Estate of Sherrano Stingley, Dymin Stingley, S.S., and Annette Hilburn.

**PERSONNEL FILES**

2.      On April 18, 2023, Plaintiff Estate of Sherrano Stingley ("Estate") propounded requests for production, set one, to Defendant County of Sacramento ("County"). (A true and correct copy of excerpts of the document is attached as **Exhibit 1**.)

3.      On June 5, 2023, the County responded to the Estate's requests for production, set one. (A true and correct copy of excerpts of the document is attached as **Exhibit 2**.)

1

4. From June 12, 2023, to August 14, 2023, the parties' counsel met-and-conferred related to a stipulated protective order covering specific "personnel files" of Freddy Martinez, Rachell Villegas, and Brittany Linde. (A true and correct copy of excerpts of the correspondence is attached as **Exhibit 3**.)

5. On September 6, 2023, Defendants produced personnel files, including: DEF 01667–DEF 01748, DEF 01749–DEF 01792, and DEF 01577–DEF 01666. (A true and correct copy of production cover letter is attached as **Exhibit 4**.)

## DISCIPLINE DOCUMENTS

6. On April 18, 2023, the Estate propounded requests for production, set one, to the County. (A true and correct copy of excerpts of the document is attached as **Exhibit 1**.)

7. On June 5, 2023, the County responded to the Estate's requests for production, set one. (A true and correct copy of excerpts of the document is attached as **Exhibit 2**.)

8. From June 12, 2023, to September 11, 2023, the parties' counsel met-and-conferred related to discipline documents of Freddy Martinez, Rachell Villegas, and Brittany Linde. (A true and correct copy of excerpts of the correspondence is attached as **Exhibit 5**.)

9. On October 6, 2023, Defendants produced the discipline documents, including DEF 01805–DEF 02510. (A true and correct copy of production cover letter is attached as **Exhibit 6**.)

10. From October 23, 2023, to November 17, 2023, the parties' counsel further met-and-conferred related to discipline documents of Freddy Martinez, Rachell Villegas, and Brittany Linde. (A true and correct copy of excerpts of the correspondence is attached as **Exhibit 7**.)

## EXPENSES

11. I charge $500/hour for my work, and I have been awarded fees in excess of that amount in the Eastern District of California. *See*, *e.g.*, *Baker v. Katehi*, No. 2:12-cv-00450-JAM-EFB, at ECF No. 56 (E.D. Cal. Jan. 9, 2013). Additionally, I have been recognized by courts in the Eastern District of California as "one of the most experienced and successful civil rights attorneys in the Sacramento area," *Lehr v. City of Sacramento*, 2013 U.S. Dist. LEXIS 42014, at *21 (E.D. Cal. Mar. 22, 2013), and as possessing "unique" qualifications in civil rights litigation which entitles me to receive a greater fee than that which otherwise may be awarded to less-qualified applicants, *Baker v. Katehi*, No. 2:12-cv-00450-JAM-EFB, at ECF No. 56 (E.D. Cal. Jan. 9, 2013).

12.     My associate, Paul H. Masuhara, has been awarded fees at a rate of $300/hour by federal and state courts in California, including the Eastern District of California. *Estate of Stingley v. County of Sacramento*, No. 2:23-cv-00255-TLN-AC, at ECF No. 31 (E.D. Cal. Sep. 27, 2023); *Estate of Thomas v. County of Sacramento*, No. 2:20-cv-00903-KJM-DB, at ECF No. 93 (E.D. Cal. Dec. 14, 2021) & ECF No. 106 (E.D. Cal. Jan. 18, 2022); *Libby v. City of Gridley*, No. 2:21-cv-00017-JAM-AC, at ECF No. 38 (E.D. Cal. Aug. 3, 2021); *Sanchez v. County of Sacramento*, No. 2:19-cv-01545-MCE-AC, at ECF No. 38 (E.D. Cal. June 30, 2020); *Loloee v. Grijalva*, No. 34-2020-00275252-CU-PO-GDS (Sacramento Cnty. Super. Ct. Feb. 16, 2021); *Modoc Nation v. Tule Lake Committee*, No. CU-19-126 (Modoc Cnty. Super. Ct. July 29, 2020).

13.     The following is an itemized accounting of this office's attorneys' fees incurred in making the motion:

| Date | Description | Atty | Rate | Hours | Amount |
|------|-------------|------|------|-------|--------|
| 12/13/23 | Receive, review Defs' draft joint statement | PHM | $300/hr. | .75 | $225 |
| 12/14/23 | Draft Pltfs' statement; m&c history, argument, legal research | PHM | $300/hr. | 2.5 | $750 |
| 12/15/23 | Draft Pltfs' statement; m&c history, argument, legal research | PHM | $300/hr. | 2.0 | $600 |
| 12/20/23 | Draft Pltfs' statement; argument, legal research, incorp comments | PHM | $300/hr. | 3.75 | $1,125 |
| 12/20/23 | Review, discuss, comment on Pltfs' statement | MEM | $500/hr. | 1.0 | $500 |
| 12/24/23 | Receive, review Defs' further draft joint statement, notes | PHM | $300/hr. | 1.0 | $300 |
| 12/26/23 | Further draft Pltfs' statement; argument, legal research, decl, exhibits, incorp comments | PHM | $300/hr. | 3.75 | $1,125 |
| 12/26/23 | Review, discuss, comment on Pltfs' statement | MEM | $500/hr. | 0.75 | $375 |
| 12/27/23 | Further draft Pltfs' statement; *Bencomo/Garcia* | PHM | $300/hr. | 0.75 | $225 |
| **TOTAL:** | | | | **16.25** | **$5,225** |

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 27, 2023, at Sacramento, California.

_____

Mark E. Merin

# EXHIBIT 1

1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
3  1010 F Street, Suite 300
   Sacramento, California 95814
4  Telephone:     (916) 443-6911
   Facsimile:     (916) 447-8336
5  E-Mail:        mark@markmerin.com
                  paul@markmerin.com
6

7  Attorneys for Plaintiffs
   ESTATE OF SHERRANO STINGLEY,
8  DYMIN STINGLEY, S.S.,
   and ANNETTE HILBURN
9

10                  UNITED STATES DISTRICT COURT

11                  EASTERN DISTRICT OF CALIFORNIA

12                       SACRAMENTO DIVISION

13  ESTATE OF SHERRANO STINGLEY, et al.,      Case No. 2:23-cv-00255-TLN-AC

14                     Plaintiffs,            **PLAINTIFF ESTATE OF SHERRANO
                                              STINGLEY'S REQUEST FOR**
15  vs.                                       **PRODUCTION, SET ONE, TO
                                              DEFENDANT COUNTY OF SACRAMENTO**
16  COUNTY OF SACRAMENTO, et al.,

17                     Defendants.

18              PROPOUNDING PARTY:   Plaintiff ESTATE OF SHERRANO STINGLEY

19              RESPONDING PARTY:    Defendant COUNTY OF SACRAMENTO

20              SET NUMBER:          One

21        Plaintiff ESTATE OF SHERRANO STINGLEY ("Plaintiff") requests Defendant COUNTY OF

22  SACRAMENTO ("Defendant") to identify, produce, and permit the inspection and copying of each of

23  the below-listed documents, as required by Federal Rule of Civil Procedure 34. Responsive documents

24  must be served on Plaintiff's counsel, Law Office of Mark E. Merin, 1010 F Street, Suite 300,

25  Sacramento, CA 95814. Failure to comply will result in a formally noticed motion to compel production

26  of each item, and all fees and costs incurred in bringing said motion will be sought.

27                     **DEFINITIONS & INSTRUCTIONS**

28        A.     "YOU," "YOUR," and/or "YOURS" refers to Defendant COUNTY OF SACRAMENTO

                                           1

and any of its departments or subdivisions, as well as its agents, directors, officers, and employees or anyone acting on its behalf, including, but not limited to, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

B.   "DOCUMENT" or "DOCUMENTS" means any written, printed, typewritten, written or graphic matters, drafts, originals, copies, nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, and any other means of retention of information or otherwise recorded matter of whatever character, including, but without limitation to, all letters, electronic mail ("e-mail"), correspondence, records of conferences, memoranda, telegrams, stenographic or handwritten notes, interoffice or interdepartmental communications (whether formal or informal), summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, bank drafts, bank statements, telexes, private wire messages, communications, desk calendars, diaries, appointment books, agenda, minutes or other records of meetings, recorded conversations, schedules, reports, studies, appraisals, analysis lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements or proposed agreements, notice of wire transfer of funds or other notice, canceled checks, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications of government bodies, invoices, notice of minutes of meetings of board of directors, and audit committees, and financial committees, and executive committees, results of investigations, working reports, newspaper or magazine articles, releases, receipts, computer data, maps tax returns, vouchers, microfilm, video tapes, video recordings, audio recordings, photographs, phone records, tape recordings, wire recordings, diagrams, computer tapes, projections, microfiche and other data computations and paper similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and other data computations from which information can be obtained.

Additionally, "DOCUMENT" or "DOCUMENTS" shall include documents considered to be privileged by Defendant's counsel. In order to assist Plaintiff and the Court in determining whether privilege properly may be claimed, such document(s) shall be identified by stating the particular privilege asserted, the subject matter of the document, the names of all persons preparing and receiving the document, the names of all persons to whom the document was distributed, the date the document was

2

prepared and/or received, and the reasons which justify the assertion of privilege by Defendant.

C.      The word "relate," "related" or "relating" as used herein includes referring to, alluding to, associated with, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, describing, measuring, reflecting, supporting, analyzing, explaining, constituting, evidencing, or pertaining to.

D.      Unless otherwise indicated, the use in this discovery request of the term "Defendant" or the name of a party, entity, or business organization shall specifically include all agents, officers, directors, commissioners, servants, employees, representatives, and attorneys of the Defendant, party, entity, or business organization.

## REQUEST FOR PRODUCTION, SET ONE

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS relating to the arrest of Sherrano Stingley occurring on or about December 6, 2022—including: investigations, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS relating to the use-of-force against Sherrano Stingley occurring on or about December 6, 2022—including: investigations, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS relating to the investigation of the government claim relating to the death of Sherrano Stingley, dated December 21, 2022 (Claim No. L2300075; GHC File No. 89689-35-E)—including: claim and processing forms, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS relating to the Sacramento County Sheriff's Department's investigation of the arrest of Sherrano Stingley occurring on or about December 6, 2022—including: investigations, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos.

3

1  messages/short message service ("SMS") messages, interviews conducted, statements, correspondence

2  sent and received, video/audio recordings, reports, and memos.

3  REQUEST FOR PRODUCTION NO. 18:

4  All photographs relating to Sherrano Stingley from December 6, 2022, to present.

5  REQUEST FOR PRODUCTION NO. 19:

6  All personnel files of the three officers present when Sherrano Stingley was encountered, placed into

7  prone position, and handcuffed on December 6, 2022—including: educational records, employee

8  performance appraisals, training records, employment applications, letters of recommendation, letters of

9  commendation, discipline records, employee orientation records, records of promotion, and memoranda

10  regarding any changes in assignment.

11  [The pre-production redaction of limited sensitive and private information—including home addresses,

12  contact information, social security numbers, etc.—is acceptable, to the extent that any redacted

13  information is accompanied by a redaction log/designation identifying each instance of redaction and the

14  information which has been redacted.]

15  REQUEST FOR PRODUCTION NO. 20:

16  All Peace Officer Standards and Training ("POST") certifications of the three officers present when

17  Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—

18  including: courses completed, dates of completion, and subject matter of courses.

19  REQUEST FOR PRODUCTION NO. 21:

20  All psychiatric and psychological evaluations of the three officers present when Sherrano Stingley was

21  encountered, placed into prone position, and handcuffed on December 6, 2022.

22  REQUEST FOR PRODUCTION NO. 22:

23  All testimony provided in any civil action by the three officers present when Sherrano Stingley was

24  encountered, placed into prone position, and handcuffed on December 6, 2022—including: deposition

25  and declaration testimony.

26  REQUEST FOR PRODUCTION NO. 23:

27  All complaints against the three officers present when Sherrano Stingley was encountered, placed into

28  prone position, and handcuffed on December 6, 2022—including: formal and informal complaints,

interviews conducted, statements received, correspondence sent and received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 24:

All investigations of complaints against the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—including: interviews conducted, statements received, correspondence sent and received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 25:

All incidents reflecting use-of-force by the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—including: formal and informal complaints, interviews conducted, statements received, correspondence sent and received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 26:

All instances of discipline against the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—including: formal and informal complaints, interviews conducted, statements received, correspondence sent and received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS relating to training Sacramento County Sheriff's Department officers receive relating to contacts with persons potentially experiencing mental health issues, as of December 6, 2022—including: policies, procedures, manuals, coursework, recordings, modules, slides, screenshots, certificates, and attendance records.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS relating to training Sacramento County Sheriff's Department officers receive relating to prone restraint, as of December 6, 2022—including: policies, procedures, manuals, coursework, recordings, modules, slides, screenshots, certificates, and attendance records.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS relating to training Sacramento County Sheriff's Department officers receive relating to positional asphyxia, as of December 6, 2022—including: policies, procedures, manuals, coursework,

7

1

<u>REQUEST FOR PRODUCTION NO. 42</u>:

All document retention and document destruction policies, procedures, and orders applicable to the

Sacramento County Sheriff's Department, during Scott Jones' tenure as Sheriff for the Sacramento

County Sheriff's Department.

Dated: 4-18-23

LAW OFFICE OF MARK E. MERIN

By: _____
Paul H. Masuhara

Attorney for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

10

**DECLARATION OF SERVICE**

*Estate of Stingley v. County of Sacramento*

**United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC**

I, Paul H. Masuhara, declare:

I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, California, and not a party to the within action. My business address is 1010 F Street, Suite 300, Sacramento, CA 95814.

On April 18, 2023, I served the within "PLAINTIFF ESTATE OF SHERRANO STINGLEY'S REQUEST FOR PRODUCTION, SET ONE, TO DEFENDANT COUNTY OF SACRAMENTO" on all parties in said action in the following manner:

<u>XXX</u>   BY MAIL:   I am familiar with this company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the city of Sacramento, California, during the normal course of business on the same day it is placed in the designated area. I placed a true copy of said document, enclosed in a sealed envelope with first class postage affixed in the designated area for outgoing mail, addressed as set forth below:

Carl L. Fessenden, Esq.                      *Attorney for Defendants*
Suli A. Mastorakos, Esq.                     *County of Sacramento, Sacramento County*
Porter Scott                                 *Sheriff's Department, and Scott Jones*
350 University Ave., Suite 200
Sacramento, CA 95825
Telephone: (916) 929-1481
Facsimile: (916) 927-3706

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on April 18, 2023, at Sacramento, California.

_____
Paul H. Masuhara

# EXHIBIT 2

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Suli A. Mastorakos, SBN 330383
smastorakos@porterscott.com
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and SCOTT JONES
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGELY, S.S., and ANNETTE HILBURN, | CASE NO.  2:23-cv-00255-TLN-AC |
| Plaintiffs, | **DEFENDANT COUNTY OF SACRAMENTO'S RESPONSE TO PLAINTIFF ESTATE OF SHERRANO STINGLEY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| v. | Complaint Filed:  02/09/2023 |
| COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, | |
| Defendants. | |

1

1  PROPOUNDING PARTY:   Plaintiff, ESTATE OF SHERRANO STINGLEY

2  RESPONDING PARTY:    Defendant, COUNTY OF SACRAMENTO

3  SET NO.:                        ONE

4         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant COUNTY OF

5  SACRAMENTO ("Defendant") hereby responds to Plaintiff ESTATE OF SHERRANO STINGLEY's

6  ("Plaintiff") Request for Production of Documents, Set One, as follows:

7                               **PRELIMINARY STATEMENT**

8         In responding to this Request for Production of Documents, Defendant has not completed its

9  investigation of all facts of this case, or discovery in this matter, and has not completed its preparation

10 for trial.  Accordingly, the following responses are provided without prejudice to Defendant's right to

11 introduce at trial any evidence that is subsequently discovered relating to proof of presently known facts

12 and to produce and introduce all evidence whenever discovered relating to the proof of subsequently

13 discovered material facts.  Moreover, facts, documents, and things now known may be imperfectly

14 understood and accordingly, such facts, documents, and things may not be included in the following

15 responses.

16        Defendant reserves the right to refer to, conduct discovery with reference to, or offer into

17 evidence at the time of trial any and all facts, documents, and things which he does not presently recall

18 but may recall at some time in the future, notwithstanding the initial responses provided herein.

19 Defendant further reserves the right to raise all appropriate objections with reference to the admissibility

20 of any response or document at the time of trial, even though it may not be specifically objected to in

21 these responses during discovery.

22        Defendant objects to Plaintiff's requests insofar as they seek information that is protected from

23 disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege.

24 To the extent that Defendant inadvertently discloses information that is protected under any applicable

25 privilege, such inadvertent disclosure does not constitute a waiver of such privilege.

26        Defendant further objects to Plaintiff's requests insofar as they seek information concerning

27 matters unrelated to the subject matter of the lawsuit, on the grounds that such requests are overbroad,

28 unduly burdensome, and seek information that is neither relevant to the subject matter of this action nor

**DEFENDANT COUNTY OF SACRAMENTO'S RESPONSE TO PLAINTIFF ESTATE OF SHERRANO STINGLEY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

1   reasonably calculated to lead to the discovery of admissible evidence.

2       These general objections are applicable to each and every one of the following responses and

3   objections, and failure to repeat an objection in response to a specific request shall not be deemed waiver

4   of the objection. Further, when Defendant specifically repeats one or more of these general objections in

5   response to a specific request, such specific response cannot be a waiver of these general objections.

6       Defendant responds as follows to Plaintiff's Request for Production of Documents, Set One, in

7   accordance with Defendant's understanding of the fair meaning of the Requests

8       **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

9   **REQUEST FOR PRODUCTION NO. 1:**

10      All DOCUMENTS relating to the arrest of Sherrano Stingley occurring on or about December 6,

11  2022- including: investigations, interviews, statements, correspondence (physical and electronic),

12  video/audio recordings, photos, reports, and memos.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14      Objection.   Defendant objects on the grounds that the request is vague and ambiguous,

15  specifically with respect to "relating to." As phrased, it calls for speculation as to the type and scope of

16  information Plaintiff is seeking.  Defendant further objects on the grounds that as phrased the request

17  seeks documents protected by the attorney-client privilege and/or work product protections. Defendant

18  further objects on the grounds that the requested documents may contain confidential and private

19  information of third parties. Subject to and without waiving said objections, in accordance with

20  Defendant's understanding of the fair meaning of this request, Defendant responds as follows:

21      Defendant will comply with this request and produce its complete reports and investigation files

22  concerning the arrest of Plaintiff on December 6, 2022.  To the extent those records contain confidential

23  or private materials, a protective order will be needed or the information will be redacted.

24  **REQUEST FOR PRODUCTION NO. 2:**

25      All DOCUMENTS relating to the use-of-force against Sherrano Stingley occurring on or about

26  December 6, 2022-including: investigations, interviews, statements, correspondence (physical and

27  electronic), video/audio recordings, photos, reports, and memos.

28  //

**DEFENDANT COUNTY OF SACRAMENTO'S RESPONSE TO PLAINTIFF ESTATE OF SHERRANO
STINGLEY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

"interviews conducted," "statements," "reports," and "memos." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is overbroad as to scope. Defendant further objects on the grounds that the request seeks documents protected by the attorney-client privilege and/or work product protections.     Subject to and without waiving said objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as follows:

Defendant will comply with this request and produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All photographs relating to Sherrano Stingley from December 6, 2022, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection.   Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "relating to."

Without waiver of the objection, Defendant will comply with this request and produce any photograph of Plaintiff in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All personnel files of the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022 – including: educational records, employee performance appraisals, training records, employment applications, letters of recommendation, letters of commendation, discipline records, employee orientation records, records of promotion, and memoranda regarding any changes in assignment.

[The pre-production redaction of limited sensitive and private information-including home addresses, contact information, social security numbers, etc.-is acceptable, to the extent that any redacted information is accompanied by a redaction log/designation identifying each instance of redaction and the information which has been redacted.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection.   Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "personnel files," "three officers present," "educational records," "discipline

---

12

1  records," "employee orientation records," "and "memoranda regarding any changes in assignment." As
2  phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the
3  aforementioned terms.   Defendant further objects on the grounds that the request is overbroad as to
4  scope and not proportional to the needs of the case.   Defendant further objects on the grounds that the
5  request is overbroad as to time.   Defendant further objects to the extent that the request calls for
6  materials considered privileged and confidential.   Defendant further objects on the grounds that the
7  request seeks documents that are subject to the right of privacy, including, but not limited to, the rights
8  guaranteed under the United States and California constitutions.   Subject to and without waiving said
9  objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant
10  responds as follows:

11        Defendant will comply with this request and produce, pursuant to a protective order, the
12  requested personnel files of Deputies Freddy Martinez, Brittany Linde, and Rachell Villegas.  As to any
13  portions of the personnel files that contain confidential and/or private information, Defendant will
14  produce a detailed privilege log.

15  **REQUEST FOR PRODUCTION NO. 20:**

16        All Peace Officer Standards and Training ("POST") certifications of the three officers present
17  when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6,
18  2022 - including: courses completed, dates of completion, and subject matter of courses.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

20        Objection. Defendant objects on the grounds that the request is vague and ambiguous,
21  specifically with respect to "three officers present."  Subject to and without waiving said objections, in
22  accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as
23  follows:

24        Defendant will comply with this request.

25  **REQUEST FOR PRODUCTION NO. 21:**

26        All psychiatric and psychological evaluations of the three officers present when Sherrano
27  Stingley was encountered, placed into position, and handcuffed on December 6, 2022.

28  //

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "all complaints," "three officers present," "formal and informal complaints," As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope. Defendant further objects on the grounds that the request is overbroad as to time. The defects in this request preclude Defendant from responding.

**REQUEST FOR PRODUCTION NO. 26:**

All instances of discipline against the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022-including: formal and informal complaints, interviews conducted, statements received, correspondence sent and received, reports and memos prepared.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "all complaints," "three officers present," "formal and informal complaints," As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope. Defendant further objects on the grounds that the request is overbroad as to time. The defects in this request preclude Defendant from responding.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS relating to training Sacramento County Sheriff's Department officers receive relating to contacts with persons potentially experiencing mental health issues, as of December 6, 2022-including: policies, procedures, manuals, coursework, recordings, modules, slides, screenshots, certificates, and attendance records.

1 the Sacramento County Sheriff's Department, during Scott Jones' tenure as Sheriff for the Sacramento

2 County Sheriff's Department.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

4       Objection.   Defendant objects on the grounds that the request is overbroad as to scope.

5 Defendant further objects on the grounds that the request is overbroad as to time. Defendant further

6 objects on the grounds that the request is not reasonably particularized to a category of documents

7 relevant to the subject matter of this lawsuit and not proportional to the needs of the case.   Subject to

8 and without waiving said objections, in accordance with Defendant's understanding of the fair meaning

9 of this request, Defendant responds as follows:

10       Defendant will comply with this request and produce the document retention policy in effect at

11 the time of the incident which is the subject of this litigation.

12

13 Dated:  June 5, 2023                         PORTER SCOTT

14                                    A PROFESSIONAL CORPORATION

15 

16                           By _____

17                                  Carl L. Fessenden

18                                  Suli A. Mastorakos

19                                  Attorneys for Defendants

20

21

22

23

24

25

26

27

28

DEFENDANT COUNTY OF SACRAMENTO'S RESPONSE TO PLAINTIFF ESTATE OF SHERRANO
STINGLEY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  *Stingley v. County of Sacramento, et al.*
   **U.S.D.C – Eastern District of California Court Case No.: 2:22-cv-00255-TLN-AC**

2

3                                    **DECLARATION OF SERVICE**
       I am a resident of the United States and of the County, of Sacramento, California.  I am over the
4  age of eighteen years and not a party to the within above-entitled action.  My business address is 350
   University Avenue, Suite 200, Sacramento, California.
5      I am familiar with this Company's practice whereby the mail, after being placed in a designated
6  area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento,
   California, after the close of the day's business.
7      That on the date below, I served the following **DEFENDANT COUNTY OF
   SACRAMENTO'S RESPONSE TO PLAINTIFF ESTATE OF SHERRANO STINGLEY'S**
8  **REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,** on all parties in the said action as
9  addressed below by causing a true copy thereof to be served:

10 | **X** | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
   |---|---|
11 |  | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
12 |
13 |
14 |
15 |  | **BY OVERNIGHT DELIVERY:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
16 |
17 |  | **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |
18 |

19 **Attorney for Plaintiffs**
20 Mark E. Merin
   Paul H. Masuhara
21 LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
22 Sacramento, CA 95814
23 mark@markmerin.com
   paul@markmerin.com
24

25     I declare under the penalty of perjury that the foregoing is true and correct.  Executed at
   Sacramento, California, on June 5, 2023.
26

27                                              *CA Grandinetti*
                                              Cindy A. Grandinetti
28

**DEFENDANT COUNTY OF SACRAMENTO'S RESPONSE TO PLAINTIFF ESTATE OF SHERRANO
STINGLEY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

# EXHIBIT 3

| From: | Suli Mastorakos <smastorakos@porterscott.com> |
|---|---|
| Sent: | Monday, August 14, 2023 4:06 PM |
| To: | Paul Masuhara |
| Cc: | Mark Merin; Carl Fessenden; Kilina Tellez |
| Subject: | RE: Estate of Sherrano Stingley v. County of Sacramento |
| Attachments: | SPO re Personnel Files; Proposed Order.Further Draft.doc |

Paul,

Attached is a further draft of the SPO, with two proposed edits in Track Changes.  The first proposed edit adds the word "order" to page 2 to correct the omission.

The second proposed edit deletes the reference to Freddy Martinez, Rachell Villegas, and Brittany Linde as "defendants."  While plaintiffs may intend to amend the complaint to add them as defendants, they are not currently named.  However, they will still be covered under the SPO as it includes "any other Defendants that may subsequently be added to this action…"



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

CONFIDENTIALITY NOTICE: This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Saturday, August 12, 2023 12:46 PM
**To:** Suli Mastorakos <smastorakos@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

**\*\*\*External email\*\*\***

Suli:

Attached is the proposed final SPO. May we apply your e-signature for filing with the Court?

1

Thanks,
Paul

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Wednesday, August 9, 2023 5:34 PM
**To:** Paul Masuhara <paul@markmerin.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

Paul,

As you very well know, a primary purpose of the protective order is to limit the use of documents outside the litigation. That is why it must continue to remain in effect once the litigation ends. Your office drafted the protective order. The protective order contains the same language as others that we have entered into with you in the past, with the exception of the subject language that you decided to include on this SPO for some reason.

To move past this dispute and avoid wasting further time, we would agree to the deletion of the subject terms with the understanding that plaintiffs could challenge the confidentiality designation at any time. Please circulate a finalized (PDF) version of the SPO for defendants' approval prior to filing with the Court.

Thank you.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged. Any inadvertent disclosure shall not waive the attorney-client or work product privileges. If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Monday, August 7, 2023 6:56 PM
**To:** Suli Mastorakos <smastorakos@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

**\*\*\*External email\*\*\***

Suli:

I agree that this is not an issue worthy of the Court's time, especially given all the other discovery issues in this case likely to make their way before the Court. Accordingly, we have already agreed to take the personnel files subject to an SPO. Nonetheless, you propose an indefinite protective order which becomes unchallengeable after the litigation ends. If you can provide us with an explanation or authority why your position is supported by "good cause," we are willing to consider it. As of now, you have provided us with none.

Thanks,
Paul

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Monday, August 7, 2023 6:40 PM
**To:** Paul Masuhara <paul@markmerin.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

Paul,

I interpret your email to mean that you are not willing to consent to the omission of such language from the SPO, and that Defendants must seek Court intervention if they wish to obtain the protective order. Assuming that is your position, while we will involve the Court to the extent necessary, I do not think that is the most practical approach, especially here. It seems that the disagreement is not whether the documents are entitled to protection, but rather the terms of the protective order regarding the time to challenge the confidential designation. Plaintiffs have not explained why they believe it is insufficient to cut off that right at the conclusion of the litigation. Can you please advise? And do we really need to involve the Court on this?



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

CONFIDENTIALITY NOTICE: This email and any attachments are confidential and privileged. Any inadvertent disclosure shall not waive the attorney-client or work product privileges. If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

---

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Monday, August 7, 2023 4:21 PM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

**\*\*\*External email\*\*\***

Suli:

If the County intends to withhold the officers' personnel files until entry of a protective order that remains indefinitely "in force" but cannot be challenged after litigation ends, then it is the County's burden to demonstrate "good cause" to obtain it. *See Lenard v. Sherwin-Williams Co.*, 2015 U.S. Dist. LEXIS 23582, at *11 (E.D. Cal. Feb. 25, 2015); *Perry v. City of Pontiac*, 2011 U.S. Dist. LEXIS 105365, at *12 (E.D. Mich. Sep. 16, 2011); *see also Coldani v. Hamm*, 2009 U.S. Dist. LEXIS 91006, at *2 (E.D. Cal. Sept. 17, 2009); *Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *52–53 (E.D. Cal. Mar. 20, 2020) (responding party's "approach of withholding discovery unless [the requesting party] agree[s] to a stipulated protective order [is] inappropriate and not well-taken"); *Estate of Micalizio v. County of Butte*, 2019 U.S. Dist. LEXIS 120943, at *3 (E.D. Cal. July 18, 2019) ("Had defendants timely sought a protective order, that issue could have been litigated and resolved and potentially have obviated the need for plaintiff to bring the instant motion to compel.").

Thanks,
Paul

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Monday, August 7, 2023 4:09 PM
**To:** Paul Masuhara <paul@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

Paul,

Thank you for the clarification.  We note that in the past, such language was not included in Stipulated Protective Orders entered into with your office.  (At least that has been my experience.)  We do not see why such language is now necessary, or for that matter, appropriate.  While we agree it would be appropriate – actually, necessary – that documents do retain their confidential designation after the conclusion of litigation, we do not believe a party should have the right to challenge a confidential designation indefinitely.  Related, we do not interpret the SPO to endorse such a right.  If a party does not agree to a confidential designation, the appropriate time to challenge it would be during the pendency of the litigation.  Not some unspecified date in the future, which is what your proposed language entails.

Therefore, we do not agree with the inclusion of the aforementioned language in the SPO.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Monday, August 7, 2023 8:47 AM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

**<span style="color:red">***External email***</span>**

Suli:

As stated in my 8/3 email, we would agree to your proposed deletion of "including during or after the litigation" from Section (D)(6) of the SPO, **if** you agree that the deletion does not change the terms and procedures of the SPO. In other words, deleting "including during or after the litigation" will not preclude any potential challenge to the SPO "including during or after the litigation."

This reading is consistent with other terms of the SPO, for example, Section (10) which states: "After the conclusion of this litigation, the Confidential documents will remain confidential"; and Section (11) which states: "Upon termination of this litigation, the parties agree the stipulated protective order shall continue in force as a private agreement between the parties." If the SPO "continue[s] in force," then so does its confidentially and challenge terms and procedures.

Do you agree? Alternatively, we could reject your proposed deletion of the language "including during or after the litigation" because the language is an accurate example of how the SPO functions.

Thanks,
Paul

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Friday, August 4, 2023 4:36 PM
**To:** Paul Masuhara <paul@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

Paul,

As to no. 1, although we believe our proposed deletion is appropriate, we would agree to plaintiffs' proposed addition of "not."

As to no. 2, I am not sure what you mean by "[a]ssuming you agree."  The deletion of the referenced terms was proposed by defendants.  So yes, we would agree to the deletion of the referenced terms.

Attached is a further draft of the SPO with the Bates numbers inserted for the respective personnel files.  Please circulate a finalized (PDF) version for defendants' approval prior to filing.

Thank you.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

CONFIDENTIALITY NOTICE: This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

---

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Thursday, August 3, 2023 2:38 PM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento


**\*\*\*External email\*\*\***

Suli:

We observe two proposed changes:

1. Delete "Plaintiffs have been permitted to view the materials described in this stipulated protective." from Section (A). We agree that this sentence is not accurate and propose correcting it to state: "Plaintiffs have not been permitted to view the materials described in this stipulated protective."

2. Delete "including during or after the litigation" from Section (D)(6). You have not explained the purpose or need for this deletion. Nonetheless, we do not believe that excluding the language change the terms or procedures of the SPO. Assuming you agree, we agree to the deletion.

Please insert the Bates numbers in Section (C) for the covered personnel files so that we may file with the Court and, finally, receive the outstanding discovery.

Let us know if you have any questions.

Thanks,
Paul

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Friday, July 7, 2023 3:40 PM
**To:** Paul Masuhara <paul@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

Paul,

We have reviewed your draft SPO.  We are largely fine with it.  However, there is some language that we do not agree with.  I have attached a further draft of the SPO containing our edits in Track Changes.

We are working on bates labeling the personnel files for incorporation into the SPO.



**Suli A. Mastorakos**
Associate Attorney
350 University Avenue | Suite 200 | Sacramento, CA 95825
T| 916.929.1481 x 354 F| 916.927.3706
www.porterscott.com

**CONFIDENTIALITY NOTICE:** Privileged and Confidential.  Attorney-Client Communication & Attorney Work Product.  This communication and accompanying document are confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this communication in error, please contact me at the above Internet address or by telephone at 916.929.1481.  Thank you.

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Saturday, July 1, 2023 12:02 PM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento

**\*\*\*External email\*\*\***

Carl and Suli:

Privilege Log: Your 6/30 letter states, "[a]s to any redactions, they are identified in a privilege log, also enclosed herewith." Please note that your email does not contain a privilege log. (Perhaps it will be produced with the physical production which was mailed but was not included in your partial electronic production.) Please provide us with the privilege log.

Personnel Files: We agree to take the Martinez, Villegas, and Linde personnel files under a stipulated protective order ("SPO"). A draft SPO is attached. Please insert the relevant Bates numbers into the SPO and return with permission to apply your e-signature for filing with the Court. One point of clarification: we do not consider training records to be "personnel files" covered by this SPO. In other words, if an officer's training records are contained within the officer's personnel file, they should be produced outside of the SPO. We do not anticipate this being an issue, as the County has already produced the POST certificates and training records of Martinez, Villegas, and Linde, without an SPO. *See* DEF 00715–DEF 00719, DEF 00750–DEF 00755.

Outstanding/Withheld Discovery Issues: Based on my discussion with Suli on 6/21, he agreed to follow-up with the County about the outstanding discovery issues discussed in our 6/12 meet-and-confer letter and to provide the County's positions by **7/14**.

Thank you,
Paul

Paul H. Masuhara
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail:  paul@markmerin.com

MARK E. MERIN
mark@markmerin.com

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

PAUL H. MASUHARA
paul@markmerin.com

June 12, 2023

Carl L. Fessenden, Esq.                                    <cfessenden@porterscott.com>
Suli A. Mastorakos, Esq.                                   <smastorakos@porterscott.com>
Porter Scott
350 University Ave., Ste. 200
Sacramento, CA 95825

**Re:**     ***Estate of Stingley v. County of Sacramento***
            **U.S. District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC**

Dear Counsel:

     This correspondence serves as the initiation of meet-and-confer efforts, pursuant to Local Rule 251(b).

### <u>County's Response to Estate's Request for Production, Set One</u>

     On April 18, 2023, Plaintiff Estate of Sherrano Stingley ("Plaintiff") propounded requests for production, set one ("RFP S1"), on Defendant County of Sacramento ("County").

     On June 5, 2023, the County served responses and objections ("RFP S1 Resp.").

### **RFP No. 1 – Arrest Documents**

<u>REQUEST FOR PRODUCTION NO. 1:</u>
All DOCUMENTS relating to the arrest of Sherrano Stingley occurring on or about December 6, 2022—including: investigations, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos.

RFP S1 at 3.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>
Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "relating to." As phrased, it calls for speculation as to the type and scope of information Plaintiff is seeking. Defendant further objects on the grounds that as phrased the request seeks documents protected by the attorney-client privilege and/or work product protections. Defendant further objects on the grounds that the requested documents may contain confidential and private information of third parties. Subject to and without waiving said objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as follows:
Defendant will comply with this request and produce its complete reports and investigation files concerning the arrest of Plaintiff on December 6, 2022. To the extent

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 2 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

those records contain confidential or private materials, a protective order will be needed or the information will be redacted.

RFP S1 Resp. at 3.

Boilerplate Objections: A responding party must assert particularized and specific objections, Fed. R. Civ. P. 34(b)(2)(B), "includ[ing] a statement of reasons and, if appropriate, citation to relevant authority," E.D. Cal. L.R. 250.3(b). "[B]oilerplate objections are presumptively insufficient," *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), "are not well-received … , and will usually be met with boilerplate overrulings," *Garcia v. County of Stanislaus*, 2022 U.S. Dist. LEXIS 166453, at *42 (E.D. Cal. Sep. 14, 2022). For example, "generic objections" are "improper"—*e.g.*, "overbroad, vague and ambiguous, incomplete hypotheticals, call for speculation, lack foundation, and assume facts not in evidence." *See, e.g.*, *Taylor v. County of Calaveras*, 2019 U.S. Dist. LEXIS 206485, at *9 (E.D. Cal. Nov. 26, 2019). "If there is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *See, e.g.*, *Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, at *19 (E.D. Cal. June 5, 2012); *Mort v. Brennan*, 2020 U.S. Dist. LEXIS 175924, at *11 (E.D. Cal. Sep. 24, 2020).

The County's objections are insufficient boilerplate which lacks the required specificity to preserve any particular objection.

Vague or Ambiguous: "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012). The objecting party "must explain the particular ways in which a request is vague," "by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010) (citation omitted).

The County's objection that the term "relating to" is "vague and ambiguous" and "calls for speculation" is insufficient. For example, reason and common sense can be exercised to attribute ordinary definitions to the allegedly vague term. *See, e.g.*, *Porter v. City & County of San Francisco*, 2018 U.S. Dist. LEXIS 151349, at *19 (N.D. Cal. Sep. 5, 2018); *Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *3 (E.D. Cal. June 14, 2021); *Libby v. City of Gridley*, 2021 U.S. Dist. LEXIS 145340, at *5 (E.D. Cal. Aug. 2, 2021) ("There is nothing vague about the phrase 'use of force.'"). Specifically, where a request seeks "a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005). For example, in *Mollica v. County of Sacramento*, 2022 U.S. Dist. LEXIS 19384 (E.D. Cal. Feb. 1, 2022), the plaintiff "requested 'all documents relating to' a citizen complaint she filed against the County before th[e] lawsuit began." *Id*. at *2. The County objected that the request was overbroad but the court found "[the plaintiff]'s request [] was not unworkably vague or overbroad. It referred to her citizen's complaint and was specific enough to permit the County to look for and find documents related to that complaint." *Id*. at *7; *see also United States v. Bayley*, 2022 U.S. Dist. LEXIS 63592, at *6 (W.D. Wash. Apr. 5, 2022) ("Plaintiff's requests for 'all documents' are permissibly phrased as they ensure all discoverable material is provided.").

---

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 3 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y  A T  L A W

<u>Attorney-Client Privilege</u>: "When a party asserts a privilege it has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold." *Estate of Thomas v. County of Sacramento*, 2021 U.S. Dist. LEXIS 239058, at *4 (E.D. Cal. Dec. 13, 2021) (internal citations omitted). This includes production of a privilege log under Federal Rule of Civil Procedure 26(b)(5)(A), which is "due at the time a discovery response is made." *Sanchez v. County of Sacramento*, 2020 U.S. Dist. LEXIS 114327, at *5 (E.D. Cal. June 29, 2020); *Brinckerhoff v. Town of Paradise*, 2010 U.S. Dist. LEXIS 126895, at *21 (E.D. Cal. Nov. 18, 2010); *Burch v. Regents of the Univ. of Cal.*, 2005 U.S. Dist. LEXIS 46998, at *3 (E.D. Cal. Aug. 30, 2005) ("The burden [of proving privilege] may be met … only if [a privilege] log is submitted in a timely manner."). Thus, a responding party "'need[s] to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.'" *Ballew v. City of Pasadena*, 2019 U.S. Dist. LEXIS 232271, at *17 (C.D. Cal. June 10, 2019) (quoting 2015 Adv. Comm. Notes to Fed. R. Civ. P. 34). "Refusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request." *Johnson v. Runnels*, 2009 U.S. Dist. LEXIS 34086, at *17–18 (E.D. Cal. Mar. 31, 2009); *see, e.g.*, *Ho v. Marathon Patent Grp., Inc.*, 2023 U.S. Dist. LEXIS 52158, at *11 (C.D. Cal. Mar. 27, 2023) (privilege log "must be sufficiently detailed to allow counsel or the court to determine whether defendant discharged its burden of establishing the existence of an attorney-client relationship and the validity of the privilege asserted," where, for example, "[s]imply asserting that the document or communication was to provide 'legal advice and counsel,' and 'to discuss legal and policy compliance . . . in preparation for litigation' is insufficient" (internal citations omitted)).

The County's unsupported assertion of privilege is insufficient to preserve the objection, where it fails to identify the allegedly privileged documents withheld from production on a requisite privilege log which explains the basis of the privilege asserted. *See* Fed. R. Civ. P. 26(b)(5)(A).

Further, the attorney-client privilege does not apply to investigations of critical incidents, such as officer-involved deaths. *See, e.g.*, *Hermosillo v. County of San Bernardino*, 2016 U.S. Dist. LEXIS 192690, at *5–9 (C.D. Cal. Oct. 11, 2016); *Anderson v. Marsh*, 312 F.R.D. 584, 591–92 (E.D. Cal. 2015); *Myles v. County of San Diego*, 2016 U.S. Dist. LEXIS 59452, at *26 (S.D. Cal. May 4, 2016); *Medina v. County of San Diego*, 2014 U.S. Dist. LEXIS 135672, at *40–41 (S.D. Cal. Sep. 25, 2014); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 657 (E.D. Cal. 1997); *Griffith v. Davis*, 161 F.R.D. 687, 694–97 (C.D. Cal. 1995); *Gonzales v. Mun. Court*, 67 Cal. App. 3d 111, 120 (Cal. Ct. App. 1977).

<u>Work Product Doctrine</u>: "The party asserting [work product] protection bears the burden of proving the doctrine applies demonstrating that the materials are: (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and, (3) the documents or tangible things were prepared by or for the party or the attorney asserting the privilege." *Sanchez v. County of Sacramento*, 2021 U.S. Dist. LEXIS 105549, at *10–11 (E.D. Cal. June 3, 2021). A privilege log identifying withheld documents is required. *See* Fed. R. Civ. P. 26(b)(5)(A); *see, e.g.*, *Ballew*, 2019 U.S. Dist. LEXIS 232271, at *17.

The County's unsupported assertion of protection is insufficient to preserve any objection, where it fails to identify the allegedly protected documents withheld from production on a requisite privilege log which explains the basis of the privilege asserted. *See* Fed. R. Civ. P. 26(b)(5)(A).

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

Further, the work product doctrine does not apply to investigations of critical incidents, such as officer-involved deaths. *See, e.g., Mollica v. County of Sacramento*, 2022 U.S. Dist. LEXIS 19384, at *13 (E.D. Cal. Feb. 1, 2022); *Anderson*, 312 F.R.D. at 593; *Myles*, 2016 U.S. Dist. LEXIS 59452, at *31–34; *Griffith*, 161 F.R.D. at 699; *Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D. Cal. 1992); *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D. Cal. 1987).

Privacy: "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). "Resolution of a privacy objection … requires a balancing of the need for the information sought against the privacy right asserted." *Id.* "In the context of the disclosure of police files, . . . privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Id.* "Through constitutional amendment and national legislation the people have made it clear that the policies that inform federal civil rights laws are profoundly important." *Kelly*, 114 F.R.D. at 660. Accordingly, "when documents are related to the officers' work with the police department, then the right to privacy does not apply." *Sanchez v. City of San Jose*, 250 F.R.D. 468, 470 (N.D. Cal. 2008); *see also Estate of Neil v. County of Colusa*, 2020 U.S. Dist. LEXIS 168892, at *6 (E.D. Cal. Sep. 14, 2020) ("public employees' basic identifying information is generally not protected from disclosure").

The County's objection based the asserted "private information of third parties" is insufficient. For example, the objection is "insufficient to establish the applicability of the privacy protection or to enable the Court to conduct the required balancing analysis." *See, e.g., Myles*, 2016 U.S. Dist. LEXIS 59452, at *52; *Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, at *16–19 (E.D. Cal. June 5, 2012) (rejecting "bare assertion of privacy" and noting, "[i]f there exists a *legitimate* privacy interest … , prudence dictates that boilerplate objections not be relied upon.").

Conditional Response: "You either have a sustainable objection or you do not. You cannot have it both ways." *Wilks v. Santa Rosa Inv'rs, Inc.*, 2010 U.S. Dist. LEXIS 123625, at *4 n.1 (N.D. Fla. Nov. 9, 2010). "Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964). "Language such as 'without waiving objections' preserves nothing." *Perez v. United States*, 2016 U.S. Dist. LEXIS 8993, at *8 (S.D. Cal. Jan. 25, 2016). A conditional response "leaves the requesting party to guess whether the producing party has produced all responsive documents, or only some responsive documents and withheld others on the basis of the objections." *See, e.g., Fay Ave. Props., LLC v. Travelers Prop. Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 89614, at *3–4 (S.D. Cal. July 1, 2014); *Horton v. Cavalry Portfolio Services*, LLC, 2014 U.S. Dist. LEXIS 102572, at *3 (S.D. Cal. July 24, 2014).

The County's conditional response—*i.e.*, "[s]ubject to and without waiving said objections"—is insufficient. For example, the County must "need[s] to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." *See Ballew*, 2019 U.S. Dist. LEXIS 232271, at *17 (citation omitted).

Untimely Response: "The party to whom the request is directed must respond in writing within 30 days after being served…" Fed. R. Civ. P. 34(b)(2)(A). "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the

==response." Fed. R. Civ. P. 34(b)(2)(B). "Responding that documents will be provided at a later date does not give a party leave to produce the documents whenever they want or to unnecessarily delay their production." *Mason v. Martinez*, 2016 U.S. Dist. LEXIS 40634, at \*22 (E.D. Cal. Mar. 25, 2016). "[A] discovery response which merely promises to produce the requested information at some unidentified time in the future, without offering a specific time, place and manner is treated as a failure to answer or respond." *United States v. Reeves*, 2013 U.S. Dist. LEXIS 146671, at \*3 (D. Nev. Oct. 3, 2013) (citation omitted). The Local Rules expressly prohibit production on an "open" or "rolling" basis. *See* E.D. Cal. L.R. 144(a) ("No open extensions of time by stipulation of the parties will be recognized."); *see also Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2866, at \*26–28 (S.D.N.Y. Feb. 24, 2005); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240–41 (M.D.N.C. 2010); *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) ("If the responding party cannot conduct a careful and thorough search for all responsive documents within the thirty-day period, it has an obligation to seek appropriate extensions, either by agreement or, if necessary, by a motion for time under Fed. R. Civ. Pro. 6. Unilaterally deciding to conduct a cursory initial search to be followed by 'rolling' productions from subsequent, more thorough, searches is not an acceptable option. Rule 34 guarantees that the requesting party will receive, concurrently with the response, all documents reasonably available. When the producing party's attorney signs the response, the attorney so certifies." (internal citations & alterations omitted)).==

==The County's response that it "will comply with this request" is insufficient because it "merely promises to produce the requested information at some unidentified time in the future, without offering a specific time, place and manner…" *See Reeves*, 2013 U.S. Dist. LEXIS 146671, at \*3. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).==

<u>Protective Order</u>: If information contained in responsive documents is not subject to disclosure, the responding party must obtain a protective order. *See* Fed. R. Civ. P. 26(c)(1) ("[A]ny person from whom discovery is sought may move for a protective order" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"). "The lack of a protective order is not a valid objection. It is the responsibility of the party resisting discovery, not the party seeking discovery, to seek a protective order." *See, e.g., Lenard v. Sherwin-Williams Co.*, 2015 U.S. Dist. LEXIS 23582, at \*11 (E.D. Cal. Feb. 25, 2015); *Johnson*, 2009 U.S. Dist. LEXIS 34086, at \*17–18; *Perry v. City of Pontiac*, 2011 U.S. Dist. LEXIS 105365, at \*12 (E.D. Mich. Sep. 16, 2011). A responding party's "approach of withholding discovery unless [the requesting party] agree[s] to a stipulated protective order [is] inappropriate and not well-taken." *See Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at \*52–53 (E.D. Cal. Mar. 20, 2020); *Coldani v. Hamm*, 2009 U.S. Dist. LEXIS 91006, at \*2 (E.D. Cal. Sept. 17, 2009); *see also United States v. IBM Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978) ("[M]otions under [Fed. R. Civ. P.] 26(c) must be served before the date set for production.").

The County's vague statement that, "[t]o the extent those records contain confidential or private materials, a protective order will be needed or the information will be redacted" is insufficient. The County possesses the relevant documents but has failed to produce or identify *any* "confidential or private materials" therein. As a result, the County has failed to "facilitate an informed discussion of the objection." *See Ballew*, 2019 U.S. Dist. LEXIS 232271, at \*17.

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 22 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

**RFP No. 18 – Photos**

<u>REQUEST FOR PRODUCTION NO. 18</u>:
All photographs relating to Sherrano Stingley from December 6, 2022, to present.

RFP S1 at 6.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:
Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "relating to."
Without waiver of the objection, Defendant will comply with this request and produce any photograph of Plaintiff in its possession, custody, or control.

RFP S1 Resp. at 12.

<u>Boilerplate Objections</u>: The County's boilerplate objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

<u>Vague or Ambiguous</u>: The County's vagueness objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

<u>Conditional Response</u>: The County's conditional response is insufficient for the same reasons discussed with respect to RFP No. 1, above.

<u>Untimely Response</u>: The County's untimely response is insufficient for the same reasons discussed with respect to RFP No. 1, above.

**RFP No. 19 – Involved-Officer Personnel Files**

<u>REQUEST FOR PRODUCTION NO. 19</u>:
All personnel files of the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—including: educational records, employee performance appraisals, training records, employment applications, letters of recommendation, letters of commendation, discipline records, employee orientation records, records of promotion, and memoranda regarding any changes in assignment.
[The pre-production redaction of limited sensitive and private information—including home addresses, contact information, social security numbers, etc.—is acceptable, to the extent that any redacted information is accompanied by a redaction log/designation identifying each instance of redaction and the information which has been redacted.].

RFP S1 at 6.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:
Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "personnel files," "three officers present," "educational

1010 F STREET, SUITE 300, SACRAMENTO, CALIFORNIA 95814 • (916) 443-6911 • FAX (916) 447-8336

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

records," "discipline records," "employee orientation records," and "memoranda regarding any changes in assignment." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is overbroad as to scope and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to time. Defendant further objects to the extent that the request calls for materials considered privileged and confidential. Defendant further objects on the grounds that the request seeks documents that are subject to the right of privacy, including, but not limited to, the rights guaranteed under the United States and California constitutions. Subject to and without waiving said objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as follows:

Defendant will comply with this request and produce, pursuant to a protective order, the requested personnel files of Deputies Freddy Martinez, Brittany Linde, and Rachell Villegas. As to any portions of the personnel files that contain confidential and/or private information, Defendant will produce a detailed privilege log.

RFP S1 Resp. at 12–13.

        **Boilerplate Objections:** The County's boilerplate objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

        **Vague or Ambiguous:** The County's vagueness objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

        **Relevance:** "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance for purposes of discovery is defined very broadly," *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998), including "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Generally, "a judge should resolve doubts about relevance in favor of disclosure, in part because she is not likely to understand the case as well as plaintiff's counsel, and thus is not likely to be able to foresee all the ways he might be able to use the information, and in part because the standard set forth in Rule 26 is so broad." *Kelly v. San Jose*, 114 F.R.D. 653, 668 (N.D. Cal. 1987). "Stringent relevancy standards would cause difficulties for plaintiffs because it is unlikely that they know the exact content of confidential police files." *Gonzalez v. City of Fresno*, 2007 U.S. Dist. LEXIS 73766, at *18 (E.D. Cal. Sep. 20, 2007). Accordingly, "[t]he relevance standard is extremely broad, especially in civil rights [] cases," *Burrell v. City of Vallejo*, 2021 U.S. Dist. LEXIS 121541, at *7–8 (E.D. Cal. June 29, 2021), including where claims alleging *Monell* liability are present. *See, e.g., Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *4 (E.D. Cal. June 14, 2021); *Sanchez v. County of Sacramento*, 2022 U.S. Dist. LEXIS 52782, at *17–18 (E.D. Cal. Mar. 22, 2022); *Greer v. County of San Diego*, 2021 U.S. Dist. LEXIS 241813, at *7 (S.D. Cal. Dec. 17, 2021) ("By their nature, *Monell* claims typically require broader and more substantial discovery than claims brought only against the individuals directly involved in the alleged deprivation of a plaintiff's rights.").

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 24 of 78

LAW OFFICE OF
**MARK E. MERIN**
ATTORNEY AT LAW

The County's objection that the request is "overbroad as to scope" and "overbroad as to time" is insufficient. If the objecting party "does not explain why the request is not relevant," then its "general objection based upon relevance[] amounts to a waiver of the objection." *Gen. Elec. Co. v. Wilkins*, 2012 U.S. Dist. LEXIS 87094, at \*26 (E.D. Cal. June 22, 2012). For example, the County provides no explanation for *how* or *why* the requested records are "overbroad." *See, e.g., Thomas*, 715 F. Supp. 2d at 1031–32 ("discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action," and "[a] party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied").

Specifically, the Ninth Circuit "has held that personnel files are discoverable in federal question cases … despite claims of privilege." *See Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987); *see also Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005); *Sanchez v. County of Sacramento*, 2020 U.S. Dist. LEXIS 21869, at \*10 (E.D. Cal. Feb. 6, 2020); *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). "[A]ny number of [] matters potentially contained in [an officer's personnel files] are plainly relevant to this lawsuit, no matter the age of the document." *See, e.g., Kaur v. City of Lodi*, 2015 U.S. Dist. LEXIS 2739, at \*10–11 (E.D. Cal. Jan. 9, 2015); *Frails v. City of New York*, 236 F.R.D. 116, 118 (E.D.N.Y. 2006). For example, the information is relevant to both the individual officer's liability and municipal liability. *See, e.g., Hampton*, 147 F.R.D. at 229; *Sanchez*, 2021 U.S. Dist. LEXIS 105549, at \*14.

Privacy: The County's privacy-based objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

State Law Protection: In federal cases, the scope of discovery is governed by *federal* common law. *See* Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr v. United States Dist. Court*, 511 F.2d 192, 197 (9th Cir. 1975); *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1169 (C.D. Cal. 1998); *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003). "It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities." *Miller v. Pancucci*, 141 F.R.D. 292, 297–98 (C.D. Cal. 1992). Similarly, state constitutional protections are also inapplicable. *See, e.g., EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009); *Cooley v. City of Vallejo*, 2013 U.S. Dist. LEXIS 155175, at \*20–21 n.4 (E.D. Cal. Oct. 29, 2013); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005).

The County's objections based on "materials considered privileged and confidential" under state law and protected "under the … California [C]onstitution[]" are insufficient. For example, "resort to state law [i]s 'contrary to law,'" *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 638 (E.D. Cal. 2010), and "arguments that rely on application of California state law are disregarded," *Herring v. Clark*, 2011 U.S. Dist. LEXIS 63332, at \*16 (E.D. Cal. June 13, 2011); *see, e.g., Lear v. Sahota*, 2020 U.S. Dist. LEXIS 237811, at \*9 (E.D. Cal. Dec. 16, 2020); *Kaur v. Alameida*, 2007 U.S. Dist. LEXIS 40593, at \*13 (E.D. Cal. May 23, 2007); *Kaur v. City of Lodi*, 2015 U.S. Dist. LEXIS 2739, at \*25–26 (E.D. Cal. Jan. 9, 2015) ("federal discovery rules govern here, not the state's [] code").

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 25 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

Conditional Response: The County's conditional response is insufficient for the same reasons discussed with respect to RFP No. 1, above.

Protective Order: The County's assertion of need of a protective order is insufficient for the same reasons discussed with respect to RFP No. 1, above.

Untimely Response: The County's untimely response is insufficient for the same reasons discussed with respect to RFP No. 1, above.

**RFP No. 20 – Involved-Officer POST Records**

REQUEST FOR PRODUCTION NO. 20:
All Peace Officer Standards and Training ("POST") certifications of the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—including: courses completed, dates of completion, and subject matter of courses.

RFP S1 at 6.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:
Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "three officers present." Subject to and without waiving said objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as follows:
Defendant will comply with this request.

RFP S1 Resp. at 13.

Boilerplate Objections: The County's boilerplate objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

Vague or Ambiguous: The County's vagueness objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

Conditional Response: The County's conditional response is insufficient for the same reasons discussed with respect to RFP No. 1, above.

Untimely Response: The County's untimely response is insufficient for the same reasons discussed with respect to RFP No. 1, above.

**RFP No. 21 – Involved-Officer Psych Evaluations**

REQUEST FOR PRODUCTION NO. 21:
All psychiatric and psychological evaluations of the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022.

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 78 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

these files may be relevant on the issues of credibility, notice to the employer, ratification by the employer and motive of the officers. Further, information concerning other instances of misconduct may also be relevant on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Hampton*, 147 F.R.D. at 229. "[A]ny number of [] matters potentially contained in [an officer's personnel files] are plainly relevant to this lawsuit, no matter the age of the document." *Kaur*, 2015 U.S. Dist. LEXIS 2739, at *10–11.

    Duplicative: The County's duplicative-request objections are insufficient for the same reasons discussed with respect to RFP No. 43, above.

## Conclusion

    Plaintiff requests the County to amend the responses, to withdraw the insufficient and meritless objections, and to produce responsive documents, as discussed above. Plaintiff will not accept amended or supplemental responses attempting either: (a) to assert brand-new and previously-unasserted objections on a belated basis; or (b) to cure the deficiencies associated with insufficient objections identified in this correspondence. *See, e.g., Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409–10 (C.D. Cal. 2005); *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2014 U.S. Dist. LEXIS 144173, at *11 (E.D. Cal. Oct. 9, 2014).

    We would like to schedule a telephonic conference to meet-and-confer regarding the issues addressed in this letter, to determine if it is possible to avoid the filing of a motion to compel. Accordingly, please provide us with dates and times of your availability for the scheduling of a telephonic conference by Friday, **June 16, 2023**.

Very Truly Yours,
LAW OFFICE OF MARK E. MERIN

Mark E. Merin

# EXHIBIT 4



**P O R T E R  |  S C O T T**

ATTORNEYS

September 6, 2023

**U.S. MAIL**

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814
mark@markmerin.com
paul@markmerin.com

RE:    ***Estate of Sherrano Stingley v. County of Sacramento, et al.***
       **U.S.D.C. – Eastern District Court Case No: 2:23-cv-00255-TLN-AC**

Dear Counsel:

Please find enclosed a copy of the below identified documents subject to Protective Order, ECF No. 19.

1.   Personnel File of Freddy Martinez (Bates DEF 01667 – DEF 01748)
2.   Personnel File of Rachell Villegas (Bates DEF 01749 – DEF 01792)
3.   Personnel File of Brittany Linde (Bates DEF 01577 – DEF 01666)

Also enclosed is the County's Supplemental Response to Plaintiff's Request for Production of Documents, Set One and Set Two, responsive to the requests for the above documents. A privilege log is also enclosed herein.

Should you have any questions, please do not hesitate to contact us.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By

Carl L. Fessenden

CLF/SAM:ktt
Enclosures

# EXHIBIT 5

| | |
|---|---|
| **From:** | Paul Masuhara |
| **Sent:** | Monday, September 11, 2023 4:02 PM |
| **To:** | 'Suli Mastorakos' |
| **Cc:** | Mark Merin; cfessenden@porterscott.com; Kilina Tellez |
| **Subject:** | RE: Estate of Sherrano Stingley v. County of Sacramento, et al. |

Suli:

In response to your 8/25 email, responding to our 8/3 email, we provide the following:

Supplemental Responses (RFP No. 1, 2, 4, 5, 7, 8, 9, 18, 20, 27, 28, 29, 30, 31, 32, 33, 34, 40, 42, 43, 44, 45, 46): Your clarification that "there are no documents that have been withheld [by the County] from production based on a privilege" and "[a]ny [withheld] documents [] have been identified in a corresponding privilege log" causes us to question why the County asserted concededly-inapplicable objections and privileges. Indeed, you claim that the County's "original responses were not amended—only supplemented," such that the copied-and-pasted boilerplate objections asserted in the original responses remain in effect. But, as explained in our 6/12 meet-and-confer letter, "boilerplate objections are presumptively insufficient." *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). Further, "a response 'subject to' and 'without waiving objections,' leaves the requesting party to guess whether the producing party has produced all responsive documents, or only some responsive documents and withheld others on the basis of the objections." *Horton v. Cavalry Portfolio Servs., LLC*, 2014 U.S. Dist. LEXIS 102572, at *3 (S.D. Cal. July 24, 2014). Your underlined clarification in an email that the County has withheld "no documents" in response to discovery requests could be inconsistent with the County's certified responses stating that responses are provided "[s]ubject to and without waiving [] objections." *See* Fed. R. Civ. P. 26(g) (certification requirement for discovery responses). Thus, Plaintiffs are left to wonder whether the County has produced all responsive documents, or only some responsive documents and withheld others on the basis of the objections. "A party propounding discovery requests is entitled to individualized, complete responses to each discovery request, and generalized responses that do not specifically indicate whether all responsive documents to a particular discovery request have been produced are insufficient." *s v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *9 (E.D. Cal. Mar. 20, 2020) (internal citation omitted). Accordingly, the County must comply with its obligation under the Federal Rule of Civil Procedure 34(b)(2)(C) which requires an objection to "state whether any responsive materials are being withheld on the basis of that objection." Because the County "do[es] not state that [it] do[es] or do[es] not have responsive materials being withheld on the basis of the objections," "[e]ach response with an objection must indicate whether any responsive materials are being withheld on the basis of that objection." *See R. Fellen, Inc. v. RehabCare Grp., Inc.*, 2016 U.S. Dist. LEXIS 41688, at *8–9 (E.D. Cal. Mar. 29, 2016).

Government Claim Documents (RFP No. 3): The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29. The County's offer to produce a "supplemental response" by 9/29 is untimely. *See* Fed. R. Civ. P. 34(b)(2)(A). "Responding that documents will be provided at a later date does not give a party leave to produce the documents whenever they want or to unnecessarily delay their production." *Mason v. Martinez*, 2016 U.S. Dist. LEXIS 40634, at *22 (E.D. Cal. Mar. 25, 2016); *see, e.g.*, *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2866, at *26–28 (S.D.N.Y. Feb. 24, 2005); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240–41 (M.D.N.C. 2010); *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). Similarly, the County's offer to identify responsive documents it intends to withhold on a privilege log by 9/29 is also untimely. *See, e.g.*, *Burch v. Regents of the Univ. of Cal.*, 2005 U.S. Dist. LEXIS 46998, at *3 (E.D. Cal. Aug. 30, 2005); *Brinckerhoff v. Town of Paradise*, 2010 U.S. Dist. LEXIS 126895, at *21 (E.D. Cal. Nov. 18, 2010); *Sanchez v. County of Sacramento*, 2020 U.S. Dist. LEXIS 114327, at *5 (E.D. Cal. June 29, 2020) ("Privilege logs are due at the time a discovery response is made."). To extent that the County seeks to withhold any responsive documents to this request, the County's untimely response and objections will result in waiver. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Ramirez v. County of*

*Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("A party who fails to file timely objections waives *all* objections, including those based on privilege or work product.").

Recording Data (RFP No. 10): The County's request for Plaintiffs to "provide clarification regarding what [they] seek by [requesting] 'recording data,'" in order "to permit [the County] to conduct a reasonable inquiry into the matter" is improper. A responding party and its counsel must conduct a "reasonable inquiry" *before* it responds to a request. *See* Fed. R. Civ. P. 26(g)(1); *see, e.g.*, *Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *11 (E.D. Cal. Mar. 20, 2020); *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987) (A "reasonable inquiry" requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information to plaintiffs."). To the extent that the County is attempting to object that the term "recording data" is too vague or ambiguous to respond, that objection fails. First, Plaintiffs expressly provided examples of "recording data" in the request for "recording data for recordings depicting Sherrano Stingley," including: "metadata and audit trails." Second, the term "recording data" is not vague or ambiguous because reason and common sense can be exercised to attribute ordinary definitions to the allegedly vague term. *See, e.g.*, *Porter v. City & County of San Francisco*, 2018 U.S. Dist. LEXIS 151349, at *19 (N.D. Cal. Sep. 5, 2018); *Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *3 (E.D. Cal. June 14, 2021); *Libby v. City of Gridley*, 2021 U.S. Dist. LEXIS 145340, at *5 (E.D. Cal. Aug. 2, 2021).

County Correspondence (RFP No. 12): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

SCSD Correspondence (RFP No. 13): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Jones Correspondence (RFP No. 14): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Involved-Officer Correspondence (RFP No. 15, 48, 57, 66): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

YouTube Press Release (RFP No. 17): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Involved-Officer Personnel Files (RFP No. 19, 49, 58, 67): This issue is not "resolved" because the County has withheld disciplinary documents on an untimely privilege log. We have sent you a meet-and-confer letter dated 8/11 which thoroughly addresses the issues. Please provide us with dates and times of your availability for a telephonic conference to discuss the issues addressed in the letter.

Involved-Officer Psych Evaluations (RFP No. 21, 51, 60, 69): Plaintiffs have filed a motion to compel, ECF No. 20 & 24, which is pending decision before the Court, ECF No. 21.

Involved-Officer Testimony (RFP No. 22, 52, 61, 70): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Involved-Officer Complaints (RFP No. 23, 53, 62, 71): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Involved-Officer Investigations (RFP No. 24, 54, 63, 72): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Involved-Officer Use-of-Force Incidents (RFP No. 25, 55, 64, 73): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

==Involved-Officer Discipline (RFP No. 26, 56, 65, 74): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.==

SCSD Report No. 19-416979 (RFP No. 35): *First*, as to your response that "reactions are made pursuant to [California] Penal Code section 832.7," the redactions are improper. *See*, *e.g.*, Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr v. United States Dist. Court*, 511 F.2d 192, 197 (9th Cir. 1975); *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1169 (C.D. Cal. 1998); *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003). "It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities." *Miller v. Pancucci*, 141 F.R.D. 292, 297–98 (C.D. Cal. 1992). Similarly, state constitutional protections are also inapplicable. *See*, *e.g.*, *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009); *Cooley v. City of Vallejo*, 2013 U.S. Dist. LEXIS 155175, at *20–21 n.4 (E.D. Cal. Oct. 29, 2013); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005). Accordingly, "resort to state law [i]s 'contrary to law,'" *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 638 (E.D. Cal. 2010), and "arguments that rely on application of California state law are disregarded," *Herring v. Clark*, 2011 U.S. Dist. LEXIS 63332, at *16 (E.D. Cal. June 13, 2011); *see*, *e.g.*, *Lear v. Sahota*, 2020 U.S. Dist. LEXIS 237811, at *9 (E.D. Cal. Dec. 16, 2020); *Kaur v. Alameida*, 2007 U.S. Dist. LEXIS 40593, at *13 (E.D. Cal. May 23, 2007); *Kaur v. City of Lodi*, 2015 U.S. Dist. LEXIS 2739, at *25–26 (E.D. Cal. Jan. 9, 2015). *Second*, your response that "[the County] will provide a supplemental response to this request" is insufficient. See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on a yet-to-be-identified date.

Prone Restraint Incidents (RFP No. 36): Plaintiffs have filed a motion to compel, ECF No. 22 & 25, which is pending decision before the Court, ECF No. 23.

Use-of-Force Discipline Reports (RFP No. 38): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Use-of-Force Corrective Action (RFP No. 39): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on 9/29.

Use-of-Force Training/Re-Training (RFP No. 40): See response to Request No. 3, above. The County never offered to produce—and Plaintiffs never agreed to accept—a belated response on a yet-to-be-identified date.

Use-of-Force Settlements (RFP No. 41): See response to Request No. 10, above. The County was obligated to conduct a "reasonable inquiry" *before* it responded—not *after*. Further, to the extent the County is attempting (belatedly) to object to production of settlements resulting from "all types of force (e.g., K9, shooting, impact weapons, tasers, etc.)" because they are not relevant to the "events [in] the instant case," such an objection is insufficient. "[T]he factual similarity requirement is not [] rigorous" and it is enough that "prior incidents concern instances of alleged excessive force." *See*, *e.g.*, *Adams v. City of Redding*, 2022 U.S. Dist. LEXIS 208077, at *11 (E.D. Cal. Nov. 15, 2022); *Boarman v. County of Sacramento*, 2013 U.S. Dist. LEXIS 46326, at *14 (E.D. Cal. Mar. 29, 2013); *Estate of Osuna v. County of Stanislaus*, 392 F. Supp. 3d 1162, 1173 (E.D. Cal. 2019) ("previous incidents involving excessive use of force"); *McClellan v. City of Sacramento*, 2021 U.S. Dist. LEXIS 58522, at *7–8 (E.D. Cal. Mar. 25, 2021) (settlements of "excessive use of force" relevant); *Starr v. County of Los Angeles*, 2013 U.S. Dist. LEXIS 201250 (C.D. Cal. May 9, 2013) ("summaries and descriptions of settlements of civil cases" and "monetary amounts of settlements of civil cases"). In other words, differences in the degree of force or particular weapon used to inflict injury resulting in an excessive force settlement does not render the incident irrelevant, where each may serve as evidence contributing to an underlying policy or custom, for example, by "inadequately investigating excessive force allegations…" *See Santos v. City of Culver City*, 228 F. App'x 655, 659–60 (9th Cir. 2007).

Please provide us with a response and **dates and times of your availability for a telephonic conference** to discuss the issues addressed in this email.

Further, this is an explicit request that you **provide authority to support your positions**. *See* E.D. Cal. L.R. 250.3(b) ("Each objection to any request for production shall include a statement of reasons and, if appropriate, citation to relevant authority."). During our meet-and-confer efforts, you have failed to provide any authority to support the County's positions and withholding of responsive discovery—notwithstanding our efforts to provide you with extensive authority to support Plaintiffs' positions. As a result, we are unable to assess the propriety of the County's positions which you assert without the supporting authority upon which the County intends to rely, if/when a motion to compel becomes necessary.

Thank you,
Paul

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Friday, August 25, 2023 6:37 PM
**To:** Paul Masuhara <paul@markmerin.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento, et al.

Paul,

See the County's response below (bullet points).



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

---

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Thursday, August 3, 2023 5:15 PM
**To:** Suli Mastorakos <smastorakos@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Sherrano Stingley v. County of Sacramento, et al.

**\*\*\*External email\*\*\***

Suli:

Your response is incomplete. We attempt to address the outstanding issues herein:

<u>Supplemental Responses (RFP No. 1, 2, 4, 5, 7, 8, 9, 18, 20, 27, 28, 29, 30, 31, 32, 33, 34, 40, 42, 43, 44, 45, 46)</u>: Based on the County's 6/30 supplemental responses, we note that several of the 6/5 original responses that contained boilerplate objections including based on the "attorney-client privilege and/or work product protections" are omitted from the supplemental responses. Based on our 6/21 meet-and-confer, we understand the supplemental responses to be an acknowledgment that the County is not withholding any responsive documents on the basis of any earlier-asserted objections. *See* Committee Notes on Fed. R. Civ. P. 34 (2015 Amendment) ("[A]n objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This [requirement] should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."). If our understanding is incorrect—and the County <u>is</u> withholding unidentified documents responsive to any request— please inform us so that we may make an appropriate challenge. *See, e.g., Ballew v. City of Pasadena*, 2019 U.S. Dist. LEXIS 232271, at \*17 (C.D. Cal. June 10, 2019) (A responding party "'need[s] to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.'").

- I do not know what you mean by "objections…were omitted."  The original responses were not amended – only supplemented.  As to any documents that have been produced by defendants to date, there are no documents that have been withheld from production based on a privilege.  Any such documents would have been identified in a corresponding privilege log.

<u>Government Claim Documents (RFP No. 3)</u>: We addressed this issue in our 6/12 meet-and-confer letter. Letter at 7. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary. *See, e.g., Mollica v. County of Sacramento*, No. 2:19-cv-02017-KJM-DB, 2022 U.S. Dist. LEXIS 19384, at \*15–16 (E.D. Cal. Feb. 1, 2022) ("The County has not shown the disputed documents were created in anticipation of litigation at all. Even if it had satisfied that burden, the dual purpose test would lead to the same conclusion. . . . Here, the nature and totality of the surrounding circumstances show the documents were not prepared with an eye toward litigation. The County was investigating a claim in the ordinary course of its business.").

- The County's investigation of the subject event is the investigation of the Government Claim.  Aside from the assignment letter from County Counsel (which as you know is privileged), and the County's investigation, there are no other responsive documents.  The County agrees to provide a supplemental response to this request by September 29, 2023.  The County agrees to provide a privilege log as to any documents withheld.

<u>District Attorney Investigation (RFP No. 6)</u>: We addressed this issue in our 6/12 meet-and-confer letter. Letter at 7. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Defendant responded that it is unable to comply with the request because it does not have the requested documents in its possession, custody, or control.  That still remains the case.  As indicated, Defendant does not have control of the records of the DA's Office as it is a separate entity.  When such documents have been provided by the DA's Office, Defendant agrees to provide a supplemental response.  Plaintiffs could subpoena the requested records.

<u>Recording Data (RFP No. 10)</u>: We addressed this issue in our 6/12 meet-and-confer letter. Letter at 14–15. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Please provide clarification regarding what you seek by "recording data" to permit Defendant to conduct a reasonable inquiry into the matter.

County Correspondence (RFP No. 12): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 15–16. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Defendant responded that it "will comply with the request and produce all non-privileged documents in its possession, custody, or control, to the extent such exists." We have now obtained documents from the County. We are reviewing them to determine whether they are responsive to the request. Once our review is complete, the County agrees to provide a supplemental response to this request. If there are any privileged records, those will be identified. We will endeavor to provide a supplemental response by September 29, 2023.

SCSD Correspondence (RFP No. 13): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 16–17. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- See above response to No. 12.

Jones Correspondence (RFP No. 14): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 18. The County's 6/30 supplemental responses states: "Following reasonable inquiry, Defendant is unable to comply with this request. No such documents exist." But, as explained in our letter, this is not sufficient. *See, e.g., Newquist v. Soa*, 2019 U.S. Dist. LEXIS 208213, at *4 (E.D. Cal. Dec. 3, 2019) ("If [a responding party] does not have documents responsive to a production request, or if requested documents do not exist, [a responding party] must state so with enough specificity to allow the Court to evaluate the merit of the response or whether [the responding party] has made a reasonable inquiry."). Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Defendant agrees to provide a supplemental response regarding its efforts to locate responsive documents. We will endeavor to provide a supplemental response by September 29, 2023.

Involved-Officer Correspondence (RFP No. 15, 48, 57, 66): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 19. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- See above response to No. 12.

District Attorney Correspondence (RFP No. 16): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 20. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- See above response to No. 6.

YouTube Press Release (RFP No. 17): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 21. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Defendant responded that it "will comply with this request and produce all non-privileged documents in its possession, custody, or control." We have now obtained materials from the County. We are reviewing it to determine whether they are responsive to the request. Once our review is complete, the County agrees to provide a supplemental response to this request. We will endeavor to provide a supplemental response by September 29, 2023.

Involved-Officer Personnel Files (RFP No. 19, 49, 58, 67): We agreed to take these files under a stipulated protective order ("SPO"), which we have drafted and sent to you. We are waiting for you to fill-in the Bates numbers for each of the three officers' personnel records and return to us with permission to file with the Court.

- This issue has been resolved. We are working to get the records to you as soon as possible.

Involved-Officer Psych Evaluations (RFP No. 21, 51, 60, 69): We understand your 7/14 email to state that the County will stand on its timely-asserted objections. Your suggestion to "[p]ut[] aside the objections previously raised" and assert new arguments not previously raised is ineffective. *See, e.g., Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-cv-1207-GEB-AC, 2014 U.S. Dist. LEXIS 144173, at *11 (E.D. Cal. Oct. 9, 2014) ("[P]otential objections not contained

within a timely response are waived, meaning that new objections raised in an untimely supplemental response will not be considered."). Accordingly, we will move to compel production of responsive documents, for the reasons explained in our 6/12 letter and during our 6/21 meet-and-confer.

- As Plaintiff has filed a motion to compel on this issue, the County's position will be provided in the parties' joint statement.

Involved-Officer Testimony (RFP No. 22, 52, 61, 70): Your 7/14 email's explanation that "[t]he County is still confirming whether there are any documents responsive to these requests" is not proper, for the reasons explained in our 6/12 letter. *See, e.g., Mason v. Martinez*, 2016 U.S. Dist. LEXIS 40634, at *22 (E.D. Cal. Mar. 25, 2016) ("Responding that documents will be provided at a later date does not give a party leave to produce the documents whenever they want or to unnecessarily delay their production."). This request was originally served on 4/18—or, *more than 100 days ago*—yet, the County has still not identified responsive documents. "If the responding party cannot conduct a careful and thorough search for all responsive documents within the thirty-day period, it has an obligation to seek appropriate extensions, either by agreement or, if necessary, by a motion for time under Fed. R. Civ. Pro. 6." *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). The County has not sought or received *any* extension from Plaintiffs or the Court. *See* E.D. Cal. L.R. 144(a). Thus, the County's response is long overdue. Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response. Thereafter, the parties met and conferred regarding Defendant's response. Defendant agreed to, and did, provide its position. At that time, we were unable to provide a date by when responsive documents could be produced, as we did not know whether any responsive documents existed. We have now obtained documents from the County. We are reviewing them to determine whether they are responsive to the requests and are material to any issue in this case. Once our review is complete, the County agrees to provide a supplemental response to this request. We will endeavor to provide a supplemental response by September 29, 2023.

Involved-Officer Complaints (RFP No. 23, 53, 62, 71): For the reasons explained above, in reference to RFP No. 22, 52, 61, 70, the County's response is long overdue. To extent that the County's position is that "responsive documents pertaining to investigations of complaints involving the use of force" are the *only* responsive documents "which [are] material issue in this case," that position is wrong, for the reasons explained in our 6/12 letter and during our 6/21 meet-and-confer. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993); *Puckett v. County of Sacramento*, No. 2:22-cv-00350-KJM-DB, 2023 U.S. Dist. LEXIS 39761, at *24 (E.D. Cal. Mar. 8, 2023) ("[T]he Ninth Circuit has held a failure to discipline a single officer's repeated offenses might be enough to support a claim of *Monell* liability" and "[t]he officer's violations may be dissimilar." (internal citations omitted)); *Caldwell v. City of S.F.*, No. 12-cv-01892-DMR, 2020 U.S. Dist. LEXIS 242004, at *53 (N.D. Cal. Dec. 23, 2020) ("[E]vidence includes the significant number of citizen complaints against [the officer] in the three-year period before [plaintiff]'s arrest, including complaints about retaliation and threats of violence, fabrication of evidence, excessive force, and abusive behavior…"). Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response. Thereafter, the parties met and conferred regarding Defendant's response. Defendant agreed to, and did, provide its position. At that time, we were unable to provide a date by when responsive documents could be produced, as we did not know whether any responsive documents existed. We have now obtained documents from the County. We are reviewing them to determine whether they are responsive to the request. Once our review is complete, the County agrees to provide a supplemental response to this request under the conditions previously stated. We will endeavor to provide a supplemental response by September 29, 2023.

Involved-Officer Investigations (RFP No. 24, 54, 63, 72): For the reasons explained above, in reference to RFP No. 23, 53, 62, 71, the County's response is long overdue and its attempts to limit responsive documents are meritless. Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response. Thereafter, the parties met and conferred regarding Defendant's response. Defendant agreed to, and did, provide its position. At that time, we were unable to provide a date by when responsive documents could be produced, as we did not know whether

any responsive documents existed.  We have now obtained documents from the County.  We are reviewing them to determine whether they are responsive to the request.  Once our review is complete, the County agrees to provide a supplemental response to this request under the conditions previously stated.  We will endeavor to provide a supplemental response by September 29, 2023.

Involved-Officer Use-of-Force Incidents (RFP No. 25, 55, 64, 73): For the reasons explained above, in reference to RFP No. 23, 53, 62, 71, the County's response is long overdue and its attempts to limit responsive documents are meritless.  Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response.  Thereafter, the parties met and conferred regarding Defendant's response.  Defendant agreed to, and did, provide its position.  At that time, we were unable to provide a date by when responsive documents could be produced, as we did not know whether any responsive documents existed.  We have now obtained documents from the County.  We are reviewing them to determine whether they are responsive to the request.  Once our review is complete, the County agrees to provide a supplemental response to this request under the conditions previously stated.  We will endeavor to provide a supplemental response by September 29, 2023.

Involved-Officer Discipline (RFP No. 26, 56, 65, 74): For the reasons explained above, in reference to RFP No. 23, 53, 62, 71, the County's response is long overdue and its attempts to limit responsive documents are meritless. Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response.  Thereafter, the parties met and conferred regarding Defendant's response.  Defendant agreed to, and did, provide its position.  At that time, we were unable to provide a date by when responsive documents could be produced, as we did not know whether any responsive documents existed.  We have now obtained documents from the County.  We are reviewing them to determine whether they are responsive to the request.  Once our review is complete, the County agrees to provide a supplemental response to this request under the conditions previously stated.  We will endeavor to provide a supplemental response by September 29, 2023.

SCSD Report No. 19-416979 (RFP No. 35): Your 7/14 email's reference only to documents "available to the public by accessing https://www.sacsheriff.com/pages/sb1421_releases.php" is not sufficient because, as discussed during our 6/21 meet-and-confer, those documents are heavily redacted and incomplete. Further, your 7/14 email's statement that "the County agrees to produce [further] documents, to the extent they exist," is insufficient. Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- The County has indicated that documents are publicly available.  Plaintiffs take issue with the documents because they contain redactions.  However, the reactions are made pursuant to Penal Code section 832.7.  Plaintiff also argues that the documents are "incomplete."  As previously indicated, the County advised it is willing to provide additional documents that exist.  We have since confirmed that the County does not have any additional documents to produce other than what is publicly available.  Accordingly, we will provide a supplemental response to this request.

Prone Restraint Incidents (RFP No. 36): We understand your 7/14 email to state that the County will stand on its timely-asserted objections. Accordingly, we will move to compel production of responsive documents, for the reasons explained in our 6/12 letter and during our 6/21 meet-and-confer.

- As Plaintiff has filed a motion to compel on this issue, the County's position will be provided in the parties' joint statement.

Prone Taser Incidents (RFP No. 37): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 42–43. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- As the County indicated in its supplemental response to Request No. 11, a Taser was not deployed during the event. Therefore, this request, aside from being overbroad, is not limited to any issue in this case to justify the burden of production of such documents.

Use-of-Force Discipline Reports (RFP No. 38): For the reasons explained above, in reference to RFP No. 23, 53, 62, 71, the County's response is long overdue and its attempts to limit responsive documents are meritless. Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response. Thereafter, the parties met and conferred regarding Defendant's response. Defendant agreed to, and did, provide its position. We have been advised that responsive documents will be provided to us in three weeks. As previously advised, when we get records, we will review them, and provide a supplemental response to this request under the conditions previously stated. We will endeavor to provide a supplemental response by September 29, 2023.

Use-of-Force Corrective Action (RFP No. 39): For the reasons explained above, in reference to RFP No. 23, 53, 62, 71, the County's response is long overdue and its attempts to limit responsive documents are meritless. Please provide the date by when the County's response will be served so that we may determine whether a motion to compel is necessary.

- Plaintiff served written discovery, and Defendant provided a response. Thereafter, the parties met and conferred regarding Defendant's response. Defendant agreed to, and did, provide its position. We have been advised that responsive documents will be provided to us in three weeks. As previously advised, when we get records, we will review them, and provide a supplemental response to this request under the conditions previously stated. We will endeavor to provide a supplemental response by September 29, 2023.

Use-of-Force Training/Re-Training (RFP No. 40): For the reasons explained above, in reference to RFP No. 14, the County's response is insufficient. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Defendant agrees to provide a supplemental response regarding its efforts to locate responsive documents.

Use-of-Force Settlements (RFP No. 41): We addressed this issue in our 6/12 meet-and-confer letter. Letter at 47–48. However, the County's 6/30 supplemental responses and your 7/14 email do not address it. Please provide the County's positions so that we may determine whether a motion to compel is necessary.

- Is Plaintiff seeking responsive documents concerning all types of force (e.g., K9, shooting, impact weapons, tasers, etc.), or only concerning events similar to the instant case?

Please provide us with a response, including confirmation that we are required to move forward with a motion to compel to obtain responsive documents for those issues address above. If you wish to schedule a further telephonic conference, please provide us with your availability.

Thank you,
Paul

Paul H. Masuhara
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: paul@markmerin.com

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Friday, July 14, 2023 5:06 PM
**To:** Paul Masuhara <paul@markmerin.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez

<ktellez@porterscott.com>

**Subject:** Estate of Sherrano Stingley v. County of Sacramento, et al.

Paul,

We have followed up with the County pertaining to plaintiff Estate's Request for Production of Documents, Set One and Set Two, as it pertains to the requests the subject of our recent meet and confer conference.  Below are the relevant requests, with the County's position inserted.  If you believe I have missed any, let me know.  For simplicity and ease of reference, I have combined the requests for the three deputies (where applicable).

1. All psychiatric/psychological evaluations of Deputies Linde, Martinez, and Villegas. (RPD Nos. 21, 51, 60, 69)
   a. Responsive documents are limited to the hiring process for these deputies.  However, the County does not agree to produce documents in response to these requests.  Putting aside the objections previously raised, such records are not material to any claim asserted in this case to justify the intrusion into their privacy.

2. All testimony provided in any civil action by Linde, Martinez, and Villegas – including: deposition and declaration testimony. (RPD Nos. 22, 52, 61, 70)
   a. The County is still confirming whether there are any documents responsive to these requests.  To the extent responsive documents exist, we will need to obtain and review them to determine whether they are responsive to the requests and material to any issue in this case. To the extent responsive documents exist, the County agrees to produce responsive documents pertaining to civil actions involving the use of force, as that is material to this case.  The County may request that any such documents be produced pursuant to a Protective Order.

3. All complaints against Linde, Martinez, and Villegas – including: formal and informal complaints interviews conducted, statements received, correspondence sent and received, reports and memos prepared. (RPD Nos. 23, 53, 62, 71)
   a. The County is still confirming whether there are any documents responsive to these requests.  To the extent responsive documents exist, we will need time to obtain and review them to determine whether there are any that are material to any issue in the case.  These requests are fatally overbroad and not limited to the issues in the case.  The County does agree to produce responsive documents pertaining to complaints involving the use of force, which is the material issue in this case.  The County may request that any such documents be produced pursuant to a Protective Order.

4. All investigations of complaints against Linde, Martinez, and Villegas – including: interviews conducted, statements received, correspondence sent and received, reports and memos prepared. (RPD Nos. 24, 54, 63, 72)
   a. The County is still confirming whether there are any documents responsive to these requests.  To the extent responsive documents exist, we will need time to obtain and review them to determine whether there are any that are material to any issue in the case.  These requests are fatally overbroad and not limited to the issues in the case.  The County does agree to produce responsive documents pertaining to investigations of complaints involving the use of force, which is the material issue in this case.  The County may request that any such documents be produced pursuant to a Protective Order.

5. All incidents reflecting use-of-force by Linde, Martinez, and Villegas – including: formal and informal complaints, interviews conducted, statements received, correspondence sent and received, reports and memos prepared. (RPD Nos. 25, 55, 64, 73)
   a. We have received responsive documents from the County.  We will need time to review them to determine whether they are responsive to these requests and can be produced, and under what circumstances.  As you are aware, we have objected to this request as it is fatally overbroad. However, the County does agree to produce responsive documents limited to the use of force events that bear at

10

least some resemblance to the facts of this case.  The County may request that any such documents be produced pursuant to a Protective Order.

6. All instances of discipline against Linde, Martinez, and Villegas – including: formal and informal complaints, interviews conducted, statements received, correspondence sent and received, reports and memos prepared. (RPD Nos. 26, 56, 65, 74)

   a. The County is still confirming whether there are any documents responsive to these requests.  As you are aware, we have objected to this request as it is fatally overbroad and intrudes on the deputies' right of privacy.  When we get records, we will review them. The County agrees to produce responsive documents pertaining to discipline involving the use of force, as that is the material issue in this case.  The County may request that any such documents be produced pursuant to a Protective Order.

7. All documents relating to Sacramento County Sheriff's Department Report No. 19-416979 – including: investigations, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos. (RPD No. 35)

   a. Responsive documents are available to the public by accessing https://www.sacsheriff.com/pages/sb1421_releases.php.  These include reports and other documents related to this event.  Should Plaintiffs insist on obtaining additional documents beyond that which are contained in the electronic link, the County agrees to produce such documents, to the extent they exist.  The County may request that any such documents be produced pursuant to a Protective Order.

8. All documents relating to incidents where Sacramento County Sheriff's Department officers applied body-weight on top of a subject in a prone restraint position, from December 2017 to present – including: formal and informal complaints, interviews conducted, statements received, correspondence sent or received, audio/video recordings, and reports and memos prepared. (RPD No. 36)

   a. The County is unable to provide responsive documents to this request, as phrased.  To do so would require County personnel to manually review an untold number of documents over many years, including video, to determine whether the events implicate the requested information.  Such would require an untold amount of time (many months) to accomplish.  The County simply does not have the resources required to locate the records requested, nor is the request proportional to the needs of the case as simply having an event where a deputy may have described in a report and/or is depicted applying body weight on a subject is not material to any dispute in this case.

9. All reports relating to use-of-force incidents by Sacramento County Sheriff's Department officers, where discipline was imposed, from December 2017 to present – including: formal and informal complaints, interviews conducted, statements received, correspondence sent or received, audio/video recordings, and reports and memos prepared. (RPD No. 38)

   a. The County agrees to produce responsive documents pertaining to discipline involving the use of force, in events bearing at least some resemblance to the facts of this case.  However, the universe of responsive documents will need to be limited to reports.  All other types of documents (such as video/audio, correspondence, memos, etc.) would expand the scope of this request to such a degree that it would be extremely burdensome for the County to be able to produce such documents, and such is not proportional to the needs of the case.  However, if plaintiffs, once they receive the reports, believe there are particular incidents that do justify the burden of production of additional documents, then the County is agreeable to further meet and confer.  **Note**: we will need time to obtain such records and review them to determine whether they are responsive to this request and can be produced.  The County may request that any such documents be produced pursuant to a Protective Order.  Further, names of the deputies, other than the three deputies involved in this case, will need to be redacted.

11

**10.** All corrective action in response to use-of-force incidents by Sacramento County Sheriff's Department offices, where discipline was imposed, from December 2017 to present – including: correspondence sent or received and reports, memos, or summaries prepared. (RPD No. 39)

    a.   See No. 9 above.  The County agrees to produce responsive documents under similar conditions.


Should you have any questions regarding the above, please let us know.




**Suli A. Mastorakos**
Attorney
350 University Avenue | Suite 200 | Sacramento, CA 95825
T| 916.929.1481 x354 F| 916.927.3706
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



MAP THE NEW LOCATION

MARK E. MERIN
mark@markmerin.com

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

PAUL H. MASUHARA
paul@markmerin.com

June 12, 2023

Carl L. Fessenden, Esq.                                      <cfessenden@porterscott.com>
Suli A. Mastorakos, Esq.                                   <smastorakos@porterscott.com>
Porter Scott
350 University Ave., Ste. 200
Sacramento, CA 95825

**Re:**   ***Estate of Stingley v. County of Sacramento***
         **U.S. District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC**

Dear Counsel:

This correspondence serves as the initiation of meet-and-confer efforts, pursuant to Local Rule 251(b).

### **County's Response to Estate's Request for Production, Set One**

On April 18, 2023, Plaintiff Estate of Sherrano Stingley ("Plaintiff") propounded requests for production, set one ("RFP S1"), on Defendant County of Sacramento ("County").

On June 5, 2023, the County served responses and objections ("RFP S1 Resp.").

### **RFP No. 1 – Arrest Documents**

REQUEST FOR PRODUCTION NO. 1:
All DOCUMENTS relating to the arrest of Sherrano Stingley occurring on or about December 6, 2022—including: investigations, interviews, statements, correspondence (physical and electronic), video/audio recordings, photos, reports, and memos.

RFP S1 at 3.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "relating to." As phrased, it calls for speculation as to the type and scope of information Plaintiff is seeking. Defendant further objects on the grounds that as phrased the request seeks documents protected by the attorney-client privilege and/or work product protections. Defendant further objects on the grounds that the requested documents may contain confidential and private information of third parties. Subject to and without waiving said objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as follows:
Defendant will comply with this request and produce its complete reports and investigation files concerning the arrest of Plaintiff on December 6, 2022. To the extent

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 2 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

those records contain confidential or private materials, a protective order will be needed or the information will be redacted.

RFP S1 Resp. at 3.

   Boilerplate Objections: A responding party must assert particularized and specific objections, Fed. R. Civ. P. 34(b)(2)(B), "includ[ing] a statement of reasons and, if appropriate, citation to relevant authority," E.D. Cal. L.R. 250.3(b). "[B]oilerplate objections are presumptively insufficient," *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), "are not well-received … , and will usually be met with boilerplate overrulings," *Garcia v. County of Stanislaus*, 2022 U.S. Dist. LEXIS 166453, at *42 (E.D. Cal. Sep. 14, 2022). For example, "generic objections" are "improper"—*e.g.*, "overbroad, vague and ambiguous, incomplete hypotheticals, call for speculation, lack foundation, and assume facts not in evidence." *See, e.g.*, *Taylor v. County of Calaveras*, 2019 U.S. Dist. LEXIS 206485, at *9 (E.D. Cal. Nov. 26, 2019). "If there is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *See, e.g.*, *Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, at *19 (E.D. Cal. June 5, 2012); *Mort v. Brennan*, 2020 U.S. Dist. LEXIS 175924, at *11 (E.D. Cal. Sep. 24, 2020).

   The County's objections are insufficient boilerplate which lacks the required specificity to preserve any particular objection.

   Vague or Ambiguous: "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012). The objecting party "must explain the particular ways in which a request is vague," "by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010) (citation omitted).

   The County's objection that the term "relating to" is "vague and ambiguous" and "calls for speculation" is insufficient. For example, reason and common sense can be exercised to attribute ordinary definitions to the allegedly vague term. *See, e.g.*, *Porter v. City & County of San Francisco*, 2018 U.S. Dist. LEXIS 151349, at *19 (N.D. Cal. Sep. 5, 2018); *Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *3 (E.D. Cal. June 14, 2021); *Libby v. City of Gridley*, 2021 U.S. Dist. LEXIS 145340, at *5 (E.D. Cal. Aug. 2, 2021) ("There is nothing vague about the phrase 'use of force.'"). Specifically, where a request seeks "a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005). For example, in *Mollica v. County of Sacramento*, 2022 U.S. Dist. LEXIS 19384 (E.D. Cal. Feb. 1, 2022), the plaintiff "requested 'all documents relating to' a citizen complaint she filed against the County before th[e] lawsuit began." *Id.* at *2. The County objected that the request was overbroad but the court found "[the plaintiff]'s request [] was not unworkably vague or overbroad. It referred to her citizen's complaint and was specific enough to permit the County to look for and find documents related to that complaint." *Id.* at *7; *see also United States v. Bayley*, 2022 U.S. Dist. LEXIS 63592, at *6 (W.D. Wash. Apr. 5, 2022) ("Plaintiff's requests for 'all documents' are permissibly phrased as they ensure all discoverable material is provided.").

records," "discipline records," "employee orientation records," and "memoranda regarding any changes in assignment." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is overbroad as to scope and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to time. Defendant further objects to the extent that the request calls for materials considered privileged and confidential. Defendant further objects on the grounds that the request seeks documents that are subject to the right of privacy, including, but not limited to, the rights guaranteed under the United States and California constitutions. Subject to and without waiving said objections, in accordance with Defendant's understanding of the fair meaning of this request, Defendant responds as follows:

Defendant will comply with this request and produce, pursuant to a protective order, the requested personnel files of Deputies Freddy Martinez, Brittany Linde, and Rachell Villegas. As to any portions of the personnel files that contain confidential and/or private information, Defendant will produce a detailed privilege log.

RFP S1 Resp. at 12–13.

    <u>Boilerplate Objections</u>: The County's boilerplate objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

    <u>Vague or Ambiguous</u>: The County's vagueness objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

    <u>Relevance</u>: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance for purposes of discovery is defined very broadly," *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998), including "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Generally, "a judge should resolve doubts about relevance in favor of disclosure, in part because she is not likely to understand the case as well as plaintiff's counsel, and thus is not likely to be able to foresee all the ways he might be able to use the information, and in part because the standard set forth in Rule 26 is so broad." *Kelly v. San Jose*, 114 F.R.D. 653, 668 (N.D. Cal. 1987). "Stringent relevancy standards would cause difficulties for plaintiffs because it is unlikely that they know the exact content of confidential police files." *Gonzalez v. City of Fresno*, 2007 U.S. Dist. LEXIS 73766, at *18 (E.D. Cal. Sep. 20, 2007). Accordingly, "[t]he relevance standard is extremely broad, especially in civil rights [] cases," *Burrell v. City of Vallejo*, 2021 U.S. Dist. LEXIS 121541, at *7–8 (E.D. Cal. June 29, 2021), including where claims alleging *Monell* liability are present. *See, e.g., Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *4 (E.D. Cal. June 14, 2021); *Sanchez v. County of Sacramento*, 2022 U.S. Dist. LEXIS 52782, at *17–18 (E.D. Cal. Mar. 22, 2022); *Greer v. County of San Diego*, 2021 U.S. Dist. LEXIS 241813, at *7 (S.D. Cal. Dec. 17, 2021) ("By their nature, *Monell* claims typically require broader and more substantial discovery than claims brought only against the individuals directly involved in the alleged deprivation of a plaintiff's rights.").

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 24 of 78

==The County's objection that the request is "overbroad as to scope" and "overbroad as to time" is insufficient. If the objecting party "does not explain why the request is not relevant," then its "general objection based upon relevance[] amounts to a waiver of the objection." *Gen. Elec. Co. v. Wilkins*, 2012 U.S. Dist. LEXIS 87094, at \*26 (E.D. Cal. June 22, 2012). For example, the County provides no explanation for *how* or *why* the requested records are "overbroad." *See, e.g., Thomas*, 715 F. Supp. 2d at 1031–32 ("discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action," and "[a] party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied").==

==Specifically, the Ninth Circuit "has held that personnel files are discoverable in federal question cases … despite claims of privilege." *See Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987); *see also Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005); *Sanchez v. County of Sacramento*, 2020 U.S. Dist. LEXIS 21869, at \*10 (E.D. Cal. Feb. 6, 2020); *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). "[A]ny number of [] matters potentially contained in [an officer's personnel files] are plainly relevant to this lawsuit, no matter the age of the document." *See, e.g., Kaur v. City of Lodi*, 2015 U.S. Dist. LEXIS 2739, at \*10–11 (E.D. Cal. Jan. 9, 2015); *Frails v. City of New York*, 236 F.R.D. 116, 118 (E.D.N.Y. 2006). For example, the information is relevant to both the individual officer's liability and municipal liability. *See, e.g., Hampton*, 147 F.R.D. at 229; *Sanchez*, 2021 U.S. Dist. LEXIS 105549, at \*14.==

<u>Privacy</u>: The County's privacy-based objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

<u>State Law Protection</u>: In federal cases, the scope of discovery is governed by *federal* common law. *See* Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr v. United States Dist. Court*, 511 F.2d 192, 197 (9th Cir. 1975); *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1169 (C.D. Cal. 1998); *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003). "It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities." *Miller v. Pancucci*, 141 F.R.D. 292, 297–98 (C.D. Cal. 1992). Similarly, state constitutional protections are also inapplicable. *See, e.g., EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009); *Cooley v. City of Vallejo*, 2013 U.S. Dist. LEXIS 155175, at \*20–21 n.4 (E.D. Cal. Oct. 29, 2013); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005).

The County's objections based on "materials considered privileged and confidential" under state law and protected "under the … California [C]onstitution[]" are insufficient. For example, "resort to state law [i]s 'contrary to law,'" *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 638 (E.D. Cal. 2010), and "arguments that rely on application of California state law are disregarded," *Herring v. Clark*, 2011 U.S. Dist. LEXIS 63332, at \*16 (E.D. Cal. June 13, 2011); *see, e.g., Lear v. Sahota*, 2020 U.S. Dist. LEXIS 237811, at \*9 (E.D. Cal. Dec. 16, 2020); *Kaur v. Alameida*, 2007 U.S. Dist. LEXIS 40593, at \*13 (E.D. Cal. May 23, 2007); *Kaur v. City of Lodi*, 2015 U.S. Dist. LEXIS 2739, at \*25–26 (E.D. Cal. Jan. 9, 2015) ("federal discovery rules govern here, not the state's [] code").

Carl L. Fessenden, Esq.
Suli A. Mastorakos, Esq.
June 12, 2023
Page 31 of 78

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

## RFP No. 26 – Involved-Officer Discipline

REQUEST FOR PRODUCTION NO. 26:
All instances of discipline against the three officers present when Sherrano Stingley was encountered, placed into prone position, and handcuffed on December 6, 2022—including: formal and informal complaints, interviews conducted, statements received, correspondence sent and received, reports and memos prepared.

RFP S1 at 7.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:
Objection. Defendant objects on the grounds that the request is vague and ambiguous, specifically with respect to "all complaints," "three officers present," "formal and informal complaints." As phrased, it calls for speculation as to the type of information Plaintiff is seeking with respect to the aforementioned terms. Defendant further objects on the grounds that the request is not reasonably particularized to a category of documents relevant to the subject matter of this lawsuit and not proportional to the needs of the case. Defendant further objects on the grounds that the request is overbroad as to scope. Defendant further objects on the grounds that the request is overbroad as to time. The defects in this request preclude Defendant from responding.

RFP S1 Resp. at 16.

Boilerplate Objections: The County's boilerplate objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

Vague or Ambiguous: The County's vagueness objections are insufficient for the same reasons discussed with respect to RFP No. 1, above.

Relevance: The County's relevance-based objections are insufficient for the same reasons discussed with respect to RFP No. 19, above.

Specifically, "the personnel files and internal affairs histories of the [] named officer defendants . . . are relevant to the allegations in this lawsuit," for example, where the "[i]nformation contained in these files may be relevant on the issues of credibility, notice to the employer, ratification by the employer and motive of the officers. Further, information concerning other instances of misconduct may also be relevant on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Hampton*, 147 F.R.D. at 229. "[A]ny number of [] matters potentially contained in [an officer's personnel files] are plainly relevant to this lawsuit, no matter the age of the document." *Kaur*, 2015 U.S. Dist. LEXIS 2739, at *10–11.

## RFP No. 27 – Mental Health Training

REQUEST FOR PRODUCTION NO. 27:
All DOCUMENTS relating to training Sacramento County Sheriff's Department officers receive relating to contacts with persons potentially experiencing mental health issues, as

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

these files may be relevant on the issues of credibility, notice to the employer, ratification by the employer and motive of the officers. Further, information concerning other instances of misconduct may also be relevant on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Hampton*, 147 F.R.D. at 229. "[A]ny number of [] matters potentially contained in [an officer's personnel files] are plainly relevant to this lawsuit, no matter the age of the document." *Kaur*, 2015 U.S. Dist. LEXIS 2739, at *10–11.

<u>Duplicative</u>: The County's duplicative-request objections are insufficient for the same reasons discussed with respect to RFP No. 43, above.

### Conclusion

Plaintiff requests the County to amend the responses, to withdraw the insufficient and meritless objections, and to produce responsive documents, as discussed above. Plaintiff will <u>not</u> accept amended or supplemental responses attempting either: (a) to assert brand-new and previously-unasserted objections on a belated basis; or (b) to cure the deficiencies associated with insufficient objections identified in this correspondence. *See, e.g., Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409–10 (C.D. Cal. 2005); *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2014 U.S. Dist. LEXIS 144173, at *11 (E.D. Cal. Oct. 9, 2014).

We would like to schedule a telephonic conference to meet-and-confer regarding the issues addressed in this letter, to determine if it is possible to avoid the filing of a motion to compel. Accordingly, please provide us with dates and times of your availability for the scheduling of a telephonic conference by Friday, **June 16, 2023**.

Very Truly Yours,
LAW OFFICE OF MARK E. MERIN

Mark E. Merin

# EXHIBIT 6



**PORTER | SCOTT**
ATTORNEYS

October 6, 2023

**U.S. MAIL**

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814
mark@markmerin.com
paul@markmerin.com

RE:    ***Estate of Sherrano Stingley v. County of Sacramento, et al.***
       **U.S.D.C. – Eastern District Court Case No: 2:23-cv-00255-TLN-AC**

Dear Mr. Merin:

Following our previous correspondence, enclosed please find documents Bates labeled DEF 01805 – 02762 and 03568 – 05453. These documents are the subject of our ongoing meet and confer discussions pertaining to Plaintiff Estate of Sherrano Stingley's Request for Production of Documents, Set One and Set Two. Supplemental responses will follow. We are awaiting additional responsive documents from the County pertaining to recording data (RPD No. 10) and settlements (RPD No. 41). As soon as we receive those, we will produce them to you.

If you have any questions, please let us know.

Very truly yours,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By

Suli A. Mastorakos

CLF/SAM:ktt
Enclosure

A PROFESSIONAL CORPORATION

*Stingley v. County of Sacramento, et al.*
**U.S.D.C – Eastern District of California Court Case No.: 2:22-cv-00255-TLN-AC**

### DECLARATION OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California.  I am over the age of eighteen years and not a party to the within above-entitled action.  My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following:  **FLASH DRIVE CONTAINING RESPONSIVE DOCUMENTS** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| **X** | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below.  I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

**Attorney for Plaintiffs**
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814
mark@markmerin.com
paul@markmerin.com

I declare under the penalty of perjury that the foregoing is true and correct.  Executed at Sacramento, California, on  October 6, 2023.

Tanya Malkey

3

[XX]

# EXHIBIT 7

| | |
|---|---|
| **From:** | Suli Mastorakos <smastorakos@porterscott.com> |
| **Sent:** | Friday, November 17, 2023 2:00 PM |
| **To:** | Paul Masuhara |
| **Cc:** | Mark Merin; Carl Fessenden; Kilina Tellez |
| **Subject:** | RE: Estate of Stingley v. County of Sacramento - FAC |

Paul,

Thank you for your email.  On the protective order issue, you are correct that the discipline records are not identified by Bates label in the protective order currently on file.  As I pointed out, we had not received the additional discipline records at the time the protective order was filed.  Thus, could not identify those records by Bates label in the protective order.  However, the discipline records are nonetheless very much a part of the officers' ***personnel files***, which the protective order clearly covers.  Had we received those documents at the time the protective order was entered into, it is undisputed that they would have been included therein.  That is the only reason why we produced the records to you with a confidential designation.  That we did so does not change the nature of the records.  Thus, this dispute is necessary.

Unfortunately, in light of your position and the filing of your motion to amend the complaint which includes allegations derived from the confidential discipline records, Defendants have no choice but to move to amend/modify the protective order.

As a separate but related issue, the primary purpose of a protective order, as you know, is to prevent the information from becoming public.  Filing a document with the court makes it – and by extension the information therein – public record.  Thus, we do not agree with your position that you can file documents covered under a protective order with the Court, unless of course you do so under seal, which you have not.  I do not think any of your cited authorities supports your position regarding the permissibility of making confidential documents public.  Further, the documents are not investigation reports or anything of the sort that is related to the underlying incident.  Rather, they are discipline records pertaining to matters having nothing to do with anything even close to resembling the facts of this case.  The law is clear that in order to state a *Monell* claim, a plaintiff must (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) indicate how the deficiency amounts to deliberate indifference, i.e., explain how the deficiency involved was obvious and the constitutional injury likely to occur. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).  It is unclear to us how any of the allegations in the proposed FAC pertaining to the subject discipline records can be tied to any cognizable injury claimed by plaintiffs.

Thank you.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x562
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Wednesday, November 15, 2023 11:57 AM
**To:** Suli Mastorakos <smastorakos@porterscott.com>

1

**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

**<span style="color:red">\*\*\*External email\*\*\*</span>**

Suli:

As I explained during our conversation on 11/9, your positions are incorrect. Below, I summarize the same information provided during our call last week:

Your assertion that "the allegations in paragraph 180" are "subject to our protective order (ECF Nos. 18-19)" and that "[m]aking such information public … [would] violate[] the protective order" is wrong. The protective order covers: "1. Personnel Files of Freddy Martinez (Bates DEF 01667 – DEF 01748); 2. Personnel Files of Rachell Villegas (Bates DEF 01749 – DEF 01792); 3. Personnel Files of Brittany Linde (Bates DEF 01577 – DEF 01666)." ECF No. 18 at 3. You know this because you personally inserted the specific Bates numbers into the stipulated protection order. *See* your email dated 8/4/23 ("Attached is a further draft of the SPO with the Bates numbers inserted for the respective personnel files."). The discovery documents from which the allegations in paragraphs 180 and 182 were derived were produced by the County as DEF 01805–05382. Thus, those documents are **not** covered by the protection order. *See* ECF No. 18–19.

Even if these documents were covered by a protective order, Plaintiffs would still be permitted to disclose the contents of these documents in a pleading. This is because the legal standards governing discovery and pleadings are not the same. *See, e.g., Estate of Neil v. County of Colusa*, 2020 U.S. Dist. LEXIS 168892, at \*3–4 (E.D. Cal. Sep. 14, 2020). Further, "[n]one of the Internal Investigation [d]ocuments involve personal actions unrelated to official functions, decisions and duties of the officers. While Defendants allege that Plaintiff[s] may use these records to satisfy a private spite, it is hardly private spite, promotion of public scandal, or libelous, to contend that Defendant[s] engaged in misconduct during the scope of [their] official duties, and to submit to the Court documented instances of alleged misconduct in support of that argument." *Macias v. Cleaver*, 2016 U.S. Dist. LEXIS 85529, at \*13 (E.D. Cal. June 30, 2016). Indeed, Defendants are currently challenging Plaintiffs' pleading on the basis that it does not state a claim for municipal and supervisory liability based on inadequate discipline of personnel. *See* ECF No. 13 at 8–14. The allegations in paragraphs 180 and 182 plainly support those theories alleged by Plaintiffs, as well as others.

I also explained that your position that "the events [described in DEF 01805–05382] bear no similarity to the facts of this case," even if true (with which we disagree), does not preclude Plaintiffs from relying on those facts. "For example, the Ninth Circuit has held that a district court abused its discretion by excluding all evidence related to prior complaints about and investigations into one officer's conduct because the exclusion 'entirely prevented [the plaintiff] from developing a potentially meritorious *Monell* claim' and the evidence of that one officer's history was 'critical' to this claim." *Hayes v. Riley*, 525 F. Supp. 3d 1118, 1121 (N.D. Cal. 2020) (quoting *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015)). Further, "general evidence of departmental treatment of complaints and of the use of force can support the plaintiff's theory that disciplinary and complaint processes contributed to the police excesses complained of because the procedures made clear to the officer that he could get away with anything[.]" *Velazquez*, 793 F.3d at 1027 (internal citation & alterations omitted).

At this point, there is no reason for Defendants to withhold consent to the filing of the proposed First Amended Complaint, where Defendants will be free to file a motion to dismiss on the merits once the amended pleading is filed. But, based on our conversation, we understand that Defendants wish to litigate this issue and, as I informed you, we will file a motion to amend.

Thank you,
Paul

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Friday, November 10, 2023 4:26 PM
**To:** Paul Masuhara <paul@markmerin.com>
**Cc:** Mark Merin <mark@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

Paul,

This email follows our telephone conference of yesterday.  We cannot stipulate to the filing of your proposed FAC as it is currently written. While we can generally agree to your amending the Complaint to add the deputies as defendants, we cannot agree to the filing of the proposed FAC containing the allegations in paragraphs 180 and 182.  (As we discussed, those allegations do not need to be included in your FAC, as you could litigate the case the same with or without their inclusion into an amended complaint. Thus, their inclusion is unnecessary and only serves to publicly embarrass all persons involved.)

As you know, many of the allegations in paragraph 180 (e.g., (a)-(d), (g)) contain extremely sensitive information from officer personnel records related to discipline that was specifically marked CONFIDENTIAL and subject to our protective order (ECF Nos. 18-19).  Making such information public by filing it with the Court is impermissible and violates the protective order on file in this matter (ECF Nos. 18-19).  There is no reason such sensitive information needs to be made public, other than to embarrass.  The allegations about an ongoing sexual relationship and naming of the involved persons does nothing to advance your claims. From our conversation, our understanding is you are taking the position that the additional discipline records are not part of the protective order on file because the protective order identifies the documents covered by it by bates label.  While it is true the additional discipline records are not identified by bates label in the protective order, that is only because we did not have the records at the time the protective order was filed.  However, if we did have those records at the time, they would surely have been included in the protective order.  Notwithstanding, the protective order allows additional documents to be added upon agreement of the parties.  (See Section D, para. (12).)  Will you agree to enter into a protective order regarding the discipline records?  If you are not going to agree, then we will have no option but to move the Court for a protective order.  Please let us know.

Allegations in paras. 180(e)-(f), (h)-(i) are also not material to any claims asserted in this case, as the events bear no similarity to the facts of this case.

Allegations in paras. 182 (a)-(r) likewise concern events that are unrelated to the facts of this case.

If you wish to discuss this further, please let us know.

Thank you.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x562
www.porterscott.com

CONFIDENTIALITY NOTICE: This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Monday, October 23, 2023 8:16 AM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>

**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

**\*\*\*External email\*\*\***

Suli:

Based on our prior agreement and the County's recently produced, unenumerated production of documents, we have drafted a further First Amended Complaint. (Attached.) We suspect that further amendment will be necessary after the County produces additional documents—for example, the withheld officer evaluations and prone restraint incidents which the Court has compelled for production (ECF No. 31). But we do not know when the additional documents will be produced in this case because the County has unilaterally decided to make unauthorized, untimely "rolling" productions of discovery.

Accordingly, we propose filing the attached First Amended Complaint, pursuant to Rule 15(a)(2). If Defendants consent to the filing of this pleading, please authorize us to apply your e-signature to the stipulation. (Attached.) If Defendants do not consent to the filing of this pleading, we will prepare a motion to amend.

If you wish to discuss the issue further, feel free to contact us.

Thank you,
Paul

Paul H. Masuhara
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail:  paul@markmerin.com

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Thursday, September 7, 2023 6:27 PM
**To:** Paul Masuhara <paul@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

Paul,

We agree to your proposal to delay filing the amended complaint until after you receive the supplemental discovery responses.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

CONFIDENTIALITY NOTICE: This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

---

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Wednesday, September 6, 2023 9:59 AM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

**\*\*\*External email\*\*\***

Suli:

Since you have stated that the County agrees to provide supplemental discovery responses by September 29, 2023, does the County have an objection to Plaintiffs' waiting to file the amended complaint until after receiving those supplemental responses? We believe this would be the most efficient course for amending the complaint, since the County's forthcoming supplemental responses may result in further additions to the complaint. Let us know your position.

Thank you,
Paul

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Monday, August 28, 2023 6:52 PM
**To:** Paul Masuhara <paul@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

You have our authority for filing with the court.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

CONFIDENTIALITY NOTICE: This email and any attachments are confidential and privileged. Any inadvertent disclosure shall not waive the attorney-client or work product privileges. If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

---

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Monday, August 28, 2023 11:53 AM
**To:** Suli Mastorakos <smastorakos@porterscott.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

**\*\*\*External email\*\*\***

Suli:

Thanks for your response.

Attached is a draft stipulation. Please confirm that we may apply your e-signature to the document for filing with the Court.

Thank you,
Paul

---

**From:** Suli Mastorakos <smastorakos@porterscott.com>
**Sent:** Friday, August 25, 2023 12:12 PM
**To:** Paul Masuhara <paul@markmerin.com>; Carl Fessenden <cfessenden@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** RE: Estate of Stingley v. County of Sacramento - FAC

Defendants are willing to stipulate to the filing of Plaintiffs' proposed First Amended Complaint.



**Suli A. Mastorakos**
Attorney
2180 Harvard Street | Suite 500 | Sacramento, CA 95815
T| 916.929.1481 x354
www.porterscott.com

**CONFIDENTIALITY NOTICE:** This email and any attachments are confidential and privileged.  Any inadvertent disclosure shall not waive the attorney-client or work product privileges.  If you have received this email in error, please notify the sender immediately and delete all copies of the email and any attachments.



**MAP THE NEW LOCATION**

---

**From:** Paul Masuhara <paul@markmerin.com>
**Sent:** Wednesday, August 16, 2023 11:15 AM
**To:** Carl Fessenden <cfessenden@porterscott.com>; Suli Mastorakos <smastorakos@porterscott.com>
**Cc:** Mark Merin <mark@markmerin.com>; Kilina Tellez <ktellez@porterscott.com>
**Subject:** Estate of Stingley v. County of Sacramento - FAC

**\*\*\*External email\*\*\***

Counsel:

Based on our recent receipt of discovery in the *Stingley* matter, we would like to amend the complaint to identify the "Doe" Defendants. Attached is a proposed amended pleading, with tracked-changes between the currently-operative Complaint, ECF No. 1, and the proposed First Amended Complaint.

We are requesting Defendants' consent via stipulation to the filing of this amended pleading, pursuant to Federal Rule of Civil Procedure 15(a)(2). If consent is not provided, we will be obligated to file a motion to amend.

At your early convenience, please indicate if Defendants are willing to consent to the filing of the attached proposed First Amended Complaint.

Thank you,
Paul

Paul H. Masuhara
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail:  paul@markmerin.com