UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN, | No. 2:23-cv-00255 TLN AC |
| Plaintiffs, | ORDER |
| v. | |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the court on a motion to enforce or amend/modify the stipulated protective order (ECF No. 18) that was approved by the undersigned on August 17, 2023. ECF No. 19. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The matter was taken under submission on the papers. ECF No. 36. The parties submitted the required joint statement. ECF No. 50. For the reasons stated below, the court GRANTS the motion.

**I.   Relevant Background**

This case arises from the death of Sherrano Stingley, a 48-year-old disabled Black man who struggled with mental health issues and periodically experienced mental health episodes. ECF No. 1 at 4. According to the complaint, Mr. Stingley was experiencing mental health symptoms, including confusion and paranoia, on December 6, 2022, when he attempted to enter a

1

1  vehicle and a home he mistakenly believed to belong to his daughter. Id. Police were called and
2  arrived around 5:45 a.m. Id. at 5. An encounter ensued which led to Mr. Stingley being
3  restrained on the ground, with pressure applied to his back and neck by officers. Id. at 10. Mr.
4  Stingley became unconscious and stopped breathing. Id. at 10-11. When officers could not
5  awaken Mr. Stingley, they called the fire department and waited for them to arrive on scene. Id.
6  at 12. Mr. Stingley died on December 16, 2022, because of his injuries. Id. at 13.

7       Plaintiffs sought the personnel files for involved officers through a Request for
8  Production. ECF No. 40-1 at 11 (RFP No. 18). On August 17, 2023, the undersigned approved
9  the parties' stipulated protective order specific to personnel files. ECF No. 19. The stipulated
10 protective order stated that the covered information included: "1. Personnel Files of Freddy
11 Martinez (Bates DEF 01667 – DEF 01748)[;] 2. Personnel Files of Rachell Villegas (Bates DEF
12 01749 – DEF 01792)[;] 3. Personnel Files of Brittany Linde (Bates DEF 01577 – DEF 01666)."
13 ECF No. 18 at 3. Defendants produced the personnel files on September 6, 2023. ECF No. 40-1
14 at 3. Separately, plaintiffs issued a Request for Production seeking records related to all
15 "instances of discipline against the tree officers present when Sherrano Stingley was encountered,
16 placed into a prone position, and handcuffed on December 6, 2022[.]" ECF No. 40-1 at 12 (RFP
17 No. 26).

18      Following meet and confer efforts, defendants produced documents responsive to RFP
19 No. 26 on October 6, 2023. Id. at 3. The documents were produced under a "confidential"
20 designation and Bates labeled DEF 01805-02510. Id. Plaintiffs are currently seeking leave to file
21 an Amended Complaint, that would include some of the information contained in that production
22 of documents. ECF No. 34. That motion is pending before the District Judge assigned to this
23 case. Id. Defendants object to inclusion of information contained in DEF 01805-02510
24 appearing in an amended complaint, and ask the undersigned "to find that the discipline records at
25 issue are subject to the existing Protective Order. In the alternative, if the Court concludes that
26 the existing Protective Order does not cover the discipline records at issue, Defendants request
27 that the Court amend the Protective order to include the records." ECF No. 40 at 2.
28 ////

**II.     Motion**

The existing stipulated protective order, which was approved by the undersigned, is unusually specific.  It is so specific as to expressly limit its application to documents by identified Bates number.  By its own very clear terms, the existing stipulated protective order does not apply to documents that are Bates labeled DEF 01805-02510.  ECF No. 18 at 3.  The court will not infer broader application where the parties took the unusual step of drafting such a narrow protective order.  However, the court agrees with defendants that the protective order should be modified to incorporate application to the documents Bates labeled DEF 01805-02510.

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c).  This rule states in relevant part: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).  Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id.  District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002).

The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted.  In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).  In this case, the stipulated protective order approved by the court was poorly drafted to be unnecessarily narrow in its application.  The order entered by the undersigned specifically contemplates that the order can

////

be modified with the court's approval, including through means of a motion such as the one at bar.  ECF No. 19 at 2.

As a preliminary matter, the court acknowledges and rejects plaintiff's arguments that the production of the documents renders them presumptively public, and that defendants' error in failing to seek a protective order before producing the documents prevents them from seeking a protective order now.  ECF No. 40 at 13-16.  The court agrees that defendants should not have presumed application of the existing narrow protective order, but will not allow this error in judgment to prevent them from seeking to remedy the situation.  Turning to the merits, the court finds that there is good cause to modify the existing protective order to include the documents at DEF 01805-02510.  These discipline records clearly pertain to highly confidential personnel matters that are typically covered by protective orders.  ECF No. 40 at 11.  Further, plaintiffs do not appear able to dispute defendants' contention that these disciplinary records relate only to inflammatory information not clearly related to the fact pattern at issue in this case, and making these records public appears to serve no other purpose than to humiliate the deputies involved.  The court thus finds good cause to amend the protective order to include these documents.

### III. Conclusion

Defendants' motion to modify the protective order (ECF No. 35) is GRANTED and the protective order issued in this case through the order at ECF No. 19 is hereby MODIFIED to apply to the following produced documents: DEF 01805-02510.

IT IS SO ORDERED.

DATED: January 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE