1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11    ESTATE OF SHERRANO STINGLEY,                 No. 2:23-cv-00255-TLN-AC
      DYMIN STINGLEY, S.S., and ANNETTE
12    HILBURN,

13                        Plaintiffs,             **ORDER**

14           v.

15    COUNTY OF SACRAMENTO, et al.,

16                        Defendants.

17

18           This matter is before the Court on Plaintiffs Estate of Sherrano Stingley, Dymin Stingley,

19    S.S., and Annette Hilburn's (collectively, "Plaintiffs") Motion for Reconsideration of the

20    magistrate judge's January 17, 2024 Order.  (ECF No. 43.)  Also pending before the Court is

21    Defendants County of Sacramento, Sacramento County Sheriff's Department, and Scott Jones's

22    (collectively, "Defendants") Motion to Dismiss and Plaintiffs' Motion for Leave to Amend.

23    (ECF Nos. 12, 34.)  All motions have been fully briefed.  For the reasons set forth below, the

24    Court DENIES Plaintiffs' motion for reconsideration, GRANTS Plaintiffs' motion to amend, and

25    DENIES Defendants' motion to dismiss as moot.

26    ///

27    ///

28

                                                  1

1        I.      FACTUAL AND PROCEDURAL BACKGROUND

2        This action arises from the death of Sherrano Stingley, a 48-year-old Black man who

3   periodically experienced mental health episodes.  (ECF No. 1 at 4.)  On December 6, 2022, Mr.

4   Stingley began experiencing symptoms of his mental disability, including confusion and paranoia.

5   (*Id.*)  Around 5:15 AM, Mr. Stingley was wandering around his daughter's neighborhood without

6   his shoes and attempted to enter a vehicle and home he mistakenly believed to belong to his

7   daughter.  (*Id.*)  Mr. Stingley's daughter had previously told him he could sit in his daughter's car

8   when had mental health episodes.  (*Id.* at 4–5.)

9        Around 5:30 AM, someone in the home called the police.  (*Id.* at 5.)  Fifteen minutes later,

10  three officers arrived on the scene and an encounter between the officers and Mr. Stingley ensued.

11  (*Id.*)  The three officers restrained Mr. Stingley on the ground and applied pressure to his back

12  and neck.  (*Id.* at 10.)  Mr. Stingley became unconscious and stopped breathing.  (*Id.* at 10–11.)

13  Two other officers arrived on the scene and called the fire department because they could not

14  wake Mr. Stingley up.  (*Id.* at 12.)  On December 16, 2022, Mr. Stingley died from his injuries.

15  (*Id.* at 13.)

16       On February 9, 2023, Plaintiffs initiated this action.  (ECF No. 1.)  In the operative

17  Complaint, Plaintiffs allege thirteen causes of action under both federal and state law, including

18  *Monell* liability against the County of Sacramento and the Sacramento County Sheriff's

19  Department and supervisory liability against Scott Jones.  (*Id.*)  On March 28, 2023, Defendants

20  filed the instant motion to dismiss.  (ECF No. 12.)

21       On April 18, 2023, Plaintiffs issued a Request for Production ("RFP 26") seeking records

22  related to all "instances of discipline against the three officers present when Sherrano Stingley

23  was encountered . . . on December 6, 2022."  (ECF No. 40-1 at 12.)  On August 14, 2023, the

24  parties filed a stipulated protective order (the "Protective Order") that the magistrate judge

25  approved on August 17, 2023.  (ECF Nos. 18, 19.)  The Protective Order covered a narrow set of

26  personnel files belonging to the involved officers.  (ECF No. 19.)  On November 17, 2023,

27  Defendants filed a motion to amend/modify the stipulated protective order to include the

28  documents produced in response to RFP 26.  (ECF No. 35.)  On January 17, 2024, the magistrate

2

judge granted Defendants' motion to modify the Protective Order to include documents labeled DEF 01805–02510 (the "Subject Documents") since the "discipline records clearly pertain[ed] to highly confidential personnel matters that are typically covered by protective orders."  (ECF No. 42.)  On January 26, 2024, Plaintiffs filed the instant motion for reconsideration of the magistrate judge's January 17, 2024 Order.  (ECF No. 43.)

Separately, on November 15, 2023, Plaintiffs filed the instant motion to amend the operative Complaint to include new information obtained through documents produced by Defendants in response to RFP 26.  (ECF No. 34.)  Because the Court intends to grant Plaintiffs' motion for leave to amend, the Court need not and does not address Defendants' motion to dismiss.

**II.     PLAINTIFFS' MOTION FOR RECONSIDERATION**

        A.     Standard of Law

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  See Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).

"A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision."  *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. V. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).  "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters."  *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).  Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'"

1   *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979

2   F.2d 1369, 1370 (9th Cir. 1992)).  "Thus, review under the 'clearly erroneous' standard is

3   significantly deferential.'"  *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension*

4   *Tr. For S. Cal.*, 508 U.S. 602, 623 (1993).

5          B.      Analysis

6          In the instant motion, Plaintiffs argue the magistrate judge's order modifying the

7   Protective Order to include the Subject Documents is clearly erroneous and contrary to law.

8   (ECF No. 43 at 11–22.)  Specifically, Plaintiffs move the Court to reconsider the magistrate

9   judge's decision to modify the Protective Order to include the Subject Documents because the

10  magistrate judge did not consider whether there was "good cause" to keep the Subject Documents

11  confidential.  (*Id.* at 12.)

12         Generally, the public is permitted "access to litigation documents and information

13  produced during discovery."  *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

14  1210 (9th Cir. 2002); *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1103

15  (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a

16  court order to the contrary, presumptively public.").  However, under Federal Rule of Civil

17  Procedure ("Rule") 26, "[t]he court may, for good cause, issue an order to protect a party or

18  person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ.

19  P. 26(c)(1).  The party opposing disclosure has the burden of proving "good cause," which

20  requires a showing "that specific prejudice or harm will result" if the protective order is not

21  granted.  *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003).

22         Plaintiffs fail to convince the Court that the magistrate judge's decision was contrary to

23  Rule 26.  As an initial matter, the magistrate judge properly applied the "good cause" standard set

24  forth by the Ninth Circuit in *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417 (9th

25  Cir. 2011).  Moreover, magistrate judges have "inherent authority to grant a motion to modify a

26  protective order where 'good cause' is shown."  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D.

27  195, 201 (N.D. Cal. 2009) (citing *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1213).  Once good

28  cause is shown, the magistrate judge has broad discretion to determine what degree of protection

                                                        4

is warranted.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

Having reviewed the Subject Documents and the magistrate judge's Order, the Court is not left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc.*, 508 U.S. at 622.  The magistrate judge acted well within her discretion to weigh the competing needs of both Plaintiffs and Defendants in keeping the Subject Documents confidential.  *CBS Interactive, Inc*, 257 F.R.D. at 201; *Seattle Times Co.*, 467 U.S. at 36.  Even if the Court would have weighed the "good cause" factors differently, the Court finds the conclusions reached by the magistrate judge are at least plausible.  *See Phoenix Eng. & Supply Inc. v. Univ. Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir. 1997).

Accordingly, the Court DENIES Plaintiff's motion to reconsider.

**III.    PLAINTIFFS' MOTION TO AMEND AND DEFENDANTS' MOTION TO DISMISS**

        A.    <u>Standard of Law</u>

Granting or denying leave to amend a complaint rests on the sound discretion of the district court.  *Swanson v. U.S. Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996) (citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995)).  Once the court issues a scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint past the deadline established in the order.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the scheduling order.  *Id*.  The "good cause" standard considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the Court has discretion to deny leave to amend if it finds reasons to deny leave under Rule 15(a).  *Johnson*, 975 F.2d at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  The Ninth Circuit has considered five factors in determining whether leave to amend should be

given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Of these, "the consideration of prejudice to the opposing party ... carries the most weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The party opposing leave to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"Absent prejudice, ... there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). However, the denial of leave to amend on this ground is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

### B.   Analysis

Plaintiffs seeks leave to amend the Complaint to: (1) redesignate the previously unknown "Doe" Defendants by their true and correct identities; and (2) add allegations "relating to municipal and supervisory liability, including incidents of misconduct by the newly-identified officers and other Sacramento County Sheriff's Department personnel where inadequate discipline was imposed, if any." (ECF No. 34-1 at 2.) Defendants argue Plaintiffs should not be given leave to add allegations relating to municipal and supervisory liability under Rule 15(a) because it would be futile and unfairly prejudicial to Defendants. (ECF No. 37 at 5–6.) Defendants also argue Plaintiffs' proposed amendments would violate the terms of the Protective Order. (ECF No. 37 at 22.) The Court will address each of Defendants' arguments in turn.

### i. Rule 15

Of the five *Forman* factors, Defendants argue leave to amend should be denied because adding Plaintiffs' proposed amendments would be futile and cause undue prejudice to Defendants. (ECF No. 37 at 5–6.)

///

a.  Futility

When an amendment is futile, "there [is] no need to prolong litigation by permitting further amendment."  *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts."  *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (citation omitted).  However, denial of motions to amend on futility grounds is "rare."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Defendants argue Plaintiffs' proposed amendments are futile because (1) "Plaintiffs have not shown they have been deprived of any constitutionally protected right;" (2) Plaintiffs' proposed amendments "do not identify a deficient policy or custom sufficient to *Monell* liability;" and (3) Plaintiffs' proposed amendments do not show "that using unreasonable force is standard operating procedure in the County of Sacramento."  (ECF No. 37 at 17–21.)  In opposition, Plaintiffs argue Defendants are merely challenging the sufficiency of claims that already exist in the original Complaint and it would be more appropriate for the Court to address Defendants' arguments after Plaintiffs file an amended pleading.  (ECF No. 39 at 6.)

The Court agrees with Plaintiffs.  While courts can determine whether a proposed amendment is futile using the same standard as applied to a Rule 12(b)(6) motion, such issues are often more appropriately raised is a motion to dismiss rather than an opposition to a motion for leave to amend.  *See Portney v. CIBA Vision Corp.*, No. SACV07854AGMLGX, 2008 WL 11340330, at *2 (C.D. Cal. May 15, 2008); Est. *of Neil v. Cnty. of Colusa*, No. 2:19-CV-02441-TLN-DB, 2021 WL 3857961, at *4 (E.D. Cal. Aug. 30, 2021).  This is because "[w]hen the legal sufficiency of a complaint is contested in a motion to amend, the Rule 12(b)(6) analysis is not introduced until the opposition to the motion, leaving the party seeking amendment scrambling to respond to this often unanticipated attack in its reply to the opposition."  *Portney*, 2008 WL 11340330 at *2.  Thus, a court will deny a motion to amend on grounds of futility not merely because of a "failure to state a claim" under Rule 12(b)(6), but "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

1    However, in the instant case, Defendants do not argue that "no set of facts" exists within

2  the proposed amended pleadings that would constitute a valid *Monell* claim.  Rather, Defendants

3  contend amendment would be futile because Plaintiffs' proposed amendments "are legally

4  insufficient to establish *Monell* liability."  (ECF No. 37 at 5.)  While there are reasonable

5  arguments to be made by both parties as to whether Plaintiffs have sufficiently alleged *Monell*

6  liability, the Court declines to rule on these without further briefing.  For now, it suffices to say

7  that the Court cannot find that there is "no set of facts" under which Plaintiffs' claims would

8  succeed.

9    Therefore, the Court finds granting leave to amend would not be futile.

10                              b.  Undue Prejudice

11   Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant

12  leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

13  "Undue prejudice means substantial prejudice or substantial negative effect."  *SAES Getters*

14  *S.p.A. v. Aeronex, Inc.,* 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).  The Ninth Circuit has

15  found such "substantial prejudice where the claims sought to be added 'would have greatly

16  altered the nature of the litigation and would have required defendants to have undertaken, at a

17  late hour, an entirely new course of defense.'"  *Id.* (quoting *Morongo Band of Mission Indians v.

18  Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

19   Defendants argue the proposed amendments would be unduly prejudicial to Defendants

20  because "they pertain to confidential matters involving scurrilous and inflammatory events" and

21  granting leave to amend "would cause significant prejudice to Defendants by also leading to

22  burdensome and unnecessary discovery …."  (ECF No. 37 at 23.)

23   However, the Court is not persuaded by Defendants' arguments.  As an initial matter,

24  Plaintiff's proposed amendments do not greatly alter the nature of this action.  They merely add

25  factual allegations to claims that already exist.  Additionally, Defendants do not explain how the

26  proposed amendments will result in either additional discovery or costs.  Even if Defendants must

27  take some additional discovery related to Plaintiffs' proposed amendments, that alone does not

28  demonstrate prejudice or weigh against granting leave to amend at this early stage of litigation.

8

1    *See Miramontes v. Mills*, No. CV1108603MMMSSX, 2015 WL 13609449, at *4 (C.D. Cal. May

2    18, 2015).  Finally, whether Plaintiffs' proposed amendments are prejudicial because they

3    describe "scurrilous and inflammatory events" could be relevant to whether the facts alleged in

4    Plaintiff's proposed amendments are admissible under Federal Rule of Evidence 403, but that is

5    not the kind of prejudice the Court is concerned about in resolving a motion to amend.

6            Thus, the Court finds granting Plaintiffs leave to amend is appropriate under Rule 15(a).

7                              *ii.  The Protective Order*

8            Defendants also argue that even if the Court finds granting Plaintiffs' motion would be

9    appropriate under Rule 15(a), "the intent of the protective order would be defeated as anyone

10   could access Plaintiffs' Complaint and use the information however they wish, including in other

11   matters/lawsuits." (ECF No. 37 at 22.)  Defendants are incorrect.  The Protective Order makes

12   clear that "[t]he designation of documents (including transcripts of testimony) as confidential

13   does not automatically entitle the parties to file such a document with the court under seal." (ECF

14   No. 19.)  Thus, not only does the Protective Order not prevent Plaintiffs from using documents

15   marked as confidential in this action, but it also does not entitle Defendants to automatically file

16   such documents under seal.  Should Defendants wish to seal any documents filed by Plaintiffs

17   with their amended pleadings, they must file a properly noticed request to seal documents per

18   Local Rule 141.

19           Accordingly, the Court GRANTS Plaintiffs' motion for leave to amend.  Once Plaintiffs

20   files an amended complaint, "the new complaint is the only operative complaint before the ...

21   [C]ourt." *Askins v. U.S. Dept. of Homeland Security*, 899 F.3d 1035, 1043 (9th Cir. 2018).  As

22   such, the Court DENIES Defendants' motion to dismiss as moot.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion for Reconsideration (ECF No. 43), GRANTS Plaintiffs' Motion for Leave to Amend (ECF No. 34), and DENIES Defendants' Motion to Dismiss (ECF No. 12) as moot.  Plaintiffs shall file their amended complaint not later than thirty days (30) from the electronic filing date of this Order. Defendants' responsive pleading is due not later than twenty-one (21) day after Plaintiffs file their amended complaint.

IT IS SO ORDERED.

Date: March 8, 2024

Troy L. Nunley
United States District Judge

10