**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Suli A. Mastorakos, SBN 330383
smastorakos@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE and BRANDON SWAIM
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGELY, S.S., and ANNETTE HILBURN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM,<br><br>Defendants.<br>_____/ | CASE NO. 2:23-cv-00255-TLN-AC<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY *LILES V. COUNTY OF SACRAMENTO***<br><br>FAC: 04/10/24<br>Complaint Filed: 02/09/2023 |

Pursuant to Local Rule 230, Defendants COUNTY OF SACRAMENTO ("County"), SACRAMENTO COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Department"), SCOTT JONES ("Jones"), FREDDY MARTINEZ ("Martinez"), RACHELL VILLEGAS ("Villegas"), BRITTANY LINDE ("Linde"), and BRANDON SWAIM ("Swaim") (collectively, "Defendants") provide notice of

1

this Court's Order issued in the action of *Liles v. County of Sacramento* ("*Liles*"), No. 2:24-CV-00416-KJM-CKD, ECF No. 10 (E.D. Cal. May 3, 2024).  Defendants provide notice of this supplemental authority in support of Defendants' pending Request to Seal Documents, ECF No. 48.  Attached hereto as **Exhibit A** is a true and correct copy of the supplemental authority in *Liles*, ECF No. 10.

Dated:  May 6, 2024

            PORTER SCOTT
            A PROFESSIONAL CORPORATION

            By /s/Suli A. Mastorakos_____
                Carl L. Fessenden
                Suli A. Mastorakos
                Attorneys for Defendants

Exhibit A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KyrieAnna Liles,<br><br>  Plaintiff,<br><br>  v.<br><br>County of Sacramento, et al.,<br><br>  Defendants. | No. 2:24-cv-00416-KJM-CKD<br><br>ORDER |

   Plaintiff KyrieAnna Liles has filed this civil rights action for injuries she suffered from an officer-involved shooting. In her complaint, plaintiff alleges certain defendants have a policy and custom of failure to train, supervise or discipline their subordinates. *See* Compl. ¶ 181, ECF No. 1. In alleging a policy and custom, she includes various examples of incidents where subordinates received "minimal, insignificant and untimely discipline" for their misconduct. *See id.* As relevant here, three alleged incidents involve two third-party deputies who were disciplined for improperly accessing of files for personal and non-legitimate reasons, *id.* ¶¶ 181(e), 181(i), sending inappropriate emails from a work-related email address, *id.* ¶ 181(i), and for stalking, *id.* ¶ 181(j).

Defendants seek to seal or redact those subparagraphs as confidential, immaterial, scurrilous and inflammatory. *See* Notice of Req. Seal, ECF No. 6; Req. to Seal (filed in camera). Plaintiff opposes, Opp'n (filed in camera). The court grants the motion **in part.**[1]

I. **LEGAL STANARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party moves to seal a record, the court determines whether the underlying filing is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If so, then a party seeking to seal the record must satisfy the "stringent" compelling-reasons standard. *Id.* at 1096.

As noted, defendants request to seal a portion of the complaint. "[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard." *Ortega v. Chick-fil-A, Inc.*, No. 21-00845, 2022 WL 4662687, at *1 (E.D. Cal. Sept. 30, 2022) (quoting *Mack v. Dearborn Nat'l Life Ins. Co.*, No. 14-1665, 2014 WL 12572866, at *1 (E.D. Cal. Aug. 26, 2014)). Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture,'" and "then 'conscientiously balance[s] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1096–97 (first alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). The compelling-reasons standard applies even

---

[1] Although the court's standing order does not specifically require the parties to meet and confer prior to filing a request to seal, the court encourages parties to meet and confer prior to filing any requests before the court. In this matter, involving three subparagraphs and the names of two third-party deputies not involved in this matter or incidents surrounding this matter, the good faith efforts to meet and confer could have helped save time for all parties involved and conserve judicial resources. *See, e.g.*, *Mollica v. County of Sacramento*, No. 19-02017, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).

2

1 if the contents were previously filed under seal or are covered by a generalized protective order.
2 *See Foltz*, 331 F.3d at 1136.
3     "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure
4 and justify sealing court records exist when such 'court files might become a vehicle for improper
5 purposes,' such as the use of records to gratify private spite, promote public scandal, circulate
6 libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*,
7 435 U.S. at 589). "The mere fact that the production of records may lead to a litigant's
8 embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
9 court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

10 **II.    DISCUSSION**

11     Defendants first argue the "good cause" standard applies because subparagraphs 181(e),
12 (i), and (j) "have nothing to do with the facts or circumstances of this case[.]" Req. to Seal at 8.
13 As noted, the compelling reasons standard applies to requests to seal any portions of a complaint.
14 *See, e.g.*, *Nguyen v. Smith Salon, LLC*, No. 21-00213, 2021 WL 6773090, at *1 (D. Nev. May 3,
15 2021) (applying compelling reasons standard and collecting cases).
16     Defendants argue compelling reasons exist to seal or redact the subparagraphs because
17 those allegations "are derived entirely from confidential documents subject to a Protective Order"
18 filed in a separate case. Req. to Seal at 9. Defendants' reliance on the protective order alone does
19 not offer "a compelling reason to overcome the presumption in favor of access." *Foltz*, 331 F.3d
20 at 1138.
21     Finally, defendants argue making the subparagraphs "public serves no other purpose but
22 to publicly humiliate and disparage the deputies." Req. to Seal at 10. Specifically, defendants
23 contend maintaining such information on the public docket will harm the deputies' reputation and
24 "cast a shadow on the deputies their entire lives." *Id.*
25     Plaintiff, on the other hand, argues defendants have unreasonably delayed their request to
26 seal and there is no basis to seal because the individual deputies' names are publicly available in
27 other cases. Opp'n at 3–4. Plaintiff also argues there are no compelling reasons to seal the
28 relevant portions of the complaint. *Id.* at 4–9.

1    Having considered the parties' arguments, the court finds defendants have not shown there
2    are compelling reasons to seal or redact the subparagraphs in their entirety. However, the court
3    finds there are compelling reasons to redact the names of the third-party deputies at this stage of
4    the case. *See, e.g.*, *Murphy v. Kavo Am. Corp.*, No. 11-0410, 2012 WL 1497489, at *1 (N.D. Cal.
5    Apr. 27, 2012) ("[T]o the extent that redacting the identifying information would provide the
6    Court, and the public, with meaningful information and not prejudice the individuals, documents
7    containing private information should be filed in redacted form rather than sealed in their
8    entirety.").

9    As noted, plaintiff's alleged injuries result from an officer-related shooting. As part of her
10   complaint, she alleges defendants have a policy and custom of failure to train, supervise or
11   discipline their subordinates. *See* Compl. ¶ 181. The three subparagraphs' defendants seek to
12   seal or redact involve two third-party deputies who were disciplined for reasons unrelated to
13   officer-related shootings, use of force, responding to individuals with mental illness or other
14   similar actions relating to plaintiff's alleged injuries. Given the absence of a connection with the
15   factual allegations in this case and the third-party deputies' non-involvement in this or related
16   matters, the court finds identifying these deputies by name at this point serves improper purposes,
17   including the potential promotion of public scandal. *See Kamakana*, 447 F.3d at 1179.

18   Although plaintiffs argue there is no basis to redact the officers' names because the
19   information is publicly available in other cases, *see* Opp'n at 4, the information only became
20   public because the same attorneys disclosed the same discovery information subject to a
21   protective order in *Stingley v. County of Sacramento*, No. 23-00255 (E.D. Cal.) in several other
22   cases, *id.* (listing cases); Req. to Seal at 2 n.2, 5–6; Mastorakos Decl. ¶¶ 20–23;[2] *see also* Req. to
23   Seal 2 n.2 ("Defendants' counsel will also be filing a request to seal/redact in each of the three
24   actions referenced above, where Plaintiff's counsel have also made the confidential allegations

---

[2] The court takes judicial notice of the court proceedings in the three other cases in which plaintiff's counsel has filed complaints including similar allegations. *See* Fed. R. Evid. 201; *see also Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (court "may take judicial notice of undisputed matters of public record" including documents filed in other courts).

1 public."). Plaintiff's counsel cannot disclose prejudicial information of third-parties for improper
2 purposes across several cases and then assert defendants cannot protect the interests of those third
3 parties by requesting to redact the information improperly disclosed to the public. In the order
4 modifying the protective order in the case in which the names of these deputies and incidents
5 related to them were provided in discovery, the magistrate judge similarly rejected "plaintiff's
6 arguments that the production of the documents renders them presumptively public, and that
7 defendants' error in failing to seek a protective order before producing the documents prevents
8 them from seeking a protective order now." Order at 4, *Stingley v. County of Sacramento*, No.
9 23-00255 (E.D. Cal. Jan. 17, 2024), ECF No. 42. Moreover, here, there is no evidence the
10 prejudicial information has already been accessed by the public. *Cf. e.g.*, *Kamakana*, 447 F.3d at
11 1184 (information already publicly available via press release); *Perez v. City of Fresno*,
12 482 F. Supp. 3d 1037, 1044 (E.D. Cal. 2020) (information already made public via news articles);
13 *Flores v. U.S. Immigr. & Customs Enf''t*, No. 18-05139, 2018 WL 5825314, at *3 (W.D. Wash.
14 Nov. 7, 2018) (plaintiff provided evidence public had already accessed documents).

15 Additionally, defendants' delay in seeking to remedy the issue does not preclude the court
16 from protecting the interests of the third-party deputies and to protect court files from becoming
17 "a vehicle for improper purposes, . . . such as the use of records to . . . promote public scandal[.]"
18 *Kamakana*, 447 F.3d at 1179 (citation and marks omitted). As the magistrate judge in *Stingley*
19 similarly noted, "plaintiffs do not appear able to dispute defendants' contention that these
20 disciplinary records relate only to inflammatory information not clearly related to the fact pattern
21 at issue in this case, and making these records public appears to serve no other purpose than to
22 humiliate the deputies involved." Order at 4, *Stingley*, No. 23-00255. Thus, there are compelling
23 reasons to redact the names of the deputies. *See, e.g.*, *Foltz*, 331 F.3d at 1138 (instructing district
24 court "to redact identifying information from third-party medical and personnel records" on
25 remand); *Pitt v. Metro. Tower Life Ins. Co.*, No. 20-694, 2022 WL 19001975, at *3 (S.D. Cal.
26 July 22, 2022) (sealing exhibit to protect privacy interests of non-parties); *Humphreys v. Regents
27 of Univ. of Cal.*, No. 04-03808, 2006 WL 2319593, at *2 (N.D. Cal. Aug. 10, 2006) (redacting
28 names of third parties); *cf. Sanchez v. City of San Jose*, 250 F.R.D. 468, 470 (N.D. Cal. 2008)

5

(scrutinizing documents to ensure "they are relevant to Plaintiff's claims and that they do not unnecessarily disclose information about officers who are not directly involved in the encounter").

### III. CONCLUSION

For the reasons above, the court **grants defendants' request to seal in part.** The Clerk of Court is directed to seal plaintiff's complaint filed on ECF No. 1. Within seven (7) days, defendants shall file a redacted version of the complaint on the public docket. Only the names of third-party deputies in subparagraphs 181 (e), (i), and (j) shall be redacted from any of those documents.

The parties are directed to file their briefs and accompanying declarations, exhibits and other documents they have filed in camera in relation to this request on the public docket within seven (7) days of this order. In accordance with this order, the names of the third-party deputies shall be redacted.

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED: May 2, 2024.

CHIEF UNITED STATES DISTRICT JUDGE