UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ESTATE OF SHERRANO STINGLEY, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:23-cv-00255-TLN-AC<br><br>**ORDER** |

    This matter is before the Court on Defendants County of Sacramento, Sacramento County Sherriff's Department, and Scott Jones's, in his official capacity as Sacramento County Sheriff, (collectively, "Defendants") Request for Reconsideration of the magistrate judge's September 27, 2023, Order.  (ECF No. 32.)  Plaintiffs Estate of Sherrano Stingley, Dymin Stingley, S.S., and Annette Hilburn (collectively, "Plaintiffs") filed a response.  (ECF No. 33.)  For the reasons set forth below, the Court DENIES Defendants' request.

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts as they are fully set forth in the Court's March 11, 2024 Order.  (ECF No. 46.)  In short, this action concerns the officer-involved death of Sherrano Stingley, a 48-year-old mentally ill Black man.  (ECF No. 1 at 4–12.)  Plaintiffs allege Mr. Stingley died because officers restrained Mr. Stingley on the ground and applied pressure to his back and neck, which Plaintiffs allege caused Mr. Stingley to stop breathing.  (*Id.* at 10–11.)

On February 9, 2023, Plaintiffs initiated this action.  (ECF No. 1.)  In the operative Complaint, Plaintiffs allege thirteen causes of action under both federal and state law, including *Monell* liability against the County of Sacramento and the Sacramento County Sheriff's Department, and supervisory liability against Scott Jones in his official capacity as Sacramento County Sheriff.

On August 18, 2023, Plaintiffs filed a motion to compell discovery of mental health evaluation records of officers who were present during Mr. Stingley's arrest.  (ECF No. 20.)  Separately, on August 22, 2023, Plaintiffs filed a motion to compel discovery of prone restraint incident reports with the Sacramento County Sheriff's Department.  (ECF No. 22.)  On September 27, 2023, the magistrate judge granted in full Plaintiffs' motion to compel discovery of the officer mental health evaluation records and granted Plaintiffs' motion to compel discovery of documents related to prone restraint incident reports with the Sacramento County Sheriff's Department but denied Plaintiffs' motion as to video and audio recordings related to prone restraint incident reports.  (ECF No. 31.)  The magistrate judge also awarded Plaintiffs $5,825 in attorney's fees for its time spent preparing their motions to compel.  (*Id.*)  On October 6, 2023, Defendants filed the instant request to reconsider the magistrate judge's September 27, 2023 Order.  (ECF No. 32.)

///
///
///
///
///

1    **II.    STANDARD OF LAW**

2         A party may object to a magistrate judge's non-dispositive pretrial order within fourteen

3    (14) days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will

4    be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  The

5    objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous

6    or contrary to law.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511,

7    at *1 (N.D. Cal. Oct. 28, 2009).

8         "A party seeking reconsideration must set forth facts or law of a strongly convincing

9    nature to induce the court to reverse a prior decision."  *Martinez v. Lawless*, No. 1:12-CV-01301-

10   LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist.*

11   *V. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on*

12   *other grounds*, 828 F.2d 514 (9th Cir. 1987)).  "The 'clearly erroneous' standard applies to factual

13   findings and discretionary decisions made in connection with non-dispositive pretrial discovery

14   matters."  *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal.

15   1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).  Under the "clearly

16   erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the

17   district court is left with the 'definite and firm conviction that a mistake has been

18   committed.'"  *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting

19   *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).  "Thus, review under the 'clearly

20   erroneous' standard is significantly deferential.'"  *Concrete Pipe and Prods. of Cal., Inc. v.*

21   *Constr. Laborers Pension Tr. For S. Cal.*, 508 U.S. 602, 623 (1993).

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1        III.    **ANALYSIS**

2            In the instant request, Defendants argue the magistrate judge's September 27, 2023,

3    Order, granting Plaintiffs' motions to compel from Defendants officer mental health evaluation

4    records and all documents relating to prone restraint incidents since December 2017 and

5    Plaintiffs' request for attorney's fees, is clearly erroneous and contrary to law.  (ECF No. 32.)

6    However, Defendants objections appear to merely be an attempt to re-litigate arguments raised

7    before the magistrate judge or voice dissatisfaction with the magistrate judge's rulings, and

8    Defendants fail to demonstrate clear legal error.  The Court will address each of the magistrate

9    judge's rulings in turn.

10                   A.    Officer Mental Health Evaluations

11           The magistrate judge granted Plaintiffs' motion to compel officer mental health

12   evaluations from the officers who were present during Mr. Stingley's arrest because Plaintiffs'

13   request was relevant, not vague, and concerns regarding the officers' privacy interests could be

14   managed through a protective order.  (ECF No. 31 at 4–5.)  Defendants request the Court

15   reconsider the magistrate judge's decision because the mental health records for the officers who

16   were present during Mr. Stingley's arrest "have no connection to any claim asserted by Plaintiff"

17   and "there is no justification for intruding on the privacy rights of the deputies."  (ECF No. 32 at

18   2.)

19           As an initial matter, "[r]elevance for the purpose of discovery is defined very broadly."

20   *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).  Specifically, "[i]information is

21   relevant to the subject matter if it might reasonably assist a party in evaluating a case, preparing

22   for trial or facilitating a settlement."  *Hickman v. Taylor*, 329 U.S. 495, 506–507 (1947).

23   Defendants argue psychological evaluations contained in personnel records are only discoverable

24   "when there is an evaluation tied to an issue, or past evaluations are done while the officer was

25   employed that may point out a history of excessive force."  (ECF No. 32 at 3.)  However,

26   Defendants cite no authority to support this narrow interpretation of relevancy, and the law is

27   clear that "police personnel records are "relevant and discoverable in § 1983 cases."  *Myles v.*

28   *Cnty. of San Diego*, No. 15CV1985-BEN (BLM), 2016 WL 2343914, at *14 (S.D. Cal. May 4,

2016) (finding requested psychological, psychiatric, and other medical records can be relevant to § 1983 claims or any prior incidents of excessive force, racial discrimination, false arrest and false imprisonment).  Moreover, personnel files "may be relevant on the issues of credibility, notice to the employer, ratification by the employer, and motive of the officers."  *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993).  Thus, the Court agrees with the magistrate judge that any psychological or psychiatric evaluations of these officers are "clearly relevant to the excessive force claims in this case."  (ECF No. 31 at 5.)

Defendants argue the magistrate judge's decision regarding mental health evaluations is still "clearly erroneous because it concludes that the privacy rights of the deputies are protected under the parties' protective order on file."  (ECF No. 32 at 3.)  However, this is a misstatement of the magistrate judge's holding.  The magistrate judge did not hold that the current protective order would mitigate Defendants' current privacy concerns.  Rather, the magistrate judge said a protective order would be adequate "to protect the information at issue here."  (ECF No. 31 at 5.)  Moreover, Plaintiffs "are willing to enter into a stipulated protective order to cover the officers' evaluations at issue here, as they did for other personnel records previously produced."  (ECF No. 33 at 8.)  Because Defendants cite no authority as to why a protective order would not be sufficient in protecting the privacy interests at issue, the Court is not left with a "definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. of Cal., Inc.*, 508 U.S. at 622.

Accordingly, the Court DENIES Defendants' request to reconsider the magistrate judge's ruling regarding officer mental health evaluations.

B.    Documents Related to Prone Restraint Incidents

The magistrate judge also granted Plaintiffs' motion to compel all documents related to prone restraint incidents since December 2017, except Plaintiffs' request for video and audio recordings because "review of these may be cumbersome without a more narrowly drafted request."  (ECF No. 31 at 7.)  Defendants request the Court reconsider the magistrate judge's decision because "there is nothing which would justify the enormous burden and expense required in searching for documents covered by the overbroad request."  (ECF No. 32.)

"Claims that discovery requests for production of documents are unduly burdensome should be supported by a statement, generally an affidavit or declaration, with specific information demonstrating how the request is overly burdensome." *Bonner v. Cnty. of Los Angeles*, No. CV 15-8885 GW (SSX), 2017 WL 11631493, at *3 (C.D. Cal. Mar. 22, 2017).  In the instant case, the magistrate judge reviewed the declaration of Deputy Diane Vasquez regarding the production of documents related to prone restraint incidents and found "it is unexplained why, at least as to written documents, search terms could not be used to expedite the process."  (ECF No. 31 at 7.)  Defendants ask the Court to reconsider Deputy Vasquez's declaration to find "there is not a way to conduct a search simply by using computer search terms."  (ECF No. 32 at 4.)  However, having reviewed Deputy Vasquez's declaration, the Court agrees with the magistrate judge that Defendants have not carried the heavy burden in showing why discovery should be denied.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showy why discovery was denied.")  Indeed, nowhere in the declaration does Deputy Vasquez state or explain why conducting a review using search terms is not possible, especially considering all relevant documents are likely electronically stored.  (ECF No. 27-1.)

Accordingly, the Court DENIES Defendants' request to reconsider the magistrate judge's ruling regarding documents related to prone restraint documents.

### C.    Attorney's Fees

Finally, Defendants ask the Court to reconsider the magistrate judge's award of $5,825 in attorney's fees to Plaintiffs because it is unjust.  (ECF No. 32 at 5.)  Specifically, Defendants argue its "position with respect to the records at issue was well-supported by legal authorities and a Declaration from the County's Legal Affairs Department … and reasonable minds could differ on the matter in dispute."  (ECF No. 32 at 5.)

When a court grants a motion to compel, the court must require the losing party to pay the moving party's reasonable expenses, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).  However, if the losing party's nondisclosure, response, or objection was substantially justified, then the court cannot order payment.  (*Id.*)

1    Defendants fail to convince the Court that the magistrate judge's decision to award

2    Plaintiffs attorney's fees was contrary to Federal Rule of Civil Procedure ("Rule") 37.  As an

3    initial matter, the Court notes the magistrate judge only awarded attorney's fees related to

4    Plaintiffs' motion to compel officer evaluations, not for Plaintiffs' motion to compel documents

5    related to prone restraint incidents.  (ECF No. 31 at 8.)  With regard to the motion to compel

6    officer evaluations, the magistrate judge found Plaintiff is entitled to attorney's fees because

7    "Defendants make a cursory argument in opposition to fees, stating only that they have not

8    engaged in gamesmanship, and that they have a good faith basis for their position."  (ECF No. 31

9    at 8.)  Having reviewed Defendants' arguments made in opposition to Plaintiffs' motion to

10   compel, the Court agrees with the magistrate judge that Defendants were not substantially

11   justified in their position as Defendants' arguments were purely conclusory and not supported by

12   any legal authority.  (*See* ECF No. 24.)

13   Accordingly, the Court DENIES Defendants' request to reconsider the magistrate judge's

14   award of attorney's fees to Plaintiffs.

15   **IV.    PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES AND COSTS**

16   In their responsive briefing, Plaintiffs seek expenses in the amount of $3,675 for

17   attorney's fees incurred in responding to Defendants' request for reconsideration of the magistrate

18   judge's September 27, 2023, Order.  (ECF No. 33 at 16–17.)

19   "District courts have routinely awarded attorney's fees pursuant to [Rule 37] for fees

20   incurred in responding to a Rule 72(a) objection."  *Blair v. CBE Grp., Inc.*, No. 13CV134-MMA

21   WVG, 2014 WL 4658731 (S.D. Cal. Sept. 17, 2014) (collecting cases).   This is because "a

22   motion for reconsideration that attacks the original motion to compel could cost as much or more

23   as the original motion itself; limiting the fees to the original motion, therefore, would not 'deter a

24   party from pressing to a court hearing frivolous requests for or objections to discovery.'"

25   *Catapult Commc'ns Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, *2 (N.D. Ill. Aug. 25,

26   2009).

27   ///

28   ///

Thus, the Court finds the fees Plaintiffs incurred in responding to Defendants' request for reconsideration are compensable under Rule 37.  However, Rule 37 also makes clear Defendants must be given an opportunity to be heard on Plaintiff's request for reasonable attorney's fees and expenses.  Fed. R. Civ. P. 37(a)(5)(A).  Accordingly, the Court DEFERS ruling on Plaintiffs' request for reasonable attorney's fees and expenses until after Defendants are given an opportunity to be heard.

## V.   CONCLUSION

Accordingly, the Court DENIES Defendants' Motion for Reconsideration. (ECF No. 32.) Additionally, the Court DEFERS ruling on Plaintiffs' request for reasonable attorney's fees and expenses.  Defendants shall file any responsive pleading to Plaintiff instant request within fourteen (14) days of the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: May 8, 2024

Troy L. Nunley
United States District Judge