PORTER | SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Suli A. Mastorakos, SBN 330383
smastorakos@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE and BRANDON SWAIM
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ESTATE OF SHERRANO STINGLEY, DYMIN STINGELY, S.S., and ANNETTE HILBURN,

Plaintiffs,

v.

COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM,

Defendants.
_______________________________________/

CASE NO. 2:23-cv-00255-TLN-AC

**NOTICE OF REDACTED DOCUMENT**

FAC: 04/10/24
Complaint Filed: 02/09/2023

1       Pursuant to the Court's Minute Order, ECF No. 60, attached hereto as **Exhibit C** to Defendants'

2 Request to Seal Documents is a true and correct copy of Plaintiffs' proposed First Amended Complaint

3 filed in conjunction with Plaintiffs' Motion for Leave to File Amended Pleading, attached as Exhibit A

4 to the Declaration of Mark E. Merin in Support of Plaintiffs' Motion for Leave to File Amended

5 Pleading, ECF 34-2, with the appropriate redactions applied.  Exhibit A to the Declaration of Mark E.

6 Merin in Support of Plaintiffs' Motion for Leave to File Amended Pleading, ECF 34-2, was filed with

7 track changes.

Dated:  June 5, 2024                    PORTER SCOTT
                                     A PROFESSIONAL CORPORATION

                                   By _/s/Suli A. Mastorakos___
                                         Carl L. Fessenden
                                         Suli A. Mastorakos
                                         Attorney for Defendants

NOTICE OF REDACTED DOCUMENT

# Exhibit C to Defendants' Request to Seal

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10,<br><br>Defendants. | Case No. 2:23-cv-00255-TLN-AC<br><br>**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED PLEADING**<br><br>Date: January 11, 2024<br>Time: 2:00 p.m.<br>Location: Robert T. Matsui U.S. Courthouse, 501 I Street, Sacramento, CA 95814<br>Courtroom: 2 (15th Floor)<br>District Judge: Hon. Troy L. Nunley |

I, Mark E. Merin, do declare and say:

1. I am an attorney licensed to practice in the State of California and admitted to practice before the United States District Court for the Eastern District of California. My office represents the Estate of Sherrano Stingley, Dymin Stingley, S.S., and Annette Hilburn.

2. A true and correct copy of a tracked-changes version of the proposed First Amended Complaint, which reflects the differences between the currently-operative Complaint and the proposed First Amended Complaint, is attached as **Exhibit A**.

3. On August 16, 2023, Plaintiffs' counsel sent an email to Defendants' counsel. (A true and correct copy of the document is attached as **Exhibit B**.)

4. On August 25, 2023, Defendants' counsel sent an email to Plaintiffs' counsel. (A true and correct copy of the document is attached as **Exhibit C**.)

5. On August 28, 2023, Defendants' counsel sent an email to Plaintiffs' counsel. (A true and correct copy of the document is attached as **Exhibit D**.)

6. On September 6, 2023, Plaintiffs' counsel sent an email to Defendants' counsel. (A true and correct copy of the document is attached as **Exhibit E**.)

7. On September 7, 2023, Defendants' counsel sent an email to Plaintiffs' counsel. (A true and correct copy of the document is attached as **Exhibit F**.)

8. On October 6, 2023, Defendants' counsel sent a letter to Plaintiffs' counsel. (A true and correct copy of the document is attached as **Exhibit G**.)

9. On October 23, 2023, Plaintiffs' counsel sent an email to Defendants' counsel. (A true and correct copy of the document is attached as **Exhibit H**.)

10. On November 9, 2023, Plaintiffs' counsel and Defendants' counsel conferred by telephone. Therein, counsel discussed Plaintiffs' request for Defendants' consent to file a First Amended Complaint.

11. On November 10, 2023, Defendants' counsel sent an email to Plaintiffs' counsel. (A true and correct copy of the document is attached as **Exhibit I**.)

12. On November 15, 2023, Plaintiffs' counsel sent an email to Defendants' counsel. (A true and correct copy of the document is attached as **Exhibit J**.)

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 15, 2023, at Sacramento, California.

Mark E. Merin

# EXHIBIT A

Case 2:23-cv-00255-TLN-AC Document 45 Filed 10/15/24 Page 4 of 29

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM,<br><br>Defendants. | Case No. 2:23-cv-00255-TLN-AC<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Deleted: ¶

Deleted: DOE 1 to 10

## INTRODUCTION

United States law enforcement killed at least 1,176 people in 2022, making it the deadliest year on record for police violence since 2013 when experts first started tracking the killings nationwide. Sam Levin, The Guardian, *'It never stops': killings by US police reach record high in 2022* (Jan. 6, 2023), available at: <https://www.theguardian.com/us-news/2023/jan/06/us-police-killings-record-number-2022>. This case arises from one of those numerous killings, involving the death of SHERRANO STINGLEY, a mentally-ill man who was suffocated and rendered braindead within minutes of being contacted and pinned to the ground by FREDDY MARTINEZ, RACHELL

Deleted: ______________

VILLEGAS, and BRITTANY LINDE—three Sheriff's Deputies employed by the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and Sheriff SCOTT JONES. Despite the recent high-profile murder of George Floyd in a similar manner, inexplicably, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE choked and smothered the life from SHERRANO STINGLEY, an obviously-distressed, compliant, and non-threatening Black man, as he gasped for air with the three deputies on top of him. SHERRANO STINGLEY's final moments of consciousness consisted of crying out for his daughter, DYMIN STINGLEY, before entering a coma from which he did not awake. SHERRANO STINGLEY's death—like the hundreds of unreasonable and unnecessary law enforcement-involved deaths occurring every year—is devastating for his family and community and another warning of the threat presented by the undisciplined, untrained, and unaccountable law enforcement utilized in this Country.

Deleted: the

Deleted: three deputies

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4. On December 21, 2022, the ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN submitted a government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq*. (Claim No. L2300075.)

5. By February 6, 2023, the COUNTY OF SACRAMENTO and SACRAMENTO

Deleted: ____________

COUNTY SHERIFF'S DEPARTMENT failed or refused to act on the government claim within 45 days after the government claim was presented, pursuant to California Government Code section 912.4.

**PARTIES**

6. Plaintiff ESTATE OF SHERRANO STINGLEY appears by and through real-parties-in-interest Plaintiff DYMIN STINGLEY, the biological daughter of SHERRANO STINGLEY, and Plaintiff S.S., the biological son of SHERRANO STINGLEY, who bring this action pursuant to California Code of Civil Procedure section 377.30. Plaintiffs DYMIN STINGLEY and S.S. bring this action as the successors-in-interest on behalf of SHERRANO STINGLEY. Plaintiffs DYMIN STINGLEY and S.S.'s declarations regarding their status as the successors-in-interest to SHERRANO STINGLEY are filed as ECF No. 1-1 and 1-2, pursuant to California Code of Civil Procedure section 377.32.

Deleted: attached

7. Plaintiff DYMIN STINGLEY is a resident of the State of California, County of Sacramento. Plaintiff DYMIN STINGLEY is the biological daughter of SHERRANO STINGLEY. Plaintiff DYMIN STINGLEY brings this action in a representative capacity, as a successor-in-interest on behalf of SHERRANO STINGLEY; and in an individual capacity, on behalf of herself.

8. Plaintiff S.S. is a resident of the State of California, County of Sacramento. Plaintiff S.S. is the biological son of SHERRANO STINGLEY. Plaintiff S.S. brings this action in a representative capacity, as a successor-in-interest on behalf of SHERRANO STINGLEY; and in an individual capacity, on behalf of himself.

9. Plaintiff ANNETTE HILBURN is a resident of the State of California, County of Contra Costa. Plaintiff ANNETTE HILBURN is the biological mother of SHERRANO STINGLEY. Plaintiff ANNETTE HILBURN brings this action in an individual capacity, on behalf of herself.

10. Defendant COUNTY OF SACRAMENTO is located in the State of California. Defendant COUNTY OF SACRAMENTO is a "public entity," pursuant to California Government Code section 811.2.

11. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is located in the State of California, County of Sacramento. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity," pursuant to California Government Code section 811.2.

12. Defendant SCOTT JONES was, at all times material herein, a law enforcement officer and

Deleted: ____________

3

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

the Sheriff for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant SCOTT JONES is sued in an individual capacity.

13. Defendant FREDDY MARTINEZ was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant FREDDY MARTINEZ is sued in an individual capacity.

14. Defendant RACHELL VILLEGAS was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant RACHELL VILLEGAS is sued in an individual capacity.

15. Defendant BRITTANY LINDE was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant BRITTANY LINDE is sued in an individual capacity.

16. Defendant BRANDON SWAIM was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant BRANDON SWAIM is sued in an individual capacity.

**Deleted:** ¶
Defendants DOE 1 to 10 are and/or were agents or employees of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, or SCOTT JONES, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 10 are sued by fictitious names and their true and correct identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

17. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

18. SHERRANO STINGLEY was a 48-year-old Black man and a disabled person who struggled with mental health issues during the course of his life, including diagnosed mental health conditions for which he was prescribed medications.

19. SHERRANO STINGLEY periodically experienced mental health episodes and issues related to his mental disability.

20. SHERRANO STINGLEY's mental disability substantially limited major life activities,

**Deleted:** ____________

4

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

including the ability to care for himself, concentrate, think, and communicate. For example, SHERRANO STINGLEY's mental disability sometimes caused him to become paranoid, easily confused, defensive, agitated, stressed, fearful, and anxious. SHERRANO STINGLEY sometimes experienced difficulty processing relayed information and verbalizing his own thoughts, feelings, and intentions. SHERRANO STINGLEY was known to act irrationally when exhibiting symptoms of his mental disability.

21. On December 6, 2022, around 5:15 a.m., SHERRANO STINGLEY was experiencing symptoms of his mental disability, including confusion and paranoia.

22. SHERRANO STINGLEY was present near the residence of his daughter, DYMIN STINGLEY, located at 7214 Willowwest Court, Sacramento, CA 95828.

23. SHERRANO STINGLEY was wandering the neighborhood, sometimes without his shoes.

24. SHERRANO STINGLEY attempted to enter a vehicle which he mistakenly believed to belong to his daughter. SHERRANO STINGLEY had permission to take refuge inside of his daughter's vehicle, where he would calm himself when experiencing mental health episodes.

25. SHERRANO STINGLEY also attempted to enter the front door of a residence near his daughter's residence, located in the 7500 block of Whisperwillow Drive, Sacramento, CA 95828.

26. SHERRANO STINGLEY mistakenly believed the residence he was attempting to enter belonged to his daughter when, in fact, his daughter's residence was nearby.

27. Around 5:30 a.m., a person inside of the residence which SHERRANO STINGLEY mistakenly believed belonged to his daughter called 9-1-1 and reported the presence of a suspicious person.

28. Around 5:45 a.m., Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE, Sheriff's Deputies employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, responded to the scene.

29. Defendant FREDDY MARTINEZ was armed with a pistol and a heavy flashlight.

30. Defendant FREDDY MARTINEZ approached the residence on foot, walking up the driveway towards the residence's front door.

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: currently-unknown

Deleted: DOE 1

Deleted: DOE 1

Deleted: ______________

31. SHERRANO STINGLEY exited an enclosed gated patio area located near the residence's front door.

32. SHERRANO STINGLEY approached Defendant FREDDY MARTINEZ on the driveway area in front of the residence.

33. Defendant FREDDY MARTINEZ asked SHERRANO STINGLEY, "What are you doing?"

34. SHERRANO STINGLEY began slowly to move away from Defendant FREDDY MARTINEZ.

35. Defendant FREDDY MARTINEZ pointed his pistol at SHERRANO STINGLEY and commanded, "Show me your hands! Show me your fucking hands!"

36. SHERRANO STINGLEY stopped moving, turned to face Defendant FREDDY MARTINEZ, and complied with the command by raising both hands in the air.

37. SHERRANO STINGLEY was unarmed and his pants fell to his ankles, when he raised both of his hands in the air.

38. Defendant FREDDY MARTINEZ approached SHERRANO STINGLEY, grabbed hold of SHERRANO STINGLEY's raised right hand, and forced SHERRANO STINGLEY to his knees.

39. Defendant FREDDY MARTINEZ commanded SHERRANO STINGLEY, "Get on the ground!"

40. SHERRANO STINGLEY complied with the command by sitting down on the ground.

41. Defendant FREDDY MARTINEZ pointed his pistol at SHERRANO STINGLEY's head from inches away.

42. Defendant FREDDY MARTINEZ commanded SHERRANO STINGLEY, "Get on the ground!," even as SHERRANO STINGLEY was already sitting on the ground.

43. SHERRANO STINGLEY stated, "I'm on the ground. I'm on the ground, man. I'm on the ground, man."

44. SHERRANO STINGLEY continued to raise both of his empty hands in the air, demonstrating that he was non-threatening.

45. Defendant FREDDY MARTINEZ grabbed hold of the hoodie sweater which

Deleted: DOE 1
Deleted: ¶
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: ____________

Case 2:23-cv-00255-TLN-AC Document 45 Filed 10/15/24 Page 130 of 179

SHERRANO STINGLEY was wearing and pulled the hood over SHERRANO STINGLEY's head and face.

46. SHERRANO STINGLEY became more fearful when Defendant FREDDY MARTINEZ pulled the hood of his sweater over his head and face, blinding him.

47. SHERRANO STINGLEY wrapped his arms around the right leg of Defendant FREDDY MARTINEZ.

48. Defendant FREDDY MARTINEZ commanded, "Let me go! Let me go! Let me…"

49. Defendant FREDDY MARTINEZ struck SHERRANO STINGLEY on his head with the butt-end of a heavy flashlight.

50. SHERRANO STINGLEY grunted in pain after being struck with Defendant FREDDY MARTINEZ's flashlight and continued to hold onto Defendant FREDDY MARTINEZ's leg.

51. Defendant RACHELL VILLEGAS called out, "Turn around!"

52. Defendants RACHELL VILLEGAS and BRITTANY LINDE ran to Defendant FREDDY MARTINEZ's side.

53. Defendant BRITTANY LINDE commanded, "Turn around."

54. Defendant BRITTANY LINDE was armed with a taser and commanded, "Turn around, or I'll tase you! Turn around, or you're going to get tased, bro!"

55. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE grabbed hold of SHERRANO STINGLEY.

56. SHERRANO STINGLEY complied with Defendants RACHELL VILLEGAS and BRITTANY LINDE's commands by releasing hold of Defendant FREDDY MARTINEZ's leg, turning around, and lying face-down on the ground.

57. SHERRANO STINGLEY was lying face-down on the ground.

58. SHERRANO STINGLEY grunted when Defendants FREDDY MARTINEZ and RACHELL VILLEGAS climbed on top of him.

59. SHERRANO STINGLEY held his hands on the back of his neck, in a surrendering position.

60. Defendant RACHELL VILLEGAS commanded, "Get your hands out. Get your hands out.

Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 2
Deleted: DOE 2
Deleted: DOE 3
Deleted: DOE 1
Deleted: DOE 2
Deleted: DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 2
Deleted: DOE 1
Deleted: first
Deleted: first
Deleted: DOE 1
Deleted: DOE 2
Deleted: DOE 2
Deleted: ______________

Case 2:23-cv-00255-TLN-AC Document 45 Filed 10/15/23 Page 11 of 29

Let go of me. Let go of me, right now."

61. Defendant BRITTANY LINDE pointed a taser at SHERRANO STINGLEY and stated, "Dude, I will tase you right now, bro."

Deleted: DOE 3

62. SHERRANO STINGLEY's conduct was non-threatening.

63. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE knew of should have known that SHERRANO STINGLEY was disabled or experiencing a mental health crisis, and required a reasonable accommodation for disability.

Deleted: DOE 1, DOE 2, and DOE 3

64. SHERRANO STINGLEY rolled onto his back.

65. SHERRANO STINGLEY's pants were halfway down his legs, restraining his legs.

66. SHERRANO STINGLEY continued grunting, demonstrating that he was distressed.

67. Defendant RACHELL VILLEGAS stated, "Let go of me, right now. Let go of me, right now. Dude, let go of me, right now. Chill out, bro. Okay, guys, work together. Get one arm."

Deleted: DOE 2

68. Defendant FREDDY MARTINEZ stated, "I've got legs."

Deleted: DOE 1

69. Defendant RACHELL VILLEGAS stated, "You're not going anywhere, dude. Let go of me, okay? You're not going anywhere."

Deleted: DOE 3

70. Defendant BRITTANY LINDE stated, "Turn his legs around. Everybody to your left—to your right, to your right, to your right."

Deleted: DOE 2

71. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE rolled SHERRANO STINGLEY from a position of lying on his back to his stomach, face-down on the ground.

Deleted: DOE 1, DOE 2, and DOE 3

72. SHERRANO STINGLEY grunted and gasped, as Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE rolled him over.

Deleted: DOE 1, DOE 2, and DOE 3

73. SHERRANO STINGLEY's pants remained halfway down his legs, restraining and restricting his movement.

74. Defendant RACHELL VILLEGAS held her arms against SHERRANO STINGLEY's head and neck, pinning it against the ground.

75. Defendant BRITTANY LINDE stood over SHERRANO STINGLEY, startling his body with her legs.

Deleted: ______________

76. Defendant BRITTANY LINDE commanded, “Let go!”

77. Defendant RACHELL VILLEGAS commanded, “Let go, right now.”

78. Defendant BRITTANY LINDE punched the back of SHERRANO STINGLEY’s head three times in rapid succession, with a closed left fist.

79. SHERRANO STINGLEY grunted in pain, holding his arms over his head in attempt to protect himself.

80. Defendant BRITTANY LINDE commanded, “Let go!”

81. Defendant RACHELL VILLEGAS commanded, “Let go of my cuff. Let go.”

82. Defendant BRITTANY LINDE commanded, “Hang on, let’s get contact.”

83. SHERRANO STINGLEY was grunting and gasping for air.

84. SHERRANO STINGLEY was not resisting, as FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE held him to the ground.

85. Defendant BRITTANY LINDE asked Defendant FREDDY MARTINEZ, “Can you figure-four him, please?”

86. Defendant FREDDY MARTINEZ responded, “Yeah.”

87. Defendant FREDDY MARTINEZ wrapped SHERRANO STINGLEY’s legs in a figure-four configuration and pressed bodyweight against SHERRANO STINGLEY’s wrapped legs, holding them in place.

88. Defendant RACHELL VILLEGAS stated, “I’m good. I’m good.”

89. Defendant BRITTANY LINDE mounted SHERRANO STINGLEY, pressing knees and applying bodyweight on his back.

90. Defendant RACHELL VILLEGAS held SHERRANO STINGLEY’s neck and head to the ground.

91. SHERRANO STINGLEY continued grunting and gasping for air, as Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE held him to the ground.

92. Defendant BRITTANY LINDE stated, “I’m just trying to get… Control his arm. Get hold of the other arm.”

93. Defendant RACHELL VILLEGAS responded, “Yeah.”

**Deleted:** DOE 2
**Deleted:** DOE 3
**Deleted:** DOE 2
**Deleted:** DOE 3
**Deleted:** DOE 2
**Deleted:** <#>¶ <#>Defendant DOE 3 deployed a taser against SHERRANO STINGLEY, as he was lying face-down on the ground, with Defendants DOE 1, DOE 2, and DOE 3 on top of him. ¶
**Deleted:** Defendants DOE 1, DOE 2, and DOE 3
**Deleted:** DOE 2
**Deleted:** DOE 1
**Deleted:** DOE 3
**Deleted:** DOE 2
**Deleted:** DOE 3
**Deleted:** DOE 1, DOE 2, and DOE 3
**Deleted:** DOE 2
**Deleted:** DOE 3
**Deleted:** ______________

Case 2:23-cv-00255-TLN-AC Document 34 52 Filed 01/05/24 06/15/23 Page 16 13 of 62 29

94. Defendant RACHELL VILLEGAS grabbed hold of SHERRANO STINGLEY's right arm with one hand and grabbed hold SHERRANO STINGLEY's head with her another arm, pinning both his arm and head against the ground.

95. Defendant BRITTANY LINDE briefly dismounted SHERRANO STINGLEY's back and stated, "Dude, if you don't fucking stop! Give me your hands!"

96. Defendant BRITTANY LINDE then jumped back on top of SHERRANO STINGLEY, driving knees and bodyweight into his back.

97. Defendant BRITTANY LINDE yelled, "Stop resisting!"

98. SHERRANO STINGLEY's shirt was pulled halfway up his torso, covering his face which was being pressed into the ground by Defendant RACHELL VILLEGAS.

99. SHERRANO STINGLEY gasped, "I'm not resisting!" but his gasp was muffled by the shirt pulled over his head and the pressure of his head being pinned to the ground by Defendant RACHELL VILLEGAS.

100. Defendant RACHELL VILLEGAS pushed SHERRANO STINGLEY's head into the ground with such pressure that the teeth on the right side of his jaw became loose.

101. Defendant FREDDY MARTINEZ stated, "Stop."

102. Defendant BRITTANY LINDE stated, "Stop resisting."

103. Defendant BRITTANY LINDE swung a closed fist, striking SHERRANO STINGLEY in the back of his head.

104. SHERRANO STINGLEY gasped, after being struck in the back of the head.

105. Defendant BRITTANY LINDE stated, "Sorry."

106. Defendant RACHELL VILLEGAS stated, "You're good. You're good."

107. Defendant BRITTANY LINDE pulled SHERRANO STINGLEY's arms behind his back.

108. Defendant BRITTANY LINDE stated, "Let go of my hand. Stop! Alright, I've got one hand. Hang on."

109. SHERRANO STINGLEY continued gasping for air, struggling to breathe.

110. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE ignored SHERRANO STINGLEY's gasping and signs of his distress, as he struggled to breathe.

**Deleted:** DOE 2
**Deleted:** DOE 2
**Deleted:** DOE 2
**Deleted:** DOE 3
**Deleted:** DOE 3
**Deleted:** DOE 3
**Deleted:** DOE 1
**Deleted:** DOE 3
**Deleted:** DOE 2
**Deleted:** DOE 2
**Deleted:** DOE 3
**Deleted:** DOE 2
**Deleted:** DOE 2
**Deleted:** DOE 1, DOE 2, and DOE 3
**Deleted:** ______________

10

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

111. Defendant BRITTANY LINDE stated, "Do not give up that other hand. Get your cuffs on there."

112. Defendant BRITTANY LINDE applied a set of handcuffs to SHERRANO STINGLEY's left arm, restraining his arm behind his back.

113. SHERRANO STINGLEY gasped, "I'm in cuffs."

114. Defendant FREDDY MARTINEZ stated, "You got it?"

115. Defendant BRITTANY LINDE stated, "You good?"

116. Defendant FREDDY MARTINEZ stated, "You have it."

117. Defendant FREDDY MARTINEZ commanded, "Put your hand behind your back, dude! Stop!"

118. Defendant BRITTANY LINDE stated, "Ready?"

119. Defendant RACHELL VILLEGAS responded, "Yeah."

120. Defendant BRITTANY LINDE stated, "Do not bury that hand."

121. Defendant FREDDY MARTINEZ stated, "Still fighting."

122. SHERRANO STINGLEY gasped, "Dymin!"—the name of his daughter who lived nearby.

123. Defendant BRITTANY LINDE stated, "Let go of my… Hold this cuff. Hold the cuff."

124. Additional patrol vehicles and personnel arrived at the scene, with sirens activated, including Defendant BRANDON SWAIM.

125. Defendant FREDDY MARTINEZ called out, "Right here!"

126. Defendant RACHELL VILLEGAS stated, "In between the cars."

127. Defendant BRITTANY LINDE applied a second set of handcuffs to SHERRANO STINGLEY's right arm, restraining both his arms behind his back, and locking the two sets of handcuffs together.

128. Defendant BRITTANY LINDE called out, "We've got him cuffed. We've got him cuffed."

129. SHERRANO STINGLEY had been held to the ground with pressure applied to his back, neck, and head by Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY

Deleted: DOE 2
Deleted: DOE 2
Deleted: DOE 1
Deleted: DOE 2
Deleted: DOE 1
Deleted: DOE 1
Deleted: DOE 2
Deleted: DOE 3
Deleted: DOE 2
Deleted: DOE 1
Deleted: ,
Deleted:
Deleted: DOE 2
Deleted: s
Deleted: DOE 4 to 10
Deleted: DOE 1
Deleted: DOE 3
Deleted: DOE 2
Deleted: DOE 1
Deleted: ____________

11

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

LINDE, for approximately two minutes.

130. SHERRANO STINGLEY did not resist and his breathing and gasps for air had become shorter in duration and weaker.

131. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE did not deescalate or decrease the amount of force and pressure applied to SHERRANO STINGLEY, relative to his decreased struggle and weakened breathing.

132. Defendant BRITTANY LINDE yelled, "Let go of my shirt! Let go of my shirt! Hey guys, we've got him cuffed! We've got him cuffed! Relax. Let go of my shirt!"

133. Defendant RACHELL VILLEGAS stated, "Dude, let go."

134. Defendant BRITTANY LINDE stated, "Let go of my shirt. Here we go. Ready?"

135. Defendant FREDDY MARTINEZ stated, "No, no. I'm not going to let off this."

136. Defendant BRITTANY LINDE stated, "He's going to keep fighting."

137. Defendant FREDDY MARTINEZ stated, "I got him. I'm not letting off."

138. SHERRANO STINGLEY was unconscious and had stopped breathing, with Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE on top of him, while holding him to the ground, yelling at him, and ignoring his difficulty and struggle to breathe.

139. Defendant BRANDON SWAIM approached and asked, "What – what do you guys got? What do you guys got?"

140. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE were aware that SHERRANO STINGLEY was no longer gasping and struggling to breathe.

141. Defendant BRITTANY LINDE responded, "We don't even know what we have. He just…"

142. Defendant FREDDY MARTINEZ stated, "So, we don't know what we have yet."

143. Defendant BRANDON SWAIM responded, "No, no. That's fine. What do you guys need grabbed? What do you guys need grabbed?"

144. Defendant BRITTANY LINDE yelled, "Hey, dude! Relax. You are in cuffs. I need you to stand up. Got it? Why are you freaking out?"

145. Defendant FREDDY MARTINEZ stated, "But he's just freaking out, right now. I don't

Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 2
Deleted: DOE 3
Deleted: DOE 2
Deleted: DOE 1
Deleted: DOE 2
Deleted: DOE 1
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 4
Deleted: --
Deleted: DOE 1, DOE 2, and DOE 3 became
Deleted: DOE 2
Deleted: DOE 1
Deleted: DOE 4
Deleted: DOE 2
Deleted: DOE 1
Deleted: ______________

want to let up."

146. Defendant BRITTANY LINDE stated, "What is your name?"

147. Defendant RACHELL VILLEGAS stated, "Dude, what is your name?"

148. SHERRANO STINGLEY remained unconscious and non-responsive.

149. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's questions put to SHERRANO STINGLEY and expressed concern that he was "freaking out" were pretextual and performative, where they knew that SHERRANO STINGLEY was unconscious and non-responsive.

150. Defendant BRITTANY LINDE stated, "We have not searched anything. We have not been able to. His pants pretty much fell down. He's going to fight."

151. Defendant RACHELL VILLEGAS held a flashlight on SHERRANO STINGLEY's face and stated, "Come on dude."

152. Defendant BRITTANY LINDE stated, "We need to be able to search him."

153. SHERRANO STINGLEY remained unconscious and non-responsive, which Defendant BRANDON SWAIM became aware of when Defendant RACHELL VILLEGAS illuminated SHERRANO STINGLEY's face with her flashlight.

154. Additional officers arrived on scene and Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE dismounted and released their holds on SHERRANO STINGLEY.

155. Defendant RACHELL VILLEGAS felt SHERRANO STINGLEY's neck for a pulse.

156. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRANDON SWAIM lifted SHERRANO STINGLEY's limp and unconscious body off the ground.

157. SHERRANO STINGLEY's face and clothes were covered in dirt caused by Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE pressing him against the ground.

158. Defendant BRITTANY LINDE stated, "Hey! Wake up!"

159. Defendant BRANDON SWAIM radioed, "Code 3. Fire. He's not responding."

160. Defendant BRITTANY LINDE felt SHERRANO STINGLEY's neck for a pulse and stated, "I can't tell. Place him in a recovery position."

Deleted: DOE 2
Deleted: DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: Defendants DOE 1, DOE 2, and DOE 3
Deleted:
Deleted: DOE 2
Deleted: ,
Deleted: w
Deleted: you
Deleted: Defendants DOE 5, DOE 6, DOE 7, DOE 8, DOE 9, and DOE 10
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: SHERRANO STINGLEY's limp and unconscious body was
Deleted: DOE 2
Deleted: Defendant DOE 5
Deleted: DOE 2
Deleted: ______________

161. SHERRANO STINGLEY's unconscious body was placed back on the ground, until fire department personnel arrived and transported him to the hospital.

162. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE failed to utilize appropriate de-escalation and use-of-force techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT policies, procedures, and general orders. For example, Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions were inconsistent with POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 37 ("People with Disabilities"); Sacramento County Sheriff's Department General Order 2-11 ("Use of Force"); Sacramento County Sheriff's Department Operations Order 7-11 ("Mentally Disturbed Person"); and the Sacramento County Sheriff's Department Field Training Guide.

163. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM did not call for or provide appropriate or necessary medical attention to SHERRANO STINGLEY, even though they knew or should have known that SHERRANO STINGLEY was non-responsive, unconscious, and required immediate medical attention.

164. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM failed to utilize appropriate medical aid techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT policies, procedures, and general orders. For example, Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions were inconsistent with POST Learning Domain 34 ("First Aid, CPR, and AED"); and the Sacramento County Sheriff's Department Field Training Guide.

165. SHERRANO STINGLEY was rendered comatose and braindead and required life-sustaining equipment to keep his body alive, following the incident.

166. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES required their personnel to create a press release and narrative of

Deleted: <#>Defendant DOE 1 stated, "Off to his side."¶

Deleted: <#>Defendants DOE 1 to 10 did not provide appropriate or necessary medical attention to SHERRANO STINGLEY, even though they knew or should have known that SHERRANO STINGLEY required immediate medical attention, as they waited for fire department personnel to arrive on scene.¶

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ______________

the officer-involved death incident which portrayed SHERRANO STINGLEY negatively and involved personnel favorably, and which suggested that the unjustified use of deadly force was justified.

167. On December 8, 2022, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES published a press release and video related to the incident, <https://www.youtube.com/watch?v=pbCoAwE6W_E>.

168. The video included prefacing video footage without context and which depicted law enforcement personnel talking with SHERRANO STINGLEY's daughter which was unrelated to the underlying officer-involved assault on SHERRANO STINGLEY.

169. The body-worn camera footage provided on the video was incomplete and limited to one perspective, that of Defendant FREDDY MARTINEZ, despite the presence of multiple other deputies activating their body-worn cameras during the incident, including Defendants RACHELL VILLEGAS and BRITTANY LINDE.

**Deleted:** DOE 1

170. The video was accompanied by a press release containing false, incomplete, and irrelevant information. For example:

(a) The press release falsely described the incident, including that SHERRANO STINGLEY "attempted to bring [Defendant FREDDY MARTINEZ] to the ground"; "began to fight all three deputies"; "forcefully and actively resisted"; and "experienced a serious medical emergency while exerting himself during the fight."

**Deleted:** DOE 1

(b) The video purported to provide text captions of SHERRANO STINGLEY and Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's statements made during the incident but was missing statements made by SHERRANO STINGLEY as he struggled to breathe with the deputies on top of him, including "I'm not resisting!" and "Dymin!"

**Deleted:** DOE 1, DOE 2, and DOE 3

(c) The press release provided information which was irrelevant and unknown to Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE, at the time they attacked SHERRANO STINGLEY, including: (1) "The suspect in this incident, who has no formal address, was arrested on multiple felony and misdemeanor counts of Attempted Burglary, Resisting Executive Officers, Prowling on Property of Another and Battery of a Peace Officer. Furthermore, he is noted as a Prolific Offender and is on Formal – Searchable Probation until 2024 for Civilian Battery and

**Deleted:** DOE 1, DOE 2, and DOE 3

**Deleted:** ___________

Vandalism."; and (2) "doctors determined the suspect had cocaine, meth, Tetrahydrocannabinol (THC) and prescription methamphetamine in his system…"

171. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knew that information contained in the video and press release was false, incomplete, and irrelevant, based on the information available at the time of the press release on December 8, 2022.

172. On December 16, 2022, SHERRANO STINGLEY died as a result of his injuries.

**POLICY AND CUSTOM ALLEGATIONS**

173. Defendant SCOTT JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, including as it relates to the training, supervision, and discipline of personnel under his command. Sacramento County Sheriff's Department, General Order: "Sheriff's Executive Staff," available at: <https://www.sacsheriff.com/pages/transparency.php>. Defendant SCOTT JONES served as Sheriff from December 2010 to December 2022.

174. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policies and training relating to "Arrest and Control (PSP)" authorize use of a "Confined Space Control Hold Technique," including instructing "Officer moves into a kneeling prone position on the suspect's back" while the subject "lie[s] in a prone position." <https://www.sacsheriff.com/pages/transparency.php>.

175. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom of inaction and poor training, including:

(a) Permitting multiple officers to apply pressure on a subject in order to apply handcuffs, without regard to the subject's mental state or fitness;

(b) Failing sufficiently to adopt policies and procedures which prevent or minimize the risk of positional asphyxia; and

(c) Failing sufficiently to train officers against the dangers of positional asphyxia for

Deleted: ____________

subjects placed in a prone position.

176. On November 21, 2019, a 26-year-old subject was arrested by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including deputies Terrence McDonald, Andrew Neil, David Derouen, Noah Luger, and Matthew Tam. (Report No. 19-416979, available at: <https://www.sacsheriff.com/pages/sb1421_releases.php>.) Therein, the subject was acting "erratically," including jumping onto a fire truck and yelling, "help me, I need air." Responding deputies instructed the subject to lie on the ground, on his stomach, and he complied. The deputies handcuffed the subject's arms behind his back. The subject continued to move while handcuffed on the ground, including twisting his upper body from side-to-side. Deputy McDonald "placed [his] right knee in the middle of the male subject['s] shoulder blades" and told the subject, "My knee is stronger than you, you cannot get up." Deputy Neil "put [his] knee on [the subject's] lower back directly above his buttocks and applied [his] body weight," which was "in excess of 250 pounds…" Deputy Derouen applied "upward pressure" to the subject's wrists "to prevent him from lifting his upper body off the ground…" Deputy Luger "put [his] body weight on [the subject's] lower legs…" Deputy Tam "applied a figure four control hold to [the subject's] legs" and then "straightened [the subject's] legs and crossed his legs at his ankles" and "placed [his] legs across the top of [the subject's] legs…" Once the subject's ankles were "secured" with "maximum restraints," Deputy Luger "plac[ed] [a] Taser underneath [the subject's] left shoulder blade" and "delivered a 5 second cycle 'Drive Stun' to [the subject's] back underneath his shoulder blades" and "delivered another 5 second cycle to the same location on [the subject's] back." The subject was "yelling incoherently and rapidly breathing." The subject lost consciousness with the deputies on top of him. "The medical personal noticed the male subject was unresponsive." The deputies dismounted the subject and "removed the handcuffs for medical personal to rendered aid. The male subject regained his consciousness and started breathing on his own." Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed to retrain, discipline, or impose any adverse consequences against the deputies, in response to their use of excessive force against a handcuffed and prone subject who struggled to breathe and lost consciousness. Instead, Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT deemed the deputies' conduct to be within policy.

Deleted: ____________

Case 2:23-cv-00255-TLN-AC Document 45 Filed 10/15/23 Page 21 of 79

177. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knew or should have known that a substantial number of contacts had occurred between their personnel and persons wherein force has been applied involved mentally ill and/or substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders, commands, brusk and direct language, and escalating force. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES regularly received calls for assistance with persons undergoing mental health crises and, as a result, officers under their command are on the front lines in dealing with persons with mental health problems, such as SHERRANO STINGLEY.

178. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed to promulgate specific policies and customs and to train officers under their command in the application of necessary policies, including those prescribed by the California POST, Learning Domain 37 ("People with Disabilities"). Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed adequately to train officers under their command in critical areas, including, for example:

(a) how and when to call for the assistance of officers or professionals with specialized training in dealing with mental illness, when possible;

(b) how to approach persons suffering from mental disability or substance impairment;

(c) how to speak to persons suffering from a mental disability or substance impairment;

(d) how to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

(e) how to respect the personal space of persons suffering from mental disability or substance impairment;

(f) how reasonably to accommodate the disabilities of persons suffering from mental disability or substance impairment; and

(g) how to de-escalate, without use of force, incidents involving persons suffering

Deleted: ____________

from mental disability or substance impairment.

179. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including:

(a) Application of excessive and unreasonable use-of-force against non-threatening persons;

(b) Providing inadequate training with respect to the use-of-force;

(c) Employing and retaining and inadequately supervising, training, controlling, assigning, and disciplining personnel with dangerous propensities for abusing authority;

(d) Maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

(e) Failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct—*e.g.*, "slaps on the wrist."

(f) Announcing that unjustified uses of force are "within policy," including incidents that were later determined in court or implied through settlement to be non-compliant with policy or unlawful;

(g) Refusing to discipline, terminate, or retrain personnel, where uses-of-force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(h) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(i) Maintaining a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses of force.

180. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

Deleted: ____________

DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in misconduct, without meaningful consequence, discipline, or corrective action, including Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE, for example:

(a) On May 20, 2018, Defendant [REDACTED] stalked and confronted Wendy McElroy in a coffee shop, told her that she was a deputy sheriff, and threatened to assault and kill her. Defendant [REDACTED] was engaged in an ongoing sexual relationship with Wendy McElroy's husband at the time of the assault and threats. Wendy McElroy filed a citizen complaint with Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. (Sacramento County Sheriff's Department, Professional Standards Division No. 2018PSD-273.) Captain Matt Petersen recommended that Defendant [REDACTED] "receive a Documented Counseling to remain in her personnel file for a period of six (6) months." On November 7, 2018, a Documented Counseling was placed in Defendant [REDACTED] file for six months.

(b) Defendant [REDACTED] failed to complete a required taser qualification training. On September 13, 2018, Defendant [REDACTED] receive a Documented Counseling in her personnel file.

(c) On January 8, 2019, Defendant [REDACTED] and two other deputies escorted Yasmin Sundermeyer, an inmate at the Rio Cosumnes Correctional Center ("RCCC"), from the medical office to her cell. At the medical office, Yasmin Sundermeyer received treatments related to her trouble to breathe. Yasmin Sundermeyer was handcuffed and non-threatening. Inside the cell, Defendant [REDACTED] and two fellow deputies tackled Yasmin Sundermeyer to the floor and applied body-weight on top of her body while she was handcuffed and lying in a prone position. Defendant [REDACTED] climbed on top of Yasmin Sundermeyer's "middle" or back, while the other two deputies were "immobilizing" her "lower body – legs" and "head and shoulders." Specifically, Defendant [REDACTED] "placed her knee across [Yasmin] Sundermeyer's abdomen area … while being restrained." Defendant [REDACTED] and two fellow deputies confined Yasmin Sundermeyer to a "Pro-Straint chair" for longer than one hour. Yasmin Sundermeyer filed a citizen complaint with

Deleted: ____________

20

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. (Sacramento County Sheriff's Department, Professional Standards Division No. 2019PSD-0398.) On May 26, 2020, Captain Todd Henry recommended that the deputies, including Defendant [redacted], be "EXONERATED" of any misconduct.

(d) Beginning in May 2019, Defendant [redacted] repeatedly sent threatening and inappropriate emails to Rachael Rendon at her work-related email address, where she was employed as a parole officer by the California Department of Corrections and Rehabilitation ("CDCR"). Rachael Rendon was the girlfriend of Defendant [redacted] ex-boyfriend, Chris. For example, Defendant [redacted] threatened Rachael Rendon that she would "contact your appropriate chain of command" (Defendant [redacted] previously worked for the CDCR) and that Defendant [redacted] had an ongoing relationship with Chris. Defendant [redacted] harassing emails caused Rachael Rendon to fear for her safety and the safety of her children and family. Rachael Rendon made repeated and unsuccessful requests for Defendant [redacted] to cease her contacts. Defendant [redacted] also abused her access to Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's Known Persons File ("KPF") information database to view confidential information about Rachael Rendon and her family members, for personal and non-legitimate reasons. Rachael Rendon obtained a civil restraining order against Defendant [redacted] which prohibited her ability to possess personal and department-issued firearms for one month. Rachael Rendon's petition for restraining order identified Defendant [redacted] previous history of physical assault and stalking. (Superior Court of California, County of Sacramento, Case No. 34-2019-7006482.) Rachael Rendon also filed a police report with the Folsom Police Department. (Folsom Police Department, Report No. 19-093101148.) Rachael Rendon also filed a citizen complaint with Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. (Sacramento County Sheriff's Department, Professional Standards Division No. 2019PSD-0520.) Captain James Barnes recommended that Defendant [redacted] "be suspended from [her] position as Deputy Sheriff for a period of forty-eight (48) hours." On February 26, 2020, Defendant SCOTT JONES "deemed appropriate" the recommended discipline.

(e) On March 14, 2020, Defendant RACHELL VILLEGAS and three other deputies

Deleted: ____________

21

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

tackled Tatyana Ivanyuk, an inmate at the Rio Cosumnes Correctional Center ("RCCC"), who "was passive resistive towards deputies." Tatyana Ivanyuk was known by deputies to suffer from a "pre-existing handicap to her right hand and forearm," where the arm is "bent at the elbow and wrist" and "does not have full range of motion" and "cannot be straightened out." Defendant RACHELL VILLEGAS and three other deputies tackled Tatyana Ivanyuk to the ground in a prone position. Deputy Curney "placed both [his]hands on [her] back" and used his hands to "apply[] pressure," "then replaced [his] left arm by placing [his] left knee on IVANYUK's back." Deputy Oliver "placed [his] left knee into Ivanyuk's right shoulder blade and used [his] knee to facilitate rolling inmate Ivanyuk into a prone position."

(f) On August 19, 2020, Defendant BRITTANY LINDE responded to a call for service with deputy Bryan Johnson. During a traffic stop, Bryan Johnson tackled Carletta Bartholowmew to the ground, face-first in a prone position, while applying handcuffs to her arms. Carletta Bartholowmew's upper-right eye was cut from being scrapped against the ground. Defendant BRITTANY LINDE joined by "plac[ing] [her] right knee on [Carletta Bartholowmew's] right shoulder and t[aking] control of her left arm." Bryan Johnson handcuffed Carletta Bartholowmew's arms behind her back. Carletta Bartholowmew yelled that she had a heart condition and could not breathe. She was transported to the hospital for evaluation.

(g) From December 7, 2020, through January 12, 2021, Defendant [redacted] improperly accessed Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's Jail Person Files ("JPF") information database at least 22 times, and Known Persons File ("KPF") information database at least three times, for personal and non-legitimate reasons. (The search for improper access was limited to the period from November 1, 2020, to January 12, 2021.) Defendant [redacted] conducted the unauthorized inquiries to learn more about a suspect in the assault of a family member. An anonymous citizen complaint was filed with Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. (Sacramento County Sheriff's Department, Professional Standards Division No. 2020PSD-0661.) Chief Deputy Leeannedra Marchese recommended that Defendant [redacted] be suspended from his position as Deputy Sheriff for a period of 20 hours. On August 9, 2021, Defendant SCOTT JONES "deemed appropriate" the recommended

Deleted: ____________

22

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

discipline.

(h) On August 1, 2021, Larry Weigle was involved in a vehicular pursuit that ended when he exited his vehicle and fled on foot. Larry Weigle was chased-down and pushed to the ground by deputy Shayn Bowen. Shayn Bowen mounted Larry Weigle and pulled his arms behind his back to apply handcuffs. Larry Weigle surrendered to Shayn Bowen's efforts to arrest him and did not resist. Deputy Hunter Greenwood and Defendant BRITTANY LINDE arrived on scene, shortly after Larry Weigle was taken to the ground. Hunter Greenwood ran towards Larry Weigle and Shayn Bowen. Hunter Greenwood yelled out, "Get him! Go!" Hunter Greenwood kicked Larry Weigle twice with his foot, including raising his foot and stomping on Larry Weigle's head. Larry Weigle was lying motionless and compliant on the ground with his arms behind his back, at the time that Hunter Greenwood kicked and stomped him. Hunter Greenwood's stomp caused Larry Weigle's head to strike the ground, cutting his head. Shayn Bowen and Defendant BRITTANY LINDE observed Hunter Greenwood assault Larry Weigle, without justification or cause, but said and did nothing in response. Instead, Defendant BRITTANY LINDE created a false pretext Hunter Greenwood's assault, including by stating, "Give me your hand!" Larry Weigle responded, "You have it!" Then, Defendant BRITTANY LINDE stated, "Stop resisting!" Larry Weigle responded, "I'm not resisting!" Then, Defendant BRITTANY LINDE stated, "Relax!" Larry Weigle responded, "I'm relaxed!" Later that night, Hunter Greenwood discussed the incident with Mark Hampton, his trainee. Hunter Greenwood briefly paused during the conversation with Mark Hampton to ask if he was "still hot"—*i.e.*, if Mark Hampton was recording the conversation with his body-worn camera. Mark Hampton responded by touching his body-worn camera, believing that he had deactivated it, and stating, "No." Hunter Greenwood stated, "Make sure it's off." Hunter Greenwood believed that Mark Hampton had turned-off his body-worn camera but, by accident, he did not. Immediately thereafter, Hunter Greenwood continued to discuss the incident, bragging: "I kaboomed him twice. Gave him the good ol' boot. I mean, he was pretty much done at that point. It wasn't, like—I didn't, like, curb stomp him. I just, like, threw him to the ground and kicked him on the torso once or twice." At the scene, Defendant BRITTANY LINDE admitted to her supervisor, sergeant David Cueno, that Hunter Greenwood kicked Larry Weigle. Defendant BRITTANY LINDE also admitted that the officers did not have sufficient evidence to charge Larry Weigle with violation of California Penal Code section 69. But

Deleted: ____________

Case 2:23-cv-00255-TLN-AC Document 52 Filed 11/15/23 Page 27 of 79

David Cueno, Shayn Bowen, and Defendant BRITTANY LINDE each failed to report Hunter Greenwood's use-of-force, as required by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT policy. Defendant BRITTANY LINDE submitted a report falsely describing the incident, including: "WEIGLE was actively resisting by keeping his right arm tucked under his body. . . . Deputy Greenwood #684 (unit 67F2) responded and assisted Deputy Bowen and I in placing WEIGLE in handcuffs (See Deputy Greenwood's and Deputy Bowen's Supplemental Report)." Specifically, Defendant BRITTANY LINDE omitted from her report that Hunter Greenwood had assaulted Larry Weigle by stomping him twice. Larry Weigle filed a citizen complaint with Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. (Sacramento County Sheriff's Department, Professional Standards Division No. 2022PSD-0187.) During the investigation of the complaint, Defendant BRITTANY LINDE admitted that she falsely reported Larry Weigle's hands were "tucked under his body" when, if fact, they were behind his back, and, "if someone's got their hands behind their back and [an officer] run[s] up and just kick[s] somebody," that that force is "not warranted." Sergeant David Cueno was also found to have failed to report use-of-force incidents on multiple occasions, including in the case of Larry Weigle. On October 18, 2022, Chief Deputy Santos Ramos "recommended Deputy Greenwood receive a 40-hour suspension" and "recommended Sergeant Cueno receive a 20-hour suspension." On November 28, 2022, Undersheriff James Barnes rejected the recommendations and "EXONERATED" Hunter Greenwood. On December 7, 2022, Sheriff Jim Cooper "affirmed" Undersheriff James Barnes' exoneration. On June 9, 2022, Larry Weigle filed a civil rights lawsuit in connection with the incident. *Weigle v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:22-cv-01000-MCE-JDP. Defendant COUNTY OF SACRAMENTO settled Larry Weigle's case pre-trial for $175,000.

(i) On May 8, 2022, Defendant FREDDY MARTINEZ conducted a traffic stop on a vehicle driven by Donald Burney. Donald Burney was experiencing a medical emergency and opened the door of his vehicle. Defendant FREDDY MARTINEZ observed that Donald Burney was "talking rapidly and somewhat incoherently," was "unsteady on his feet," and made "spontaneous hand movements." Defendant FREDDY MARTINEZ grabbed at Donald Burney to apply handcuffs to his arms but he fell forward, landing no the ground. Defendant FREDDY MARTINEZ handcuffed Donald Burney's arms

Formatted: Font: Italic

Formatted: Normal, Indent: Left: 0", First line: 1", Line spacing: Exactly 24 pt, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

Deleted: ______________

behind his back. Defendant FREDDY MARTINEZ then "kept BURNEY on the ground with [his] knee on top of BURNEY's lower back/hip area" using "weight on BURNEY's lower back/hip area…" Defendant FREDDY MARTINEZ confined Donald Burney to the back of his patrol vehicle and conducted a records research which revealed "BURNEY's diabetic history." Defendant FREDDY MARTINEZ asked Donald Burney if he was having a diabetic emergency and he responded, "Yes." Donald Burney had a diabetic monitor on his arm controlled by a cell phone application which "showed BURNEY's blood sugar was at 60." Donald Burney instructed Defendant FREDDY MARTINEZ to get candy from his vehicle, which raised his blood sugar to 90-to-100.

181. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in excessive and unreasonable use-of-force, without meaningful consequence, discipline, or corrective action, in addition to the circumstances in this case, including:

(a) On May 8, 2017, Mikel McIntyre, an unarmed and mentally-ill Black man, was shot and killed by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including deputies Jeffrey Wright, Ken Becker, and Gabriel Rodriguez. A civil rights lawsuit was filed. *N.M. v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-01830-WBS-KJN. The case was settled pre-trial for $1,725,000. The Sacramento County Inspector General's Office issued an officer-involved shooting review of the incident. <https://inspectorgeneral.saccounty.net/Documents/McIntyre_OIS_Report.pdf>. Therein, the inspector general found that the deputies fired an "excessive, unnecessary" number of rounds during the shooting. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES retaliated against the inspector general by locking him out of agency offices and jail facilities, in response to the critical report.

(b) On October 21, 2017, Mayco Rodrique was arrested and booked into the Sacramento County Main Jail by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including Jarrod Hopeck and Jeffrey Wilson. Deputy Hopeck intentionally twisted and broke Rodrique's arm, during the jail intake process. Rodrique was confined to a "sobering" cell and denied

Deleted: ______________

him access to medical staff for 20 minutes, while deputy Hopeck taunted him through a window on the door. The incidents were captured on the jail's cameras. A citizen complaint was filed. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "exonerated" deputy Hopeck. (Report No. 17-303197, available at: <https://www.sacsheriff.com/pages/sb1421_releases.php>.) A civil rights lawsuit was filed. *Rodrique v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02698-WBS-EFB. The case was settled pre-trial for $97,500. Rodrique obtained numerous citizen complaints and dispositions from Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT during discovery in the case. <https://www.sacbee.com/opinion/article238722483.html>. The citizen complaint files revealed Defendant SCOTT JONES was "concealing the violent abuse of inmates by deputies in his jail and allowing the guilty deputies to remain in uniform." For example, Defendant SCOTT JONES overruled a recommendation to discipline a subordinate who was captured on camera using excessive use-of-force; and "exonerated" numerous meritorious citizen complaints against personnel. <https://www.sacbee.com/news/investigations/article238544198.html>.

(c) Paul "Scotte" Pfeifer was a sheriff's deputy employed by Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES. Deputy Pfeifer employed excessive force against persons he encountered on multiple occasions by striking them with a department-issued flashlight. Deputy Pfeifer's assaults were documented and captured on recordings on multiple occasions. Deputy Pfeifer's assaults resulted in multiple lawsuits, each of which Defendant COUNTY OF SACRAMENTO settled for substantial amounts of money paid to the injured plaintiffs. *Treshchuk v. McGinness*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-00691-MCE-EFB (Deputy Pfeifer struck the plaintiff in her legs multiple times with a flashlight, case settled for $20,000); *Reyes v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2015-00184139-CU-CR-GDS & U.S. District Court, Eastern District of California, Case No. 2:15-cv-02213-JAM-DB (Deputy Pfeifer recorded assaulting the plaintiff in the middle of street, including striking him multiple times with a flashlight, case settled for $200,000); *Donohue v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:15-cv-01488-CKD (Deputy Pfeifer recorded assaulting the plaintiff while he was sitting in the driver's seat of a

Deleted: ____________

vehicle, case settled for $150,000); <https://www.sacbee.com/news/investigations/the-public-eye/article107619287.html>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed adequately to supervise, re-train, or discipline deputy Pfeifer following each of the incidents of misconduct and he was retained as an employee.

(d) Several jury verdicts have been entered against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or their personnel, where excessive and unreasonable force was proven at trial. For example: *Estate of Rose v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-01339-TLN-EFB (jury verdict against two sheriff's deputies who used excessive force when they shot and killed a mentally-ill man inside of his home); *Reese v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-00559-WBS-DB (jury verdict against sheriff's deputy who used excessive force when he shot a man inside of his home upon opening a door in response to the deputy's command); *Jones v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-01349-WBS-GGH (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy or custom of subjecting inmates to excessive force against the County of Sacramento); *Tubbs v. Sacramento County Jail*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00280-LKK-GGH (jury verdict for excessive force and integral participation against four sheriff's deputies); *Johnson v. Sacramento County*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).

(e) Numerous settlements have been paid by Defendant COUNTY OF SACRAMENTO, resulting from misconduct by Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and/or their personnel, including to settle litigation where excessive and unreasonable force was alleged and may have been proven, if tried. For example: *Flemmings v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:20-cv-00500-WBS-AC (settlement of action alleging that sheriff's deputies

27

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

Deleted: ______________

unlawfully pulled-over the plaintiff's vehicle, pulled him from the vehicle, and slammed and pinned him face-first onto the roadway); *Soto v. County of Sacramento*, E.D. Cal. Case No. 2:19-cv-00910-TLN-DB (settlement of action alleging a sheriff's deputy ignored an injured inmate's requests for medical assistance, hog-tied his arms and legs, and left him to die on the floor of a holding cell); *Mitchell v. County of Sacramento*, E.D. Cal. Case No. 2:18-cv-03252-WBS-EFB (settlement of action alleging a sheriff's deputy slammed the plaintiff's head against a wall causing a concussion, breaking a tooth, and splitting her lip); *Dunn v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-02425-JAM-CKD (settlement of action alleging that two sheriff's deputies unlawfully pulled-over the plaintiff's vehicle, pulled her from the vehicle, struck her in the face several times with fists and a flashlight, and broken her arm); *Arispe v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-02017-JAM-AC (settlement of action alleging that a sheriff's deputy "immediately opened fire" when responding to a mental health emergency call, killing the mentally-ill subject); *Reynolds v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-01150-TLN-KJN (settlement of action alleging that several sheriff's deputies falsely arrested and "paraded" the handcuffed plaintiffs before releasing them without charges); *Rivera v. Cater*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-00056-WBS-EFB (settlement of action where two sheriff's deputies shot numerous times and killed a non-threatening, mentally-ill man suspected of burglary); *Abbott v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02698-WBS-EFB (settlement of action alleging that a sheriff's deputy broke the plaintiff's foot and sprained his wrist during jail booking); *Augustine v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02605-WBS-AC (settlement of action alleging that sheriff's deputies shot and killed a non-threatening 17-year-old boy suffering from an episode of mental-illness); *Ennis v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02052-KJM-EFB (settlement of action alleging that a sheriff's deputy broke the plaintiff's left wrist, after the plaintiff had specifically warned the sheriff's deputy that her wrist had been previously injured); *Williams v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-01726-JAM-EFB (settlement of action alleging that two sheriff's deputies falsely arrested and employed excessive force against the plaintiffs); *Cain v. City of*

Deleted: ____________

28

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

Case 2:23-cv-00255-TLN-AC Document 52 Filed 10/15/24 Page 32 of 79

*Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-00848-JAM-DB (settlement of action alleging that a sheriff's deputies held the injured plaintiff face-down on the ground while forcibly stripping and verbally abusing him); *McCormack v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:16-cv-01303-WBS-AC (settlement of action alleging that a sheriff's deputy slammed the plaintiff's head into a wall); *DeVard v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:16-cv-00159-JAM-CKD (settlement of action alleging that a sheriff's deputy was captured on a surveillance camera punching the plaintiff in his face and slammed him into a patrol vehicle); *Shannon v. County of Sacramento*, E.D. Cal. Case No. 2:15-cv-00967-KJM-DB (settlement of action alleging excessive use of force by two sheriff's deputies who shot and killed a man carrying airsoft replica weapons); *Aviña-Luna v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying arm-hold); *Salinas v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2013-00152323 (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying arm-hold); *Lundell v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:12-cv-02832-MCE-AC (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying handcuffs); *Harmon v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:12-cv-02758-TLN-AC (settlement of action alleging that sheriff's deputies shot a non-threatening man with a taser then fired 18 gunshots causing his death); *Gonsalves v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-02506-WBS-DAD (settlement of action alleging that a sheriff's detective went to the plaintiff's home and "sucker-punched" him, "without any provocation or warning"); *Abdallah v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-00625-MCE-KJN (settlement of action alleging that five sheriff's deputies beat the plaintiff into unconsciousness, causing a lacerated liver, multiple cracked ribs, a broken nose, and facial lacerations); *Duran v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's deputy broke the plaintiff's left arm while applying arm-hold); *Jaquez v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:10-cv-01040-MCE-DAD (settlement of action

Deleted: ______________

alleging that sheriff's deputies beat the plaintiff, causing a fractured right elbow and leaving a boot-imprint on his face).

182. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or SCOTT JONES only impose minimal, insignificant, and untimely discipline against subordinates even when misconduct was documented and acknowledged, and only issue discipline when misconduct is documented on recordings. For example:

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 0.5" + Indent at: 0"

(a) In 2013, a deputy was involved in an excessive force incident which was recorded on video where inmate Sundy Vongkhamsomphouwas was kicked by a deputy at the Rio Cosumnes Correctional Center. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2013IA-039.) But the only discipline imposed was issuance of a two-day suspension.

(b) On August 20, 2013, three deputies were involved in an excessive force incident which was recorded on video where inmate Melanie Orantes was punched in the head by a deputy at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2013IA-043.) But the only discipline imposed was issuance of a "letter of reprimand."

(c) On April 25, 2014, four deputies were involved in an excessive force incident which was recorded on video where inmate Edward Deed was punched and kicked by deputies at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2013IA-032.) But the only discipline imposed was issuance of a "letter of reprimand."

(d) On May 24, 2014, a deputy was involved in an excessive force incident which was recorded on video where inmate Barnard Jones was pepper-sprayed by a deputy at the Rio Cosumnes Correctional Center. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department,

Deleted: ______________

Professional Standards Division No. 2014IA-028.) But the only discipline imposed was issuance of a one-step reduction in salary for 26 pay periods.

(e) On July 25, 2014, three deputies were involved in an excessive force incident which was recorded on video where inmate Jordan Fagan was slammed to the ground by deputies at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2014IA-041.) But the only discipline imposed was issuance of a "documented counseling."

(f) On October 14, 2014, a deputy was involved in an excessive force incident which was recorded on video where inmate Andrew Moras was slammed to the ground by a deputy at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2014IA-046.) But the only discipline imposed was issuance of a 48-hour suspension.

(g) On January 28, 2015, a deputy was involved in an excessive force incident which was recorded on video where inmate Kelly Brown had his head stepped-on by a deputy at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2015IA-005.) But the only discipline imposed was issuance of a "letter of reprimand."

(h) On June 5, 2015, six deputies were involved in an excessive force incident which was recorded on video where inmate Deshaun Williams was slammed to the ground and had his arms and legs twisted by deputies at the Rio Cosumnes Correctional Center. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2015IA-025.) But the only discipline imposed was issuance of a "documented counseling" and "letter of reprimand."

(i) On July 6, 2015, a deputy was involved in an excessive force incident which was recorded on video where inmate Michael McCormick was grabbed by the neck, choked, and slammed

Deleted: ____________

against a wall by a deputy at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 201PSB-029.) But the only discipline imposed was issuance of a "letter of reprimand" and loss of "training officer" status.

(j) On November 21, 2015, a deputy was involved in an excessive force incident which was recorded on video where inmate Yasir Mehmood was punched and kicked by a deputy while he was defenseless and handcuffed at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2015IA-034.) But the only discipline imposed was issuance of a "letter of reprimand."

(k) On May 18, 2016, three deputies were involved in an excessive force incident which was recorded on video where inmate Roshawn Jackson was slammed to the ground and had his arms twisted by deputies at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 201PSB-212.) But the only discipline imposed was issuance of an 80-hour suspension.

(l) On September 27, 2016, a deputy was involved in an excessive force incident which was recorded on video where inmate Monful was tackled to the ground by a deputy at the Sacramento County Main Jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2016PSB-530.) But the only discipline imposed was issuance of a 48-hour suspension.

(m) On January 8, 2017, deputy Daniel Brown was startled by mental health inmate Cantrarutti when he punched his cell door in the Sacramento County Main Jail. Cantrarutti laughed, when Daniel Brown become startled. Daniel Brown was embarrassed and retaliated against Cantrarutti, including by removing him from his cell, tackling him to the ground and punching him, along with several other deputies. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation and found that "the use of force should have

Deleted: ______________

never occurred in the first place." (Sacramento County Sheriff's Department, Professional Standards Division No. 2017PSD-054.) On March 30, 2017, Captain Eric Buehler recommended Daniel Brown be suspended for 10 hours. On April 7, 2017, Chief Deputy David Torgerson recommended Daniel Brown be suspended for 10 hours. On July 7, 2017, Defendant SCOTT JONES "affirmed" the proposed discipline.

(n) On April 11, 2018, deputy Daniel Garcia slammed a mentally-ill inmate against the wall causing a cut to the inmate's lip at the Sacramento County Main Jail. Daniel Garcia did not provide medical attention to the inmate for the injury he caused. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation, and found that Daniel Garcia lied in his report and during his interview when he falsely stated that the inmate made a furtive or threatening movement necessitating the assault. (Sacramento County Sheriff's Department, Professional Standards Division No. 2018PSD-245.) On August 30, 2018, Captain Eric Buehler recommended Daniel Garcia be suspended for 10 hours. On September 14, 2018, Chief Deputy Jennifer Freeworth recommended Daniel Garcia be suspended for 10 hours. On November 15, 2018, Defendant SCOTT JONES "affirmed" the proposed discipline.

(o) On August 25, 2019, deputy Andrew Seidel and fellow deputies applied to a WRAP restrain device to a mentally-ill inmate at the Sacramento County Main Jail. After the inmate was taken to the ground in a prone position, Andrew Seidel used his knee to strike the inmate in the head, without justification. Andrew Seidel prepared a false report with omitted the excessive force used against the inmate. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2019PSD-0543.) On April 7, 2020, Chief Deputy Santos Ramos recommended issuance of a "letter of reprimand." On April 20, 2020, Captain Charles Meeks issued a "letter of reprimand." On April 22, 2020, Defendant SCOTT JONES "affirmed" the proposed discipline.

(p) On February 6, 2020, multiple deputies, including sergeant Brannon Polete and deputy Kyle Zimmerman, entered the private garage of Braden, grabbed him, and tackled him to the ground. The deputies made disparaging remarks to Braden, including calling him a "motherfucker." Brannon Polete instructed the man to "Say you're fucking sorry," then, when the man did so, stated,

Deleted: ____________

"You are sorry, motherfucker. I am the sergeant. You're a drunk little fuck. You are going to go to jail and you will be fucking pussy in jail." When Braden asked, "What is my crime," Brannon Polete responded, "Because you're a fucking asshole." The deputies grinned and fist-bumped with Brannon Polete after assaulting Braden, demonstrating a "celebratory" demeanor. Kyle Zimmerman attempted to cover the microphone on his belt during these interactions, in attempt to cover-up the deputies' misconduct. (Later, Kyle Zimmerman lied to investigators about his ignorance related to the belt microphones functionality.) A deputy unplugged a cord connected to a surveillance camera in the garage, in attempt to cover-up the deputies' misconduct. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the misconduct allegations. (Sacramento County Sheriff's Department, Professional Standards Division No. 2020PSD-0057.) On March 30, 2020, Captain Todd Henry recommended no discipline for some deputies, a 10-hour suspension for the deputy that unplugged the surveillance camera, termination of Kyle Zimmerman, and demotion of Brannon Polete from sergeant to deputy. On April 20, 2020, Chief Deputy Chet Madison recommended no discipline for some deputies, a 20-hour suspension for the deputy that unplugged the surveillance camera, termination of Kyle Zimmerman, and termination of Brannon Polete. On May 8, 2020, Undersheriff Erik Maness recommended the 120-hour suspension of Kyle Zimmerman; and the 160-hour suspension and demotion from sergeant to deputy of Brannon Polete (rather than termination, as previously recommended). On June 15, 2020, Defendant SCOTT JONES "concur[red]" with the proposed discipline.

(q) On March 10, 2020, deputy Spencer Wright was a "ride-along" participant with a Post-Release Community Supervision ("PRCS") joint task force. Deputies conducted a traffic stop of the vehicle driven by Brandell Sampson. Brandell Sampson was directed to exit his vehicle and to wealk backwards with his hands on his head, and he complied. Spencer Wright approached Brandell Sampson from behind and deployed a taser against him, without justification. Spencer Wright jumped and kicked Brandell Sampson in his back. Brandell Sampson fell to the ground. Spencer Wright then struck Brandell Sampson three time on his head with the butt of the taser handle. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegations. (Sacramento County Sheriff's Department, Professional Standards Division No. 2020PSD-0149.) On July 6, 2020, Captain James Barnes recommended an 80-hour suspension. On July 10, 2020, Chief Deputy Chet

Deleted: ___________

Madison recommended an 80-hour suspension. On July 30, 2020, Undersheriff Erik Maness recommended an 80-hour suspension. On August 20, 2020, Defendant SCOTT JONES "affirmed" the proposed discipline.

(r) On March 16, 2023, deputy Antero Reyes incorrectly attempted to move an inmate into the cell of another mentally-ill inmate who was assigned to total-separation ("T-Sep") housing. The inmate informed Antero Reyes about his housing status, to prevent the inmate from entering his cell and presenting a potential threat. In response, Antero Reyes threatened the inmate, including stating: "You square up on me, we're going to fight"; "Back the fuck up"; "Don't be a bitch now"; and "Don't fucking square up on me, I'll fuck you up." The inmate asked Antero Reyes if he was physically threatening him, to which Antero Reyes responded, "Yeah, let's go." Antero Reyes assaulted the inmate, including punching him in the face four times in rapid succession. Another deputy present during the incident told Antero Reyes, "Chill, chill, chill," in attempt to stop the deputy-on-inmate assault. After the incident, Antero Reyes prepared a false report attempting to justify his use of force and misrepresenting the number of punches he utilized against the inmate. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's investigation "sustained" the excessive force allegation. (Sacramento County Sheriff's Department, Professional Standards Division No. 2023PSD-0170.) On June 13, 2023, Captain Vanessa Vaden recommended Antero Reyes be suspended for 40 hours. On June 20, 2023, Chief Deputy Dan Donelli recommended Antero Reyes be suspended for 40 hours. On July 26, 2023, Sheriff Jim Cooper "affirmed" the proposed discipline.

183. Defendant SCOTT JONES has demonstrated a policy or custom of inadequately training, supervising, and disciplining his personnel. <https://d3n8a8pro7vhmx.cloudfront.net/inciteinsight/pages/9/attachments/original/1477460704/Scott_Jones_Research_Report.pdf?1477460704> (Defendant SCOTT JONES's "Research Book" detailing history of misconduct); <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/> (Defendant SCOTT JONES "logged the most jail deaths the same year he stopped telling the media about them"); <https://www.thedailybeast.com/scott-jones-mini-trump-sheriff-and-accused-sexual-harasser-behind-netflix-series-jailbirds> (Defendant SCOTT JONES's alleged involvement with sexual-harassment accusations, a Southern Poverty Law Center-monitored "hate group," and several lawsuits by

Formatted: Normal, Indent: Left: 0", First line: 1", Line spacing: Exactly 24 pt, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

Deleted: ______________

human rights groups); <https://www.sacbee.com/opinion/article238722483.html> (Defendant SCOTT JONES's lack of transparency related to complaints against his department and officers and failure to reprimand personnel for violations of policy and law); *Faison v. Jones*, U.S. District Court, Eastern District of California, Case No. 2:19-cv-00182-TLN-KJN (Defendant SCOTT JONES subject to prohibitory injunction for violating First Amendment rights of leaders of the Black Lives Matter Sacramento organization).

184. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES violated Senate Bill 1421, a state law requiring disclosure of documents about misconduct or significant force by personnel. *See* Cal. Pen. Code § 832.7. Media organizations were forced to sue Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES, in order to compel compliance with state law. <https://ktla.com/news/local-news/sacramento-l-a-times-sue-sacramento-county-sheriffs-department-over-release-of-deputy-misconduct-records/>. As a result, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT was ordered to "pay more than $100,000 in legal fees to The Sacramento Bee and the Los Angeles Times in its court fight to hold onto deputies' discipline records…" <https://amp.sacbee.com/article235968547.html>.

185. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES unreasonably delay investigation and administrative findings in officer-involved incidents of personnel, including in some cases for several years. For example, Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's backlog of investigations is greater than one and one-half years. An incident of alleged misconduct occurring on April 27, 2016, remains pending and "In Progress." <https://www.sacsheriff.com/pages/sb1421_releases.php>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's failure timely to investigate and render findings in officer-involved incidents constitutes a violation of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's own policies and procedures, renders any determination of officer culpability ineffective due to the period of time between when the incident occurred and when discipline or corrective action can be taken, and perpetuates a culture of impunity and unaccountability.

Deleted: ____________

186. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies were so obvious and likely to result in violations of rights of persons coming into contact with their subordinates.

187. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES were aware of numerous incidents of their personnel's excessive and unreasonable uses-of-force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or implementation of changes to policies or procedures.

188. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES expressly and impliedly condoned their personnel's excessive and unreasonable uses-of-force, including by turning-a-blind-eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity and "get away with anything."

189. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policies and customs, including the insufficient training, supervision, or control of their personnel, was a moving force behind and contributed to the use of unreasonable and excessive force against SHERRANO STINGLEY.

**FIRST CLAIM**

**Excessive Force**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

190. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ,

Deleted: ____________

RACHELL VILLEGAS, and BRITTANY LINDE.

Deleted: DOE 1, DOE 2, and DOE 3

191. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deleted: 174

192. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE used unreasonable and excessive force against SHERRANO STINGLEY, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

Deleted: DOE 1, DOE 2, and DOE 3

193. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction resulting in harm to SHERRANO STINGLEY, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

194. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

Deleted: DOE 1, DOE 2, and DOE 3

195. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**SECOND CLAIM**

**Denial of Medical Care**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

196. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants FREDDY MARTINEZ, RACHELL

Deleted: ___________

VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

197. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

198. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM failed to provide SHERRANO STINGLEY with reasonable medical care, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

199. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

200. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and punitive damages against Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**THIRD CLAIM**

**Rehabilitation Act**

**(29 U.S.C. § 701, *et seq.*)**

201. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

202. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

203. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY

Deleted: DOE 1 to 10

Deleted: 158

Deleted: DOE 1 to 10

Deleted: DOE 1 to 10

Deleted: DOE 1 to 10

Deleted: DOE 1 to 10

Deleted: 174

Deleted: ___________

SHERIFF'S DEPARTMENT receive federal financial assistance. SHERRANO STINGLEY had a mental impairment that substantially limited one or more major life activities, at all times material herein.

204. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonably accommodated was available, including, among other actions, by approaching SHERRANO STINGLEY in a non-confrontational manner, without displaying or threatening the use of force; by speaking to SHERRANO STINGLEY in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; by interacting with SHERRANO STINGLEY in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

Deleted: DOE 1, DOE 2, and DOE 3

205. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs which prepared officers under their command how to approach such persons; how to speak to such persons; how to interact with such persons, including using appropriate body language and tone of voice; how to respect the personal space of such persons; and/or how to deescalate, without use of force, incidents involving such persons, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

206. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and nominal damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ______________

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**FOURTH CLAIM**

**Americans with Disabilities Act**

**(42 U.S.C. § 12101, *et seq*.)**

207. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

208. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

209. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. SHERRANO STINGLEY had a mental impairment that substantially limited one or more major life activities, at all times material herein.

210. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonably accommodated was available, including, among other actions, by approaching SHERRANO STINGLEY in a non-confrontational manner, without displaying or threatening the use of force; by speaking to SHERRANO STINGLEY in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; by interacting with SHERRANO STINGLEY in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

211. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest,

Deleted: 174

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ____________

causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs which prepared officers under their command how to approach such persons; how to speak to such persons; how to interact with such persons, including using appropriate body language and tone of voice; how to respect the personal space of such persons; and/or how to deescalate, without use of force, incidents involving such persons, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

212. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and nominal damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**FIFTH CLAIM**

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

213. Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN assert this Claim against Plaintiff ESTATE OF SHERRANO STINGLEY asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

214. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

215. Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN shared a close relationship and special bond with SHERRANO STINGLEY, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of SHERRANO STINGLEY.

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: and DOE 1 to 10

Deleted: 174

Deleted: ______________

42

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

216. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM caused termination of and interference with Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN's familial relationship with SHERRANO STINGLEY, in the violation of the Fourteenth Amendment to the U.S. Constitution.

**Deleted:** and DOE 1 to 10

217. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

**Deleted:** and DOE 1 to 10

218. Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN were injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

WHEREFORE, Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN pray for relief as hereunder appears.

**<u>SIXTH CLAIM</u>**

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. I; 42 U.S.C. § 1983)**

219. Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN assert this Claim against Plaintiff ESTATE OF SHERRANO STINGLEY asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

**Deleted:** and DOE 1 to 10

220. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

**Deleted:** 174

**Deleted:** ____________

221. Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN shared a close relationship and special bond with SHERRANO STINGLEY, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of SHERRANO STINGLEY.

222. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM caused termination of and interference with Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN's familial relationship with SHERRANO STINGLEY, in the violation of the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

223. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

224. Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN were injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

WHEREFORE, Plaintiffs DYMIN STINGLEY, S.S., and ANNETTE HILBURN pray for relief as hereunder appears.

**SEVENTH CLAIM**

**Excessive Force**

**(Cal. Const. Art. I § 13)**

225. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: / / /¶
/ / /¶
/ / /¶

Deleted: ______________

Case 2:23-cv-00255-TLN-AC Document 45 Filed 01/15/24 Page 48 of 79

Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

226. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

227. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE used unreasonable and excessive force against SHERRANO STINGLEY, in violation of Article I, Section 13 of the California Constitution,

228. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction resulting in harm to SHERRANO STINGLEY, in violation of Article I, Section 13 of the California Constitution.

229. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

230. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

231. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder

Deleted: DOE 1, DOE 2, and DOE 3
Deleted: 174
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: ,
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: DOE 1, DOE 2, and DOE 3
Deleted: ______________

appears.

**EIGHTH CLAIM**

**Denial of Medical Care**

**(Cal. Const. Art. I § 13)**

232. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

233. The allegations of the preceding paragraphs 1 to 172 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

234. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM failed to provide SHERRANO STINGLEY with reasonable medical care, in violation of Article I, Section 13 of the California Constitution.

235. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

236. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

237. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: and DOE 1 to 10

Deleted: 158

Deleted: DOE 1 to 10

Deleted: the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S.

Deleted: DOE 1 to 10

Deleted: DOE 1 to 10

Deleted: DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: DOE 1 to 10

Deleted: ______________

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**NINTH CLAIM**

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

238. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: and DOE 1 to 10

239. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deleted: 174

Excessive Force

240. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE used unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Deleted: DOE 1, DOE 2, and DOE 3

241. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction resulting in harm to SHERRANO STINGLEY, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Denial of Medical Care

242. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM failed to provide SHERRANO STINGLEY with reasonable medical care, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Deleted: DOE 1 to 10

Rehabilitation Act & Americans with Disabilities Act

243. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ______________

47

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

Case 2:23-cv-00255-TLN-AC Document 45 Filed 10/15/24 Page 54 of 79

failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonably accommodated was available, including, among other actions, by approaching SHERRANO STINGLEY in a non-confrontational manner, without displaying or threatening the use of force; by speaking to SHERRANO STINGLEY in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; by interacting with SHERRANO STINGLEY in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against SHERRANO STINGLEY, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

244. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which failed reasonably to accommodate SHERRANO STINGLEY's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs which prepared officers under their command how to approach such persons; how to speak to such persons; how to interact with such persons, including using appropriate body language and tone of voice; how to respect the personal space of such persons; and/or how to deescalate, without use of force, incidents involving such persons, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

<u>Common Allegations</u>

245. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: and DOE 1 to 10

246. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS,

Deleted: ______________

BRITTANY LINDE, and BRANDON SWAIM's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

Deleted: and DOE 1 to 10

247. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**TENTH CLAIM**

**Assault / Battery**

248. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

Deleted: DOE 1, DOE 2, and DOE 3

249. The allegations of the preceding paragraphs 1 to 172 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deleted: 158

250. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE used unreasonable and excessive force against SHERRANO STINGLEY.

Deleted: DOE 1, DOE 2, and DOE 3

251. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ____________

252. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

253. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE; and punitive damages against Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**ELEVENTH CLAIM**

**Intentional Infliction of Emotional Distress**

254. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

255. The allegations of the preceding paragraphs 1 to 172 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

256. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE engaged in outrageous conduct, with intent or reckless disregard of the probability that SHERRANO STINGLEY would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, by using unreasonable and excessive force against SHERRANO STINGLEY.

257. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM engaged in outrageous conduct, with intent or reckless disregard of the probability that SHERRANO STINGLEY would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, by failing to provide SHERRANO STINGLEY with reasonable medical care.

258. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: 158

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ______________

DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: DOE 1, DOE 2, and DOE 3

259. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

Deleted: DOE 1, DOE 2, and DOE 3

260. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: DOE 1, DOE 2, and DOE 3

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

**TWELFTH CLAIM**

**Negligence**

261. Plaintiff ESTATE OF SHERRANO STINGLEY, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: and DOE 1 to 10

262. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deleted: 174

263. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE owed SHERRANO STINGLEY a duty of care and breached that duty, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against SHERRANO STINGLEY; by failing reasonably to accommodate SHERRANO STINGLEY's disability;

Deleted: DOE 1, DOE 2, and DOE 3

Deleted: ______________

and by using excessive force against SHERRANO STINGLEY.

264. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM owed SHERRANO STINGLEY a duty of care and breached that duty, including, among other actions, by failing to provide SHERRANO STINGLEY with reasonable medical care.

265. Defendant SCOTT JONES had a special relationship with Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE, and owed SHERRANO STINGLEY a duty of care and breached that duty including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to SHERRANO STINGLEY.

266. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

267. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

268. SHERRANO STINGLEY was injured as a direct and proximate result of Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling Plaintiff ESTATE OF SHERRANO STINGLEY to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

WHEREFORE, Plaintiff ESTATE OF SHERRANO STINGLEY prays for relief as hereunder appears.

\\\

\\\

**Deleted:** DOE 1 to 10

**Deleted:** DOE 1, DOE 2, and DOE 3

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** ______________

**THIRTEENTH CLAIM**

**Wrongful Death**

**(Cal. Code Civ. Proc. § 377.60)**

269. Plaintiffs DYMIN STINGLEY and S.S. assert this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

270. The allegations of the preceding paragraphs 1 to 189 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

271. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, and BRITTANY LINDE caused SHERRANO STINGLEY's death by wrongful acts and neglect, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against SHERRANO STINGLEY; by failing reasonably to accommodate SHERRANO STINGLEY's disability; and by using of excessive force against SHERRANO STINGLEY.

272. Defendants FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM caused SHERRANO STINGLEY's death by wrongful acts and neglect, including, among other actions, by failing to provide SHERRANO STINGLEY with reasonable medical care.

273. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES caused SHERRANO STINGLEY's death by wrongful acts and neglect, including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to SHERRANO STINGLEY.

274. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

275. Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

**Deleted:** and DOE 1 to 10

**Deleted:** 174

**Deleted:** DOE 1, DOE 2, and DOE 3

**Deleted:** DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** and DOE 1 to 10

**Deleted:** ______________

276. SHERRANO STINGLEY died as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM's actions and inactions, entitling Plaintiffs DYMIN STINGLEY and S.S. to receive compensatory damages and expenses against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM; and punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM.

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

Deleted: and DOE 1 to 10

WHEREFORE, Plaintiffs DYMIN STINGLEY and S.S. pray for relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN seeks Judgment as follows:

1. For an award of compensatory, general, special, and nominal damages (including survival/loss-of-life damages and wrongful death damages under federal and state law) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM, in excess of $20,000,000, according to proof at trial;

Deleted: and DOE 1 to 10

2. For an award of exemplary/punitive damages against Defendants SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

Deleted: and DOE 1 to 10

3. For funeral and/or burial expenses;

4. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL

Deleted: ______________

VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to California Civil Code section 818);

5. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; 29 U.S.C. § 794; 42 U.S.C. § 12205; California Civil Code section 52.1; California Code of Civil Procedure section 1021.5; and any other statute as may be applicable;

6. For interest; and

7. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated:

Respectfully Submitted,

By: ______________________________

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

Deleted: and DOE 1 to 10

Deleted: title

Deleted: , United States Code section

Deleted: title

Deleted: , United States Code section

Deleted: title

Deleted: , United States Code section

Deleted: / / /¶
/ / /¶
/ / /¶

Deleted: February 9, 2023

Deleted: ______________

55

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF SHERRANO STINGLEY, DYMIN STINGLEY, S.S., and ANNETTE HILBURN.

Dated:

Respectfully Submitted,

By: ______________________________

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF SHERRANO STINGLEY,
DYMIN STINGLEY, S.S.,
and ANNETTE HILBURN

Deleted: February 9, 2023

Deleted: ______________

56

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Stingley v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:23-cv-00255-TLN-AC