UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, et al., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | No. 2:23-cv-00255-TLN-AC <br><br> **ORDER** |

The Court reviewed Defendants' Response and Opposition to Plaintiffs' request for attorney's fees incurred in responding to Defendants' Request for Reconsideration of the Magistrate Judge's September 27, 2023 Order (ECF No. 32) pursuant to Federal Rule of Civil Procedure ("Rule") 72(a). (ECF No. 57.)

As set forth in the Court's May 9, 2024 Order, the Court finds Defendants' Rule 72(a) objections were meritless and the fees Plaintiffs incurred in responding to Defendants' Rule 72(a) objections are compensable under Rule 37. (ECF No. 53.) Furthermore, the Court finds Defendants' Rule 72(a) objections were not substantially justified because there was no "genuine dispute" as to any of the issues raised, and reasonable people could not differ as to the appropriateness of the objections. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

1       Finally, with regards to the amount of fees sought, the Court calculates those fees pursuant
2   to the lodestar method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir.2008).
3   Plaintiffs submitted a supplemental affidavit and billing records, showing $3,675 in attorney's
4   fees associated with responding to Defendants' Rule 72(a) objections. (ECF No. 33-1 at 3.)
5   Defendants do not object to the rates sought by Plaintiffs, or the reasonableness of the hours
6   expended. As such, this aspect of Plaintiffs' request is unopposed. *See* Local Rule 7–2(d); Local
7   Rule 54–16(d). The Court also reviewed the materials submitted and finds the attorney's fees
8   sought to be reasonable.

    Accordingly, the Court AWARDS $3,675 to Plaintiffs.

    IT IS SO ORDERED.

Date: June 11, 2024

                          Troy L. Nunley
                          United States District Judge