**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorney for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and SCOTT JONES
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMIN STINGELY, S.S., and ANNETTE HILBURN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10,<br><br>Defendants.<br>_____/ | CASE NO. 2:23-cv-00255-TLN-AC<br><br>**REQUEST TO STRIKE PLAINTIFF ESTATE OF SHERRANO STINGLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br>(*ESTATE OF TEMPLE v. COUNTY OF PLACER*)<br><br>Complaint Filed: 02/09/2023 |

Defendant COUNTY OF SACRAMENTO (hereinafter, "Defendant") hereby moves to strike Plaintiff ESTATE OF SHERRANO STINGLEY's (hereinafter, "Plaintiff") Notice of Supplemental Authority – *Estate of Temple v. County of Placer*, No. 2:23-cv-01713-DAD-CKD (E.D. Cal. Aug. 9, 2024).

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant moves to strike Plaintiff's Notice of

1   Supplemental Authority dated August 9, 2024. The supplemental authority cited by Plaintiff is not relevant
2   to this dispute.

3        Local Rule 230(m)(2) provides: "Any party may file a notice of supplemental authority to bring
4   the Court's attention to a <u>relevant</u> judicial opinion issued after the date the party's opposition or reply was
5   filed. The notice of supplemental authority may contain a citation to the new authority but may not contain
6   additional argument on the motion." (Emphasis added)

7        The supplemental authority submitted by Plaintiff is a case from United States District Court in
8   Eastern District of California. United States Supreme Court provides district court decisions are not
9   binding on other federal district court judges within that same district, and binding authority only comes
10  from that district court's Court of Appeals and the United States Supreme Court. *See Gasperini v. Ctr. for
11  Humanities, Inc.*, 518 U.S. 415, 430 n. 10 (1996) ("If there is a federal district court standard, it must come
12  from the Court of Appeals, not from the over 40 district court judges in the Southern District of New York,
13  each of whom sits alone and renders decisions not binding on the others.")

14       A non-binding district court decision, especially one that concerns a different set of facts and
15  circumstances, is not a relevant judicial opinion. Therefore, Plaintiff's Notice of Supplemental Authority
16  should be stricken as an improper attempt to bring forth a non-relevant judicial opinion.

Dated:  August 15, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  */s/ Carl L. Fessenden*
    Carl L. Fessenden
    Attorney for Defendants

**REQUEST TO PLAINTIFF ESTATE OF SHERRANO STINGLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY (*ESTATE OF TEMPLE v. COUNTY OF PLACER*)**

*Stingley v. County of Sacramento, et al.*
**U.S.D.C – Eastern District of California Court Case No.: 2:22-cv-00255-TLN-AC**

## DECLARATION OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following: **REQUEST TO PLAINTIFF ESTATE OF SHERRANO STINGLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY (ESTATE OF TEMPLE v. COUNTY OF PLACER)** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| X | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

**Attorney for Plaintiffs**
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814
mark@markmerin.com
paul@markmerin.com

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on August 15, 2024.

_____
Evelyn Orquiza

**REQUEST TO PLAINTIFF ESTATE OF SHERRANO STINGLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY (*ESTATE OF TEMPLE v. COUNTY OF PLACER*)**