UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRANO STINGLEY, DYMINSTINGLEY, S.S., and ANNETTE HILBURN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, FREDDY MARTINEZ, RACHELL VILLEGAS, BRITTANY LINDE, and BRANDON SWAIM,<br><br>Defendants. | No. 2:23-cv-0255 TLN AC<br><br>ORDER |

This matter is before the court on a motion to compel filed by plaintiffs. ECF No. 73. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 75. The motion was taken under submission. ECF No. 74. For the reasons set forth below, the motion to compel is DENIED.

**I.   Relevant Background**

Plaintiffs filed this case on February 2, 2023. ECF No. 1. The case arises from the death of Sherrano Stingley, a 48-year-old disabled Black man who struggled with mental health issues and periodically experienced mental health episodes. ECF No. 1 at 4. According to the initial

1

complaint, Mr. Stingley was experiencing mental health symptoms, including confusion and paranoia, on December 6, 2022, when he attempted to enter a vehicle and a home he mistakenly believed to belong to his daughter. Id.  Police were called and arrived around 5:45 a.m. Id. at 5. An encounter ensued which led to Mr. Stingley being restrained on the ground, with pressure applied to his back and neck by officers. Id. at 10. Mr. Stingley became unconscious and stopped breathing. Id. at 10-11. When officers could not awaken Mr. Stingley, they called the fire department and waited for them to arrive on scene. Id. at 12. Mr. Stingley died on December 16, 2022, because of his injuries. Id. at 13.

Discovery in this case has been proceeding for years, with the undersigned first addressing a discovery dispute in this case on September 27, 2023. ECF No. 31.  In 2024, plaintiffs sought leave to amend the Complaint to: (1) redesignate the previously unknown "Doe" Defendants by their true and correct identities; and (2) add allegations "relating to municipal and supervisory liability, including incidents of misconduct by the newly-identified officers and other Sacramento County Sheriff's Department personnel where inadequate discipline was imposed, if any." ECF No. 34-1 at 2. On Mrach 11, 2024, District Judge Troy L. Nunley granted plaintiffs' motion to file an amended complaint. ECF Nos. 34, 36.  The redacted First Amended Complaint is located at ECF No. 64 (initially filed at ECF No. 47).

The motion to compel was filed on November 5, 2025. ECF No. 73.  The Joint Statement was filed on November 21, 2025. ECF No. 75.  Plaintiffs acknowledge that discovery in this case closed December 4, 2025.  ECF No. 75 at 2.

II.     **Motion to Compel**

Plaintiffs contend that on October 7, 2025, in the waning days of discovery, defense counsel sent an email stating "Please see the link below.  This was inadvertently left out of the prior production." ECF No. 75 at 2.  A review of the documents revealed the production contained "critical evidence consisting of the Sacramento County Sherrif's Department's 325-page investigation binder of the officer-involved shooting death of Sherrano Stingley." Id.  The binder ("IA binder") contained references to undisclosed documents and discovery, including audio recordings created on December 8, 2022. Id.  When counsel reviewed defendants' earlier

2

1  produced discovery with a critical eye, he "discovered hundreds of pages of discovery" that
2  counsel contends defendants have not produced.  Id.  Plaintiffs do not seek to extend the
3  discovery deadline.  Id. at 3.  Instead, they seek "assurance that all outstanding discovery has
4  been produced."  Id.

5  Defendants, on the other hand, assert that there is nothing to compel, and that they offered
6  – before plaintiffs' motion was ever filed – to provide a statement that all discovery has been
7  produced.  Defendants state that the email referring to the production of the IA binder as
8  "inadvertently left out of the prior production" was sent in error, and in fact the IA binder was
9  initially withheld based on Investigatory and Official Information Privileges while the
10 investigation was pending, and the investigation did not officially close until early 2025.  ECF
11 No. 75 at 3-4.  Defendants contend that "defense counsel provided Plaintiffs' counsel with a table
12 prepared by defense counsel that identified the documents in the IA binder, and detailed which
13 documents were previously produced in discovery versus those that were withheld as part of the
14 investigatory file" to clarify which documents were newly produced.  Id. at 4.  Defendants have
15 again agreed to provide a statement of diligence.  Id. at 17.

### III.  Analysis

17 In general, parties are entitled to discovery regarding any nonprivileged information that is
18 relevant to any claim or defense in their case.  Fed. R. Civ. P. 26(b)(1).  When a party believes the
19 responses to their discovery requests are incomplete, or contain unfounded objections, they may
20 move the court for an order compelling disclosure.  Fed. R. Civ. P. 37.  "The party seeking to
21 compel discovery has the burden of establishing that its request satisfies the relevancy
22 requirements of Rule 26(b)(1).  If the moving party meets their burden, the party opposing
23 discovery has the burden of showing the discovery should be prohibited, and the burden of
24 clarifying, explaining or supporting its objections."  Owen v. Hyundai Motor Am., 344 F.R.D.
25 531, 535 (E.D. Cal. 2023)

26 Here, plaintiffs take significant issue with the fact that the IA binder was not produced
27 until late in discovery, but there is no question that the binder has now been produced, and
28 consequently, there is nothing to compel with respect to the IA binder.  ECF No. 75 at 10-13.

Plaintiff identified reports that were missing from production (bates range DEF 02764 – DEF 03567), which defendants contend they promised to produce before the instant motion was filed and have, in fact, now produced. Id. at 16. Plaintiffs identified omitted pages previously (bates stamped DEF 05454 – DEF 05612) and defendants state they have also produced these documents. Id. Plaintiff identifies two 'missing' pages from documents; defendants state they provided a privilege log on 11/7/25 explaining that identified document DEF 05613 is work product. Id. Additionally, defendants contend DEF 06216 does not exist due to an apparent numbering error in the bates stamping process. Id. Plaintiffs identified three recordings of transcripts produced in the IA binder that have not been produced, and defendants have responded that they have directed the Sherriff's Office to search for and produce those recordings. Id. at 17. Finally, plaintiffs point to a missing "report 19-416979," a 2019 incident report, which defendants state was produced with other prone restraint incidents in May 2025. Id.

It is apparent from the joint statement that there is nothing remaining for this court to compel. Ordinarily, in situations where one party contends it has made a complete production and the opposing party is skeptical of the truth of that statement, the court would order the producing party to submit a declaration of completeness. Defense counsel has already agreed, without court intervention and before plaintiff's motion was filed, to provide such a statement. Id. There is nothing to compel, and accordingly the motion is denied. Plaintiffs' included requests for sanctions and attorneys' fees are accordingly likewise denied.

## IV. Conclusion

Plaintiffs' motion to compel (ECF No. 73) is DENIED in its entirety.

IT IS SO ORDERED.

DATED: December 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE