Case 2:23-cv-00255-TLN-AC   Document 83   Filed 03/11/26   Page 1 of 5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF SHERRANO STINGLEY, et al.,

Plaintiffs,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:23-cv-00255-TLN-AC

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Approval of Minor's Compromise.  (ECF No. 80.)  The motion is unopposed.  For the reasons set forth below, the motion is GRANTED.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from the officer-involved death of Sherrano Stingley.  (ECF No. 80-1 at 8.)  Mr. Stingley's estate, mother, and children filed suit against Defendants County of Sacramento, Sacramento County Sheriff's Department, Sheriff Scott Jones, and deputies Freddy Martinez, Rachell Villegas, Brittany Linde, and Brandon Swaim (collectively, "Defendants").  (ECF No. 47 at 3–4.)  Plaintiffs allege, on December 6, 2022, Sheriff's deputies fatally injured Mr. Stingley, rendering him comatose and brain dead, which ultimately led to his death ten days

1

later.  (*Id.* at 5–16.)  Plaintiffs' claims include: (1) Excessive Force (U.S. Const. Amend. IV; 42 U.S.C. § 1983); (2) Denial of Medical Care (U.S. Const. Amend. IV; 42 U.S.C. § 1983); (3) § 504 of the Rehabilitation Act (29 U.S.C. § 701, *et seq*.); (4) Title II of the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq*.); (5) Unwarranted Interference with Familial Association (U.S. Const. Amend. XIV; 42 U.S.C. § 1983); (6) Unwarranted Interference with Familial Association (U.S. Const. Amend. I; 42 U.S.C. § 1983); (7) Excessive Force (Cal. Const. Art. I § 13); (8) Denial of Medical Care (Cal. Const. Art. I § 13); (9) Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1); (10) Assault / Battery; (11) Intentional Infliction of Emotional Distress; (12) Negligence; and (13) Wrongful Death (Cal. Code Civ. Proc. § 377.60).  (*Id.* at 37–54.)

Plaintiff S.S. is Mr. Stingley's biological son.  (*Id.* at 3.)  He was 9 years old when his father died and he is currently 12 years old.  (ECF No. 80-1 at 7.)  S.S. asserts eleven claims in this action as a survivor on behalf of the decedent and as an heir on behalf of himself.[1]  (*Id.* at 8; *see also* ECF No. 1-2 (declaration filed pursuant to Cal. Civ. Proc. Code § 377.32).)  On February 10, 2023, this Court appointed a guardian *ad litem* for S.S. in this action.  (ECF No. 5.)

The parties reached an agreement to settle this action at a mediation before a retired magistrate judge on January 7, 2026.  (ECF No. 80-1 at 6.)  In relevant part, the settlement provides S.S. would receive a gross settlement of $187,500 and a net settlement of $135,884.67, after attorneys' fees and costs.  (*Id.* at 6–7.)  S.S.'s settlement funds will be used to purchase a structured annuity to be paid as a lump sum when he turns 18 years old.  (*Id.* at 8.)  The estimated annuity pay-out is $172,660.76.  (ECF No. 80-2 at 5.)

S.S. has been represented for the duration of this litigation by the Law Office of Mark E. Merin.  (ECF No. 80-1 at 9.)  Counsel seeks to recover attorneys' fees and costs according to the retainer agreement.  (*Id.*)  Specifically, counsel seeks a contingency fee of 25% of S.S.'s total portion of the settlement ($46,875 in attorneys' fees) and reimbursement of one-third of the costs expended in litigation ($4,740.33).[2]  (ECF No. 80-1 at 9–10.)

---

[1]   S.S. asserts each of the claims listed above except claims under the California Constitution (Excessive Force and Denial of Medical Care), which the Estate asserts.

[2]   Litigation costs are proposed to be divided equally among the three individual plaintiffs.

2

On January 29, 2026, the parties filed a notice of contingent settlement resolving all claims in the action (ECF No. 79) and the instant unopposed motion for approval of minor's compromise (ECF No. 80).

## II.    STANDARD OF LAW

Courts have a special duty to safeguard the interests of minors in litigation. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). For settlements involving minors, a court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court's review should be limited to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182. This evaluation must be made independently for each minor "without regard to the proportion of the total settlement value." *Id.*

The process for approving minor's settlements in the Eastern District is further governed by Local Rule 202, which requires certain disclosures in a motion for approval of minor's settlement. *See* E.D. Cal. L.R. 202.

## III.    ANALYSIS

The Court finds the settlement distribution for S.S. under the terms of the agreement to be fair and reasonable and in the best interests of the minor. S.S. will receive a net settlement of $135,884.67, which is reasonable when compared to other recoveries by minors in similar cases concerning an officer-involved death of a parent. *See*, *e.g.*, *Estate of Alvarado v. Tackett,* No. 13-CV-1202, 2019 WL 4573714, at *5 (S.D. Cal. Sept. 20, 2019) ($55,000); *A.G.A. v. County of Riverside*, No. 19-CV-00077, 2019 WL 2871160, at *5 (C.D. Cal. Apr. 26, 2019) ($18,653.44); *Napier v. San Diego Cnty.*, No. 3:15-CV-00581, 2017 WL 5759803, at *4 (S.D. Cal. Nov. 28, 2017) ($41,125); *Armstrong v. Dossey*, No. 1:11-CV-01632-SKO, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) ($22,500); *Doe ex rel. Scott v. Gill*, No. C 11-4759 CW, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) ($7,188.85); *Swayzer v. City of San Jose*, No. 10-CV-03119, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) ($2,054.17). Additionally, the settlement is fair and

3

reasonable in light of the current posture of the case and the risks and costs of continued litigation. (*See* ECF No. 80-1 at 9 (noting liability is contested and S.S.'s potential recovery could be limited because decedent did not financially support him).)

Moreover, the proposed deduction of attorneys' fees and costs from S.S.'s recovery are fair and reasonable. Attorneys' fees at a contingency rate of 25% for minors is generally accepted and typical in California. *See McCue v. S. Fork Union Sch. Dist.*, No. 1:10-CV-00233, 2012 WL 2995666, at *2 (E.D. Cal. July 23, 2012) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney fees in contingency cases for minors, subject to a showing of good cause to exceed that rate."). Plaintiffs' counsel seeks the generally accepted rate. The Court has also reviewed Plaintiffs' counsel's bill of costs (ECF No. 80-2 at 9) and finds the costs over three years of litigation and S.S.'s proposed share of the costs (33%) to be fair and reasonable (ECF No. 80-1 at 9–10).

Finally, the method of disbursement is in S.S.'s best interest. Annuities are permissible under California law and routinely approved for disbursement of minors' settlement funds. *See* Cal. Prob. Code § 3602(c)(1). Here, the net settlement proceeds will be used to purchase a structured annuity that will be paid to S.S. when he reaches the age of majority, at an estimated payout of $172,660.76 after annuitization. (ECF No. 80-1 at 8).

In sum, S.S.'s net settlement amount and the method of distribution are fair and reasonable and in S.S.'s best interests considering the asserted claims and comparable cases.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Approval of Minor's Compromise (ECF No. 80) is GRANTED. Pursuant to the terms of the parties' settlement agreement, Defendants shall pay $187,500 to resolve S.S.'s claims with payments made as follows:

1. $135,884.67 payable to MetLife Assignment Company, Inc. to fund S.S.'s annuity; and

2. $51,615.33 payable to the Law Office of Mark E. Merin for S.S.'s attorneys' fees and costs.

Within 21 days of this Order, the parties shall file dispositional documents in accordance with Local Rule 160.

//

4

IT IS SO ORDERED.

Date: March 10, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE